THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WAVE 3 LEARNING, INC., a Nevada corporation, | |
| Plaintiff, | |
| v. | No. 16-cv-5643 |
| AVKO EDUCATIONAL RESEARCH FOUNDATION, INC., a Michigan corporation, | Emergency Judge James B. Zagel |
| Defendant. | |

**EMERGENCY MOTION FOR ENTRY OF RULE TO SHOW CAUSE
WHY DEFENDANT SHOULD NOT BE HELD IN CONTEMPT OF COURT**

Plaintiff, WAVE 3 LEARNING, INC. (hereinafter "Wave 3"), by and through its attorneys, and pursuant to Fed. R. Civ. Pro. 70 and Northern District of Illinois Local Rules 37.1 and 77.2, hereby moves that this Court find Defendant AVKO EDUCATIONAL RESEARCH FOUNDATION, INC. ("AVKO") in civil contempt of court based on their failure to comply with the Temporary Restraining Order ("TRO") entered by this Court on July 21, 2016. In support, Plaintiff states as follows:

**I.    RULE TO SHOW CAUSE.**

In *Oxford Capital Ill., LLC v. Sterling Payroll Fin.*, LLC, No. 01 C 1173, 2001 U.S. Dist. LEXIS 19246 (N.D. Ill. Nov. 26, 2001) the Court held:

> A court's civil contempt power rests in its inherent limited authority to enforce compliance with court orders and ensure that judicial proceedings are conducted in an orderly manner. *Jones v. Lincoln Electric Co.,* 188 F.3d 709, 737 (7th Cir. 1999). A court may impose sanctions for civil contempt in order to coerce compliance with a court order or to compensate a complainant for her loss as a result of the contemptor's non-compliance. *Grove Fresh Distrib., Inc. v. John LaBatt Ltd.*, 888 F. Supp. 1427, 1435 (N.D. Ill. 1995), aff'd., 134 F.3d 374 (7th

Cir. 1998). Where compensation is intended, a fine may be imposed payable to the complainant. *Connolly v. J.T. Ventures*, 851 F.2d 930, 932 (7th Cir. 1988). Courts have broad discretion in choosing the means to grant such relief, and compensation may include an award of attorney's fees and costs for preparing and prosecuting a contempt petition. *Grove Fresh*, 888 F. Supp. at 1436. Where the court seeks to remedy ongoing disobedience with an order, a civil fine may be imposed as a coercive sanction against the contemptor that can be purged through full, timely compliance with the order. *International Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 829-30, 129 L. Ed. 2d 642, 114 S. Ct. 2552 (1994). In order to support a finding of civil contempt, "the district court must be able to point to a decree from the court which set[s] forth in specific detail an unequivocal command which the party in contempt violated." *Jones*, 188 F.3d at 738; see also *United States v. Dowell*, 257 F.3d 694 (7th Cir. 2001). Unlike criminal contempt proceedings which require a jury trial and contemplate punitive sanctions, a court is authorized to impose civil contempt sanctions upon the court's own finding that a party has violated the court's unequivocal command by clear and convincing evidence. *Dowell*, 257 F.3d at 699.

## II.     THE TEMPORARY RESTRAINING ORDER

On July 21, 2016, this Court entered a Temporary Restraining Order ("TRO") specifically enjoining and restraining Defendant AVKO and all those in active concert or participation with same from, among other things:

- Selling to non-individuals Sequential Spelling Levels 1-7 material and all derivatives thereof in contravention of Wave 3's Learning, Inc.'s exclusive license to such material;

- Licensing others persons or entities to sell to all persons and entities, and continuing to license other persons or entities to sell to all persons and entities, Sequential Spelling Levels 1-7 material and all derivatives thereof in contravention of Wave 3's Learning, Inc.'s exclusive license to such material; and

- Misrepresenting to third parties its rights and Wave 3 learning, Inc.'s rights to Sequential Spelling Levels 1-7 material and all derivatives thereof in contravention of Wave 3's Learning, Inc.'s exclusive license to such material.

Counsel for Wave 3 sent AVKI (via an email to Mr. Don McCabe) the TRO on Thursday, June 21, 2016.

**III. AVKO'S VIOLATION OF THE TRO**

On July 22, 2016, Don McCabe, still holding himself out as President of AVKO, sent Wave 3 President Thomas Morrow an email stating that AVKO was hereby terminating its license to Wave 3 (in direct violation of the Settlement Agreement) and representing that AVKO would on August 4, 2016, "re-license to JJH Publishing" the "classic version of Sequential Spelling 1-7" in direct violation of the plain words of the Settlement Agreement. Mr. McCabe cc'd Joe Hipps, President of JJH Publishing, on this email.

In this email, therefore, Mr. McCabe—holding himself out as President of AVKO—misrepresented to a third party (Joe Hipps/JJH Publishing) that AVKO has the power under the Settlement Agreement to unilaterally terminate (and did terminate) Wave 3's exclusive license. Mr. McCabe also misrepresented to a third party (Joe Hipps/JJH Publishing) that after August 4, 2016, AVKO would have the power to negotiate a "re-license" of the "classic version of Sequential Spelling 1-7" to JJH Publishing. Under the Settlement Agreement, AVKO does not have the power to license the "classic version of Sequential Spelling 1-7" to JJH Publishing or any other person or entity. AVKO, through Mr. McCabe, continues to mispresent the terms of the Settlement Agreement in direct violation of the TRO entered on July 21, 2016.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter the following relief in favor of WAVE 3 LEARNING, INC. and against AVKO EDUCATION RESEARCH FOUNDATION, INC.:

(1) Hold Defendant AVKO in civil contempt for violating the Court's July1st Order;

(2) Direct AVKO generally and Mr. Don McCabe specifically to comply with the Court's July 21st Order;

3

(3) Fine AVKO for each day that it fails to comply with the Court's July 21st Order, in a sum not to exceed $10,000 a day;

(4) Award Wave 3 its attorney's fees and costs incurred in making this motion; and

(5) Grant any and all other relief deemed justified by the Court.

          Respectfully Submitted,

          /s/ Daliah Saper
          Daliah Saper
          Saper Law Offices, LLC
          505 N. LaSalle, Suite 350
          Chicago, IL 60654
          Office: 312.527.4100
          ds@saperlaw.com

          *Attorneys for Plaintiff*