**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| WAVE 3 LEARNING, INC., a Nevada corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 16-cv-5643 |
| AVKO EDUCATIONAL RESEARCH FOUNDATION, INC., a Michigan corporation, | ) ) ) | Judge James B. Zagel |
| Defendant. | ) ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

Plaintiff, WAVE 3 LEARNING, INC. ("Plaintiff" or "Wave 3"), by and through its undersigned counsel, and Pursuant to Federal Rule of Civil Procedure 15(a)(2), as well as the well-established rule that courts freely give leave to amend a complaint when justice so requires, hereby moves this Court for leave to file an Amended Complaint. In support thereof, Plaintiff states as follows:

1. Plaintiff seeks leave to amend its Complaint to add new causes of action and to add Mr. Donald J. McCabe in his individual capacity as a Defendant.

2. The First Amended Complaint will address new issues discovered in light of AVKO Educational Research Foundation, Inc.'s actions and disclosures, as well as Mr. Donald McCabe's actions and disclosures, since the filing of the Complaint.

3. This motion is not brought in bad faith or with a dilatory motion and will not cause unreasonable harm or delay to the Defendants.

WHEREFOR, Plaintiff prays that this Honorable Court grants its Motion For Leave to File a First Amended Complaint.

Dated: September 9, 2016

Respectfully submitted,

/s/ Daliah Saper
Daliah Saper
Saper Law Offices, LLC
505 N. LaSalle, Suite 350
Chicago, Illinois 60654
Attorney No. 6283932
(312) 527-4100
ds@saperlaw.com

Matt Grothouse
Saper Law Offices, LLC
505 N. LaSalle, Suite 350
Chicago, Illinois 60654
Attorney No. 6314834
(312) 527-4100
matt@saperlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 9, 2016 the foregoing

## **PLAINITFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

was filed with the Clerk of Court using the CM/ECF system. Additionally, Plaintiff sent the foregoing Motion to Mr. Donald J. McCabe via electronic mail.

<u>/s/ Daliah Saper</u>
Daliah Saper
Saper Law Offices, LLC
505 N. LaSalle, Suite 350
Chicago, Illinois 60654
ds@saperlaw.com
(312) 527-4100

*Attorneys for Defendant.*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WAVE 3 LEARNING, INC., a Nevada corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 16-cv-5643 |
| AVKO EDUCATIONAL RESEARCH FOUNDATION, INC., a Michigan corporation, and Don McCabe, an individual, | ) ) ) ) | Judge James B. Zagel |
| Defendants. | ) ) | |

## FIRST AMENDED COMPLAINT

Plaintiff, WAVE 3 LEARNING, INC. ("Plaintiff" or "Wave 3"), by and through its undersigned counsel, hereby brings this Complaint against Defendants AVKO EDUCATIONAL RESEARCH FOUNDATION, INC. ("AVKO") and DONALD J. MCCABE ("McCabe"). In support thereof, Plaintiff states as follows:

### NATURE OF THE ACTION

1.      This is an action for breach of contract, breach of an implied covenant of good faith and fair dealing, unjust enrichment, tortious interference with a business expectancy, common law unfair competition, deceptive trade practices, fraud, and punitive damages.

### JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 (diversity jurisdiction), as this action involves a dispute between a Nevada corporation with a principal place of business in Illinois, and a Michigan corporation with a principal place of business in Michigan—for an amount exceeding $75,000 exclusive of interests and costs.

1

3.      Venue and personal jurisdiction is proper in the Northern District of Illinois under 28 U.S.C.  1391 (b) and (c) since, *inter alia*, a substantial part of the events or omissions giving rise to the claims occurred in this district, the settlement agreement at issue was negotiated and executed in this district, the settlement agreement provides that this district shall have exclusive jurisdiction over any legal action or proceeding arising out of or relating to it, and Plaintiff is headquartered and primarily does business in this district.

## PARTIES

4.      Plaintiff Wave 3 Learning, Inc. is a Nevada corporation with its principal place of business located at 126 E. Wing St., Suite 240, Arlington Heights, Illinois 60004.

5.      Defendant AVKO Educational Research Foundation, Inc. is a Michigan corporation with its principal place of business located at 3084 Willard Road, Birch Run, Michigan 48415.

6.      Defendant Donald J. McCabe is an individual residing at 3084 Willard Road, Birch Run, Michigan 48415.

## BACKGROUND

7.      After five years of litigation in four different courts, AVKO Educational Learning Foundation, Inc. ("AVKO") and Wave 3 Learning, Inc. ("Wave 3") came to a mutually-beneficial resolution to their long-standing dispute in the form of a signed settlement agreement executed on February 24, 2016 ("the Settlement Agreement").  *See* Exhibit A.

8.      In exchange for Wave 3's dismissal of its lawsuit against AVKO, Wave 3's release of all claims against AVKO, four payments of $25,000 over four years, and a 6% royalty on all future Sequential Spelling-related sales (with Wave 3 required to meet certain annual revenue benchmarks), AVKO agreed to dismiss its lawsuit against Wave 3, release Wave 3 from all claims, grant to Wave 3 an exclusive license to Sequential Spelling Levels 1-7 and their

2

derivatives in the U.S., grant a non-exclusive license to such material worldwide, and allow Wave 3 to maintain and continue to use <sequentialspelling.com> and the "Sequential Spelling" trademark. *See* Exhibit A.

9. After signing the Settlement Agreement, Wave 3 worked in good faith and with great effort to fulfill the terms of the Settlement Agreement. However, and to Wave 3's great injury and irreparable harm, AVKO (specifically, Mr. Don McCabe) consistently acted in bad faith to undermine and undo the Settlement Agreement. Ultimately, AVKO's and Mr. McCabe's bad faith escalated into damaging breaches of that agreement, including egregious violations of Wave 3's exclusive license and far-reaching injuries to Wave 3's reputation and standing in the marketplace.

**Mr. McCabe's Bad-Faith Attempts to Undo the Settlement Agreement**

10. After a lengthy, all-day settlement conference mediated by Magistrate Judge Sheila Finnegan, Wave 3 and AVKO entered into the Settlement Agreement on February 24, 2016. Since that date, AVKO (by and through its President, Mr. Don McCabe) attempted in bad faith to undo the Settlement Agreement on at least <u>seven</u> separate occasions. In several of those occasions, Mr. McCabe tried to use AVKO's approval authority (as set forth in the Settlement Agreement) in bad faith to force Wave 3 to change the Settlement Agreement in AVKO's favor.

11. First, in a March 8th email to Wave 3, Mr. McCabe—after unreasonably denying its approval of Wave 3's revised versions of Sequential Spelling Level 1 and Sequential Spelling Level 2—stated:

> Now if you really think Wave 3's version is better than AVKO's, perhaps there might be a solution.
>
> If, in the agreement we made, you accept a small change from "exclusive" to non-exclusive, you could publish with new ISBN numbers the WAVE 3 Sequential Spelling Series which would then allow AVKO to license others such as Inquisicorp to reproduce and distribute the classic AVKO Sequential Spelling.

3

This shouldn't be of any great concern to you. After all Inquisicorp has made it abundantly clear that they do not like your version and will not sell it.

And, certainly with your knowledge of the market, you should be able to easily outsell Inquisicorp with your new and improved version. After all, Inquisicorp does not compete with Wave 3 for customers like Rainbow, Timberdoodle, and Christian Book Store. It sells only to its existing customers. *See* Exhibit B, Pages 3-4.

12.     Through the March 8th email, Mr. McCabe attempted to force Wave 3 to agree to a nonexclusive license to the Sequential Spelling material so AVKO could continue selling such material to Inquisicorp. Inc. ("Inquisicorp") and other distributors. This "small change" is actually a material dismantling of the Settlement Agreement—one that significantly harms Wave 3 and significantly benefits AVKO.

13.     Second, in a March 9th email and attachment, Mr. McCabe stated that Wave 3's materials were "totally unacceptable" but again offered "a possible solution." *See* Exhibit B, Pages 4-5. In an attachment to his email, Mr. McCabe argued that AVKO did not have the legal authority to grant exclusive rights and thus it could not "cede, sell, or transfer that which is not wholly its to give." *See* Exhibit B, pages 5-6.

14.     After arguing in his attached letter that the Settlement Agreement is effectively "null and void," Mr. McCabe insisted that the parties are left "with a simple choice . . . [c]hange the term to non-exclusive and re-negotiate the terms for derivatives or resume the court battle with motions from both sides running up our legal bills." *See* Exhibit B. If such a change were negotiated, Mr. McCabe represented, "AVKO's Board of Directors could be persuaded to allow Wave 3 to produce and distribute derivatives (your teacher editions and student workbooks)" and would "permit Wave 3 to copyright the student workbook derivatives" as long as Wave 3 "made clear that AVKO has only given permission and not its blessing and that AVKO has the copyrights to the teacher edition." *See* Exhibit B, Pages 5-6.

4

15.     Relying on his own legal theory (a theory he did not run by AVKO's lawyers and one AVKO's lawyers could not ethically endorse), Mr. McCabe in the above email again tried to force Wave 3 to change the Settlement Agreement so that AVKO could have the right to sell Sequential Spelling Levels 1-7 to Inquisicorp and other distributors.

16.     These early March emails show that Mr. McCabe knew and understood that the Settlement Agreement grants to Wave 3 an exclusive license to Sequential Spelling Levels 1-7 and their derivatives.  This grant includes AVKO's "classic" editions of the Teacher's Guides and Student Workbooks, as well as Wave 3's approved revised versions and all future approved derivative works.  Indeed, Mr. McCabe's original aim in trying to renegotiate the Settlement Agreement was, in Mr. McCabe's own words, to "allow AVKO to license others such as Inquisicorp to reproduce and distribute the classic AVKO Sequential Spelling."  *See* Exhibit B, Page 4.

17.     Third, in a March 12th email, Mr. McCabe warned Wave 3 that "AVKO will NOT approve of your student workbooks" because they are "derivatives of Sequential Spelling and the AVKO Student Response Book and Engaging Language Kits" which requires "written authorization from AVKO to avoid any possibility of a new lawsuit."  Mr. McCabe immediately then entices: "This permission would almost be certainly be granted, if you would simply agree to the slightest of changes in the agreement, that is, non-exclusive."  *See* Exhibit B, Pages 6-7.  Again, Mr. McCabe unreasonably denied approval in order to force Wave 3 to revise the Settlement Agreement in AVKO's favor.

18.     Fourth, in a March 16th email, Mr. McCabe claimed that "as the settlement agreement was written you are now in default as you have not paid the amount of the settlement agreement within the allotted time."  *See* Exhibit B, Page 7.  This was false, as the first payment

was due on (and was paid by) June 1, 2016, per the terms of the Settlement Agreement.  *See* Exhibit A.  Indeed, Mr. McCabe hurled this baseless claim at Wave 3 in order to sell his next pitch—that "AVKO is open to re–negotiation."

19.    Mr. McCabe's "in default" email mirrored his previous emails in that it was sent to force Wave 3 to renegotiate the Settlement Agreement.  Unsurprisingly, Mr. McCabe conjured up this theory and sent this email without (and likely against) the advice of AVKO's attorneys.

20.    Fifth, in a March 18th email, Mr. McCabe reiterated his "in default" argument and the fact that AVKO is "open to re–negotiation."  *See* Exhibit B, Page 8.

21.    Sixth, in an April 30th email, Mr. McCabe incorrectly stated that "[y]ou do not own nor have a license to claim the copyrights to Sequential Spelling," and that to be valid and in effect, [a]ll licenses require payment--not just a promise of a payment."  *See* Exhibit B, Page 14.  This was false: Wave 3's license went into effect upon execution of the Settlement Agreement on February 24, 2016.  *See* Exhibit A.

22.    In the same April 30th email, Mr. McCabe also frivolously accused Mr. Thomas Morrow (President of Wave 3) of breaching the Settlement Agreement's non-disclosure clause for telling distributors that Wave 3 owns an exclusive license to certain Sequential Spelling works (which Wave 3 must do in order to let them know he has the right and authority to sell the material).  Mr. McCabe then warned Mr. Morrow to "cease this activity" or it would "act accordingly."  *See* Exhibit B, Page 15.  Mr. McCabe again conjured up this theory and sent this email without (and likely against) the advice of AVKO's attorneys.

23.    Seventh, in a May 12th email, after again frivolously and incorrectly accusing Wave 3 of breaching the Settlement Agreement, Mr. McCabe told Mr. Morrow that it is "time for just the two of us to have a sit down conference with Judge Finnegan so our lawyers won't

6

get another 30 or 40 thousand dollars." *See* Exhibit B, Page 16-17. Mr. McCabe then drafted a new, "replacement" settlement agreement that, most tellingly, is similar to the Settlement Agreement in most respects but doubled the amount Wave 3 must pay AVKO.

24. The central theme of Mr. McCabe's conduct and communications was clear: Mr. McCabe wished to undo the Settlement Agreement and renegotiate a new one. As a result, AVKO and Mr. McCabe entirely undermined the Settlement Agreement to Wave 3's financial injury and irreparable harm.

## Undermining the Approval Process

25. When discussing the approval process during settlement negotiations, the Parties understood and agreed that the point and purpose of AVKO's approval authority was to ensure the general quality of the new Wave 3 material (no spelling errors, grammar errors, formatting errors, or functionality issues like the ones that AVKO complained about regarding the Wave 3 iPad app) and that Wave 3's materials would maintain the general pedagogical spirit and effectiveness of the Sequential Spelling program (i.e., the Wave 3 material would not become an entirely different and ineffective spelling program).

26. The Settlement Agreement grants AVKO approval authority but explicitly provides that such approval or authorization "shall not be unreasonably withheld." *See* Exhibit A. Mr. McCabe well understood this, as he all but admitted that this was the approval standard in his March 9th email to Mr. Morrow, wherein Mr. McCabe represents that were Wave 3 to agree to a nonexclusive license, AVKO would follow the Settlement Agreement's original intended standard of approval. *See* Exhibit B, Page 6 (stating that if Wave 3 agreed to a nonexclusive license, AVKO would maintain the right to "disapprove of misspelled words, vulgar words, 6 pt type face, improper pagination, punctuation, grammar, untrue statements, etc.").

7

27.     A few days after the execution of the Settlement Agreement, Wave 3 began submitting its revised materials to Mr. McCabe/AVKO.    Instead of following the correct standard of approval, however, Mr. McCabe decided to reject every change in Wave 3's revised versions from the use of a table of contents, to the inclusion of an answer key, to deletion of the outdated and offensive word "negro."

28.     The bad-faith intent behind Mr. McCabe's disapproval is evident throughout Mr. McCabe's March emails: Mr. McCabe was misusing the approval process in an attempt to force Wave 3 to agree to a nonexclusive license.  *See* Exhibit B.

29.     Fortunately, during settlement negotiations, the Parties anticipated complications arising from an approval process that required Mr. McCabe and Mr. Morrow to work together. The Parties therefore wrote into the Settlement Agreement an appeal mechanism involving a third party.  *See* Exhibit A.

30.     As provided in the Settlement Agreement, if the "Parties cannot agree as to the reasonableness of the withheld authorization, then the question will be submitted to Paul Holz. If Paul Holz does not issue a decision on approval within two weeks, the Parties shall submit three names of persons to decide the approval question.  If one of those names overlaps, that person shall decide the reasonableness of the approval."  *See* Exhibit A.

31.     Due to Mr. McCabe's abuse of the approval process, the Parties were forced to turn to the appeal mechanism.  Eventually, the Parties agreed to allow a third party, Mr. Jerry Bailey (President of Dynamic Literacy holding a Master's Degrees in Education), to review the materials and determine the reasonable or unreasonable nature of Mr. McCabe's denial of approval.

32. Just before Mr. Morrow sent to Mr. Bailey Wave 3's revised versions and AVKO's listed reasons for disapproval, however, Mr. McCabe sent an email on April 1, 2016 to Mr. Bailey (with Mr. Morrow cc'd) listing out six specific problems that Mr. McCabe/AVKO had with Wave 3's revised versions. *See* Exhibit C. Mr. McCabe then represented that "[t]he changes to all the other 13 Wave 3 books that you will be asked to judge separately fall into the same categories" and so Mr. Bailey's decision as to the reasonableness of the six specific objections would obviate the need for him to review the remaining revised works. *See* Exhibit C.

33. In an email dated April 4, 2016, Wave 3 accepted Mr. McCabe's representation that these six objections were AVKO's reasons for disapproving Wave 3's works and that if such objections were resolved, all seven levels of Wave 3's revised works would be approved. *See* Exhibit D. Although Wave 3 believed that several of Mr. McCabe's listed objections were unreasonable and unrelated to the general quality of the work or the pedagogical effectiveness of the material, Wave 3 in good faith agreed to reasonably accommodate Mr. McCabe's objections in order to move the approval process along (at that point, two months had already elapsed since the date of the Settlement Agreement).

34. Wave 3 sent Mr. Bailey its proposed reasonable solutions to Mr. McCabe's six objections in its April 4th email. *See* Exhibit D. On April 15, 2016, Mr. Bailey approved of Wave 3's solutions. *See* Exhibit E.

35. In the days and weeks that followed Mr. Bailey's, Mr. McCabe sent emails to Wave 3 reminding it to submit its Bailey-approved revised editions to AVKO so AVKO could ensure that Wave 3 complied with Mr. Bailey's ruling. *See* Exhibit B, Page 11 ("I know you

said you would make some of the changes that Mr. Bailey said were reasonable and necessary to get our approval. But saying and doing are not the same thing.").

36.     On April 27, 2016, Wave 3 sent printer's proofs of Wave 3's revised editions to be reviewed by Mr. Bailey. *See* Exhibit F.

37.     On April 28, 2016, Mr. Bailey confirmed that Wave 3's proofs complied with Mr. Bailey's ruling. *See* Exhibit G. Although Wave 3 complied with Mr. Bailey's ruling, and although Mr. Bailey confirmed Wave 3's compliance, however, Mr. McCabe still found a reason to object to Wave 3's verified compliance. *See* Exhibit B, Pages 13-14.

**AVKO Sold Sequential Spelling Level 1-7 Material to Distributors in Direct Violation of the Settlement Agreement**

38.     After unsuccessfully (and in bad faith) trying to revise the Settlement Agreement, and after attempting to use the approval process to force Wave 3 to agree to a nonexclusive license, AVKO (through Mr. McCabe) held the position that Wave 3 only had an exclusive license to sell *Wave 3's revised* Sequential Spelling Levels 1-7 works and that AVKO somehow retained the right to sell "classic" Sequential Spelling Levels 1-7 works.

39.     Although Mr. McCabe's theory directly contravened the plain words of the Settlement Agreement, and although this theory directly contradicted Mr. McCabe's original (and correct) understanding of the Settlement Agreement (as made clear in his early-March emails), Mr. McCabe proclaimed in a May 12th, "[A[ll our mutual distributors will be able to purchase whatever AVKO product they desire from a firm that has acquired a license from AVKO to reproduce and distribute all the AVKO materials with the exception of your *Wave 3 Learning, Inc. Sequential Spelling Levels 1-7 derivatives*." *See* Exhibit B, Page 15 (emphasis added).

10

40.     Running with this self-serving and bad-faith interpretation of the Settlement Agreement, AVKO (through Mr. McCabe) then sold or licensed Sequential Spelling Levels 1-7 material to the following distributors and other non-individuals in direct violation of the Settlement Agreement and Wave 3's exclusive license: JJ Hipps Publishing, InquisCorp. Corp., Rainbow Resources, Instructional Media Innovations, A Brighter Child, Google, Wentworth York Ltd., Amazing Ambassadors, South Sutter Charter School, Forest Charter School, Joy Center of Learning, Golden Valley Charter School, Connecting Waters Charter School, Springboro Community Schools, Northfield Public Schools, The Learning House Inc., Care Books And More, Little Giant Steps, Gateway Curriculum Center, Quest for Reading Success, West Brooke Curriculum, Intelligent Design Consulting, Kiddley Divey Sewing, and Brady Bunch Pickers.  Sales from these unauthorized sales totaled over $22,000.  *See* Exhibit H.

### AVKO Refused to Pay Wave 3 its Royalties

41.     Per the Settlement Agreement, the Parties agreed to allow AVKO to continue selling Sequential Spelling Level 1 material (and Level 1 only) to distributors until there was a Wave 3 "approved version of Sequential Spelling Level 1."  *See* Exhibit A.  During this transitional period, Wave 3 was entitled to 50% of the gross profits of AVKO's sales of the Level 1 material.  *See* Exhibit A.

42.     After Mr. Bailey approved Wave 3's version of Sequential Spelling 1 (on April 28, 2016), AVKO was required to provide an accounting of all sales of Level 1 material since February 24th, as well as 50% of the royalties thereof.  However, Mr. McCabe (acting as President of AVKO) staunchly refused to remit this money until he was satisfied that Wave 3 met other, unrelated terms of the Settlement Agreement.

43.     In an email dated April 27th, Mr. McCabe stated: "As far as our sales are concerned, whatever might be due you will be kept in trust until the full amount of the settlement has been paid to our attorneys."  *See* Exhibit B, Page 13.  AVKO's payment to Wave 3 of 50% of gross profits from the aforementioned sales, however, was not conditioned upon Wave 3's fulfillment of the four $25,000 payments over four years.

44.     On May 26, 2016, after months of trying to work with AVKO and AVKO's counsel but to no avail, Wave 3 filed a Complaint against AVKO, which included claims of breach of contract, breach of implied covenant of good faith and fair dealing, unjust enrichment, tortious interference with a business expectancy, and punitive damages.

45.     After delaying to file a temporary restraining order based on representations by AVKO's counsel that Mr. McCabe would be removed from AVKO and AVKO would thereafter be able to reasonably work with Wave 3 (a representation that never materialized), Wave 3 filed and ultimately noticed up an Emergency Motion for a Temporary Restraining Order for June 19, 2016.

46.     On July 21, 2016, this Court entered a Temporary Restraining Order ("TRO"), specifically enjoining and restraining Defendant AVKO and all those in active concert or participation with the same from, among other things: (1) selling to non-individuals Sequential Spelling Levels 1-7 material and all derivatives thereof in contravention of Wave 3's Learning, Inc.'s exclusive license to such material, (2) licensing others persons or entities to sell to all persons and entities, and continuing to license other persons or entities to sell to all persons and entities, Sequential Spelling Levels 1-7 material and all derivatives thereof in contravention of Wave 3's Learning, Inc.'s exclusive license to such material, and (3) misrepresenting to third parties its rights and Wave 3 learning, Inc.'s rights to Sequential Spelling Levels 1-7 material

and all derivatives thereof in contravention of Wave 3's Learning, Inc.'s exclusive license to such material. Counsel for Wave 3 sent AVKO (via an email to Mr. Don McCabe) the TRO on Thursday, July 21, 2016.

47.   On July 22, 2016, Don McCabe, still holding himself out as President of AVKO, sent Wave 3 President Thomas Morrow an email stating that AVKO was hereby terminating its license to Wave 3 (in direct violation of the Settlement Agreement) and representing that AVKO would on August 4, 2016, "re-license to JJH Publishing" the "classic version of Sequential Spelling 1-7" in direct violation of the plain words of the Settlement Agreement. *See* Exhibit I. Mr. McCabe cc'd Joe Hipps, President of JJH Publishing, on this email.

48.   Holding himself out as President of AVKO, McCabe misrepresented to a third party (Joe Hipps/JJH Publishing) that AVKO had the power under the Settlement Agreement to unilaterally terminate (and did terminate) Wave 3's exclusive license. Mr. McCabe also misrepresented to a third party (Joe Hipps/JJH Publishing) that after August 4, 2016, AVKO would have the power to negotiate a "re-license" of the "classic version of Sequential Spelling 1-7" to JJH Publishing. Under the Settlement Agreement, AVKO does not have the power to license the "classic version of Sequential Spelling 1-7" to JJH Publishing or any other person or entity.

49.   As a result of these damaging misrepresentations, this Court on July 26, 2016 held AVKO and Mr. McCabe in contempt of Court for violating the Court's June 21st Temporary Restraining Order. The Court ordered a schedule of fees to be imposed for each day AVKO and Mr. McCabe failed to comply with the Order. The Court also stated that "further relief may be granted if Defendant remains in non-compliance with the law."

13

50.     In response to a June 27th email sent from Mr. McCabe, counsel for Plaintiff sent Mr. McCabe a detailed email on July 28th explaining exactly what he and AVKO should do to be in compliance with the Court's TRO.  *See* Exhibit J.  In this email, Plaintiff's counsel made it clear that "AVKO cannot terminate its exclusive license to Wave 3 and Judge Zagel did not order AVKO to do so" and that "[a]ny representations you make to third parties that AVKO terminated Wave's license or that Judge Zagel ordered you to do so constitutes non-compliance with the TRO and Judge Zagel's Contempt Order."  *See* Exhibit J.

51.     Nevertheless, on Friday, July 29, 2016 (just one day later), Mr. McCabe misrepresented to Rainbow Resource Center, Inc. and Exodus Books (two third-party distributors) that "at the moment there is no publisher licensed to sell those books [the Sequential Spelling material exclusively licensed to Wave 3] to distributors" and then implied that it would have the rights to license the works after the TRO expires on August 4, 2016.  *See* Exhibit K.

52.     On Monday August 8, 2016 and Monday August 15, 2016, the Court heard Plaintiff's arguments in favor of its Motion to Show Cause and Motion for Preliminary Injunction.  Mr. McCabe attended the two hearing as a fact witness for Defendant AVKO.

53.     On, August 16, 2016, the Court granted Plaintiff's Motions and ordered AVKO and Mr. McCabe to, among other things, "immediately cease selling or licensing any Sequential Spelling material Levels 1-7 (or any variation or derivative thereof including DVD's) to any third party whatsoever."

54.     At all times since February 24, 2016, Mr. McCabe has personally and exclusively directed AVKO to breach the Settlement Agreement at issue, breach the implied covenant of good faith and fair dealing within that Settlement Agreement, unjustly enrich AVKO (and himself), tortiously interfere with Wave 3's business expectancy, unfairly compete in the

marketplace, conduct deceptive trade practices, and make fraudulent misrepresentations to third parties—all of which were willfully done with malice toward Wave 3.

55.    The purpose of the Settlement Agreement was to provide clarity in the marketplace and to establish Wave 3 as the exclusive source of Sequential Spelling Levels 1-7. Through the royalty arrangement provided by the Settlement Agreement, Wave 3's profits translate to AVKO's profits and Wave 3's success means AVKO's success. However, through AVKO's past and present material breaches of the Settlement Agreement, the market is once again confused, to Wave 3's financial detriment and irreparable harm.

## COUNT I
## Breach of Contract (AVKO)

56.    Wave 3 incorporates by reference into this Count all of the allegations appearing in paragraphs 1-55 as if set forth fully herein.

57.    On February 24, 2016, AVKO and Wave 3 entered into a binding Settlement Agreement.

58.    Since February 24, 2016, Wave 3 has performed its obligations under the Settlement Agreement by (1) dismissing with prejudice its lawsuit against AVKO, (2) refraining from selling its revised works until they were authorized in accordance with the Settlement Agreement, (3) remitting the first of four $25,000 payments to AVKO, (4) remitting royalties on its sales of Sequential Spelling material, (5) keeping confidential the terms of the Settlement Agreement not necessary to exercise its rights granted under the Settlement Agreement, and (6) refraining from disparaging AVKO.

59.    AVKO, through the conduct set out in detail above, committed material breaches of the Settlement Agreement by, among other things, selling Sequential Spelling Levels 1-7 to distributors and other non-individuals in the United States after February 24, 2016; refusing to

15

give an accounting of and remitting payment for AVKO's sale of Sequential Spelling Level 1 material from February 24, 2016 to April 28, 2016; and violating the non-disparaging clause through its communications with Inquisicorp Inc. and other third parties.

60.     The foregoing breaches of contract have directly and proximately caused and are still causing Wave 3 substantial damages, including the loss of company resources and property, lost compensation and royalty fees, marketplace confusion and dilution, and harm to the company's reputation and relations with its customers and potential customers.

WHEREFORE, Wave 3 prays that this Honorable Court enter an order and judgment in its favor and against AVKO that include the following:

(a) A permanent mandatory injunction ordering AVKO to stop selling Sequential Spelling Levels 1-7 material to distributors and other non-individuals in the United States and Canada for the life of the Settlement Agreement;

(b) A full and true accounting of AVKO's sales of all Sequential Spelling material after February 24, 2016;

(c) AVKO's profits associated with the breach and damages to Plaintiff, in an amount to be determined at trial but in no instance less than $175,000;

(d) Both pre-judgment and post-judgment interest;

(e) Attorneys' fees and costs; and

(f) Such other and further relief as this Court finds just and equitable.

## COUNT II
## Breach of Implied Convenient of Good Faith and Fair Dealing (AVKO)

61.     Wave 3 incorporates by reference into this Count all of the allegations appearing in paragraphs 1-60 as if set forth fully herein.

62.     Implied as a matter of law in the Settlement Agreement between Wave 3 and AVKO is a covenant of good faith and fair dealing between the contracting parties, which mandates (as though expressly set forth in the agreement) that AVKO deal fairly and honestly with respect to all matters pertaining to the Settlement Agreement.

63.     Pursuant to this implied covenant of good faith and fair dealing, AVKO—vested with contractual discretion regarding approval of Wave 3's revised materials—was obligated to act reasonably and in good faith in exercising this discretion.  AVKO was also obligated to act reasonably and in good faith in honoring Wave 3's exclusive license to Sequential Spelling Levels 1-7 material.

64.     AVKO, acting through its President, unreasonably denied approval to Wave 3's revised versions in an attempt to force Wave 3 to renegotiate the Settlement Agreement.  AVKO also unreasonably interpreted and represented to third parties Wave 3's rights to the material as set forth in the Settlement Agreement so that AVKO could continue selling Sequential Spelling Levels 1-7 material to distributors and other non-individuals.

65.     AVKO's actions, which were undertaken in bad faith, were wholly inconsistent with Wave 3's reasonable expectations and therefore breached the implied covenant of good faith and fair dealing between the Parties.

66.     As a direct and proximate result of AVKO's breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered and continues to suffer significant damages including, but not limited to, lost distribution, lost sales, lost profits, attorneys' fees, costs, consequential damages, and interest on money owned.

WHEREFORE, Wave 3 prays that this Honorable Court enter an order and judgment in its favor and against AVKO that include the following:

(a) A permanent mandatory injunction ordering AVKO to stop unreasonably interfering with the approval process and misrepresenting to third parties its rights and Wave 3's rights to Sequential Spelling Levels 1-7 material;

(b) A full and true accounting of AVKO's sales of all Sequential Spelling material after February 24, 2016;

(c) AVKO's profits associated with the breach and damages to Plaintiff, in an amount to be determined at trial but in no event less than $175,000;

(d) Both pre-judgment and post-judgment interest;

(e) Attorneys' fees and costs; and

(f) Such other and further relief as this Court finds just and equitable.

## COUNT III
### Unjust Enrichment (AVKO)

67.     Wave 3 incorporates by reference into this Count all of the allegations appearing in paragraphs 1-66 of its counterclaims as if set forth fully herein.

68.      AKVO sold Sequential Spelling Levels 1-7 material to non-individuals after February 24, 2016.

69.     AVKO's wrongful acts have impoverished and continue to injure Wave 3's exclusive license to the aforementioned material, including by loss of revenue, loss of customers, dilution and confusion in the market, injury to its reputation, and diminution in the value of the Sequential Spelling Levels 1-7 material.

70.     But for AVKO's wrongful acts, Wave 3 would not have lost revenue, lost customers, endured reputational injury and diminution in the value of its exclusive license and AVKO would not have gained revenue, gained or maintained customers it should no longer have, and benefited from the lack of an exclusive source of the material.

18

71.    Wave 3 has no adequate remedy at law.

WHEREFORE, Wave 3 prays that this Honorable Court enter an order and judgment in its favor and against AVKO that include the following:

(a) A full and true accounting of AVKO's sales of all Sequential Spelling material after February 24, 2016;

(c) AVKO's profits associated with AVKO's sale of the material at issue, in an amount to be determined at trial but in no event less than $22,000;

(d) Both pre-judgment and post-judgment interest;

(e) Attorneys' fees and costs; and

(f) Such other and further relief as this Court finds just and equitable.

### COUNT IV
### Tortious Interference with a Business Expectancy (AVKO)

72.    Wave 3 incorporates by reference into this Count all of the allegations appearing in paragraphs 1-71 of its counterclaims as if set forth fully herein.

73.    Wave 3 had a reasonable expectation of entering into valid business relationships with established distributors, potential distributors, and potential customers interested in purchasing Sequential Spelling Levels 1-7 and AVKO knew of this reasonable expectancy.

74.    Since sometime after the execution of the Settlement Agreement, AVKO has explicitly or implicitly represented to Wave 3's current and potential distributors and consumers that Wave 3 did not possess a license to sell or distribute the aforementioned material and that AVKO retained the right to sell such material.

75.    Through these willfully false and disparaging statements about Wave 3 and its rights, AVKO has intentionally interfered with Wave 3's business expectancy by convincing distributors and customers to purchase AVKO's goods instead of Wave 3's goods.

19

76.     With reasonably certainty, but for AVKO's commercial conduct and false and disparaging statements, Wave 3's business expectancy would have been realized.

77.     AVKO's interference was done purposefully, intentionally, and willfully, such that many potential distributors and customers of Wave 3's goods and services were dissuaded from selecting Wave 3.  As a result, AVKO intended to and did interfere with Wave 3's business expectancy.

78.     Wave 3 has lost distributors, customers, sales, and goodwill as a direct and proximate result of AVKO's tortious conduct.

WHEREFORE, Wave 3 prays that this Honorable Court enter an order and judgment in its favor and against AVKO including, but not limited to, the following relief:

(a) Permanent injunctive relief against AVKO enjoining it, or any of its officers, agents, representatives, servants, employees, attorneys, successors, and assignees, and all others in active concert or participation with AVKO, from publishing false and defamatory statements concerning Wave 3 and from tortiously interfering with Wave 3's actual or prospective business relationships or expectancies;

(b) Damages to Wave 3, in an amount to be determined at trial but in no event less than $175,000;

(c) Disgorgement of AVKO's ill-gotten profits;

(d) Both pre-judgment and post-judgment interest;

(f) (e) Attorneys' fees and costs; and

(f) Such other and further relief as this Court finds just and equitable.

## COUNT V
### Illinois Common Law Unfair Competition (AVKO)

79.     Wave 3 incorporates by reference into this Count all of the allegations appearing in paragraphs 1-78 of its counterclaims as if set forth fully herein.

80.     Through the aforementioned acts, AVKO has unfairly competed with Wave 3 in order to usurp Wave 3's customers and undermine the marketplace, to the detriment of Wave 3.

81.     As a result of Defendant AVKO's actions, Defendant has misappropriated valuable sales from Plaintiff, has purloined Plaintiff's customers, and has confused the marketplace.

82.     Such acts have caused, serious, irreparable injury for which Plaintiff has no adequate remedy at law.

WHEREFORE, Wave 3 prays that this Honorable Court enter an order and judgment in its favor and against AVKO including, but not limited to, the following relief:

(a) Damages to Wave 3, in an amount to be determined at trial but in no event less than $175,000;

(b) Disgorgement of AVKO's ill-gotten profits;

(c) Both pre-judgment and post-judgment interest;

(d) Attorneys' fees and costs; and

(e) Such other and further relief as this Court finds just and equitable.

## COUNT VI
### Deceptive Trade Practices (AVKO)

83.     Wave 3 incorporates by reference into this Count all of the allegations appearing in paragraphs 1-82 of its counterclaims as if set forth fully herein.

84.     Defendant AVKO, in and through various of the aforementioned emails, employed deception and misrepresentations of material facts—namely, falsely stating that it had the rights to sell Sequential Spelling material Levels 1-7 and that Wave 3 did not have that right—with the intent that third parties (Illinois consumers and businesses) would rely on this deception and concealment of material facts in purchasing Sequential Spelling material from AVKO.

85.     Defendant AVKO's false representations in and through emails in fact and proximately caused injury to Illinois consumers and to Plaintiff Wave 3.

WHEREFORE, Plaintiff prays that this Honorable Court enter an order and judgment in favor of Plaintiff and against Defendant AVKO as follows:

(a) For damages to Illinois consumers and Plaintiff, in an amount to be determined at trial, but in no event less than $25,000.

(b) Both pre-judgment and post-judgment interest;

(c) Attorneys' fees and costs; and

(d) Such other and further relief as this Court finds just and equitable.

## COUNT VII
## Fraud (AVKO)

86.     Wave 3 incorporates by reference into this Count all of the allegations appearing in paragraphs 1-85 of its counterclaims as if set forth fully herein.

87.     AVKO proprogated false statements of material facts to Wave 3, including but not limited to representing that it only licensed Sequential Spelling material to JJH Publishing when it in fact sold Sequential Spelling material to twenty other non-indivdual companies/organizations.

88.     AVKO  knew these representations were false.

22

89.     AVKO intended to induce Wave 3 to believe that its infringing sales to third party non-individuals were less and less egregrious.

90.     Wave 3 justifiably relied on AVKO's representations.

91.     As a result of this reliance, Wave 3 suffered injury, including additional market and reputational loss as well as additional litigation expenses and foregone damages.

WHEREFORE, Plaintiff prays that this Honorable Court enter an order and judgment in favor of Plaintiff and against Defendant AVKO as follows:

 (a) For damages to Plaintiff, in an amount to be determined at trial, but in no event less than $5,000.

(b) Both pre-judgment and post-judgment interest;

(c) Attorneys' fees and costs; and

(d) Such other and further relief as this Court finds just and equitable.

## COUNT VIII
## Punitive Damages (AVKO)

92.     Wave 3 incorporates by references into this Count all of the allegations appearing in paragraphs 1-91 as if set forth fully herein.

93.     AVKO's actions were intentional, willful, and wanton, and were performed with malice toward Wave 3.

94.     Punitive damages are necessary to punish AVKO for its conduct and to deter it from committing similar transgressions in the future.

WHEREFORE, Plaintiff seeks punitive damages from Defendant, including attorneys' fees, in the amount of no less than $350,000.

## COUNT IX
## Breach of Contract (McCabe)

95.     Wave 3 incorporates by reference into this Count all of the allegations appearing in paragraphs 1-94 of its counterclaims as if set forth fully herein.

96.     On February 24, 2016, AVKO and Wave 3 entered into a binding Settlement Agreement.

97.     Since February 24, 2016, Wave 3 has performed its obligations under the Settlement Agreement by (1) dismissing with prejudice its lawsuit against AVKO, (2) refraining from selling its revised works until they were authorized in accordance with the Settlement Agreement, (3) remitting the first of four $25,000 payments to AVKO, (4) remitting royalties on its sales of Sequential Spelling material, (5) keeping confidential the terms of the Settlement Agreement not necessary to exercise its rights granted under the Settlement Agreement, and (6) refraining from disparaging AVKO.

98.     Defendant McCabe, at all times personally and exclusively directing AVKO to perform the conduct set out in detail above, committed material breaches of the Settlement Agreement by, among other things, selling Sequential Spelling Levels 1-7 to distributors and other non-individuals in the United States and Canada after February 24, 2016; refusing to give an accounting of and remitting payment for AVKO's sale of Sequential Spelling Level 1 material from February 24, 2016 to April 28, 2016; and violating the non-disparagement clause through its communications with Inquisicorp. Inc. and other third parties.

99.     The foregoing breaches of contract have directly and proximately caused and are causing Wave 3 substantial damages, including the loss of company resources and property, lost compensation and royalty fees, marketplace confusion and dilution, and harm to the company's reputation and relations with its customers and potential customers.

WHEREFORE, Wave 3 prays that this Honorable Court enter an order and judgment in its favor and against Defendant McCabe that include the following:

(a) A permanent mandatory injunction ordering Defendant McCabe to stop selling Sequential Spelling Levels 1-7 material to distributors and other non-individuals in the United States for the life of the Settlement Agreement;

(b) A full and true accounting of AVKO's sales of all Sequential Spelling material after February 24, 2016;

(c) AVKO's profits associated with the breach and/or damages to Plaintiff, in an amount to be determined at trial but in no instance less than $175,000;

(d) Both pre-judgment and post-judgment interest;

(e) Attorneys' fees and costs; and

(f) Such other and further relief as this Court finds just and equitable.

## COUNT X
### Breach of Implied Convenient of Good Faith and Fair Dealing (McCabe)

100.     Wave 3 incorporates by reference into this Count all of the allegations appearing in paragraphs 1-99 as if set forth fully herein.

101.     Implied as a matter of law in the Settlement Agreement between Wave 3 and AVKO is a covenant of good faith and fair dealing between the contracting parties, which mandates (as though expressly set forth in the agreement) that AVKO deal fairly and honestly with respect to all matters pertaining to the Settlement Agreement.

102.     Pursuant to this implied covenant of good faith and fair dealing, AVKO—vested with contractual discretion regarding approval of Wave 3's revised materials—was obligated to act reasonably and in good faith in exercising this discretion.  AVKO was also obligated to act

25

reasonably and in good faith in honoring Wave 3's exclusive license to Sequential Spelling Levels 1-7 material.

103.    At all times, Mr. McCabe personally and exclusively directed AVKO to unreasonably deny approval to Wave 3's revised material in an attempt to force Wave 3 to renegotiate the Settlement Agreement.    Mr. McCabe also directed AVKO to unreasonably interpret and misrepresent to third parties Wave 3's exclusive license as set forth in the Settlement Agreement in order to continue to sell Sequential Spelling Levels 1-7 material to distributors and other non-individuals.

104.    Mr. McCabe's actions, which were undertaken in bad faith, were wholly inconsistent with Wave 3's reasonable expectations and therefore breached the implied covenant of good faith and fair dealing between the Parties.

105.    As a direct and proximate result of AVKO's breach of the implied covenant of good faith and fair dealing, (which was personally and exclusively directed by Mr. McCabe) Plaintiff has suffered and continues to suffer significant damages including, but not limited to, lost distribution, lost sales, lost profits, attorneys' fees, costs, consequential damages, and interest on money owned.

WHEREFORE, Wave 3 prays that this Honorable Court enter an order and judgment in its favor and against Defendant McCabe that includes the following:

(a) A permanent mandatory injunction ordering Defendant McCabe to stop selling Sequential Spelling Levels 1-7 material to distributors and other non-individuals in the United States during the life of the Settlement Agreement;

(b) A full and true accounting of AVKO's sales of all Sequential Spelling material after February 24, 2016;

26

(c) Defendant McCabe's profits associated with the breach and damages to Plaintiff, in an amount to be determined at trial but in no event less than $175,000;

(d) Both pre-judgment and post-judgment interest;

(e) Attorneys' fees and costs; and

(f) Such other and further relief as this Court finds just and equitable.

### COUNT XI
### Unjust Enrichment (McCabe)

106.    Wave 3 incorporates by reference into this Count all of the allegations appearing in paragraphs 1-105 of its counterclaims as if set forth fully herein.

107.    Through the personal and exclusive direction of Defendant McCabe, AKVO continued to sell Sequential Spelling Levels 1-7 material after February 24, 2016 in direct violation of Wave 3's exclusive license.

108.    AVKO's wrongful acts, directed by Defendant McCabe, have impoverished and threaten to continue to injure Wave 3's exclusive license to the aforementioned material, including by loss of revenue, loss of customers, dilution of and confusion in the market, injury to its reputation, and diminution in the value of the Sequential Spelling Levels 1-7 material.

109.    But for AVKO's wrongful acts, which were directed by Defendant McCabe, Wave 3 would not have lost revenue, lost customers, endured reputational injury and diminution in the value of its exclusive license and AVKO would not have gained revenue, gained or maintained customers it should no longer have, and benefited from the lack of an exclusive source of the material.

WHEREFORE, Wave 3 prays that this Honorable Court enter an order and judgment in its favor and against Mr. McCabe that include the following:

(a) A full and true accounting of AVKO's sales of all Sequential Spelling material after February 24, 2016;

(c) Defendant McCabe's profits associated with AVKO's sale of the material at issue, in an amount to be determined at trial but in no event less than $22,000;

(d) Both pre-judgment and post-judgment interest;

(e) Attorneys' fees and costs; and

(f) Such other and further relief as this Court finds just and equitable.

**COUNT XII**
**Tortious Interference with a Business Expectancy (McCabe)**

110.    Wave 3 incorporates by reference into this Count all of the allegations appearing in paragraphs 1-108 of its counterclaims as if set forth fully herein.

111.    Wave 3 had a reasonable expectation of entering into valid business relationships with established distributors, potential distributors, and potential customers interested in purchasing Sequential Spelling Levels 1-7 and Defendant McCabe knew of this reasonable expectancy.

112.    Since at least as early as February 29, 2016, AVKO—at Mr. McCabe's direction—explicitly and implicitly represented to Wave 3's current and potential distributors and consumers that AVKO had the right to sell Sequential Spelling Levels 1-7 material and that Wave 3 did not.

113.    Through these willfully false and disparaging statements about Wave 3 and its goods and services, Defendant McCabe has intentionally interfered with Wave 3's business expectancy by convincing distributors and customers to purchase AVKO's goods instead of Wave 3's goods.

114.     With reasonably certainty, but for Defendant McCabe's conduct and false and disparaging statements, Wave 3's business expectancy would have been realized.

115.     Defendant McCabe's interference was done purposefully, intentionally, and willfully, such that many potential distributors and customers of Wave 3's goods and services were dissuaded from selecting Wave 3.  As a result, Defendant McCabe intended to and did interfere with Wave 3's business expectancy.

116.     Wave 3 has lost distributors, customers, sales, and goodwill as a direct and proximate result of AVKO's tortious conduct.

WHEREFORE, Wave 3 prays that this Honorable Court enter an order and judgment in its favor and against AVKO including, but not limited to, the following relief:

(a) Permanent injunctive relief against Defendant McCabe, enjoining him from publishing false and defamatory statements concerning Wave 3; and, tortiously interfering with Wave 3's actual or prospective business relationships or expectancies;

(b) Damages to Wave 3, in an amount to be determined at trial but in no event less than $175,000;

(c) Disgorgement of Defendant McCabe's ill-gotten profits;

(d) Both pre-judgment and post-judgment interest; and,

(e) Such other and further relief as this Court finds just and equitable.

### COUNT XIII
### Common Law Unfair Competition (McCabe)

117.     Wave 3 incorporates by reference into this Count all of the allegations appearing in paragraphs 1-116 of its counterclaims as if set forth fully herein.

118. Through the aforementioned acts, AVKO (at the direction of Defendant McCabe) has unfairly competed with Wave 3 in order to usurp Wave 3's customers and undermine the marketplace, to the detriment of Wave 3.

119. As a result of Defendant AVKO's actions, personally and exclusively directed by Mr. McCabe, AVKO has misappropriated valuable sales from Plaintiff, has purloined Plaintiff's customers, and has confused the marketplace.

120. Such acts have caused, serious, irreparable injury for which Plaintiff has no adequate remedy at law.

WHEREFORE, Wave 3 prays that this Honorable Court enter an order and judgment in its favor and against Defendant McCabe including, but not limited to, the following relief:

(a) Damages to Wave 3, in an amount to be determined at trial but in no event less than $175,000;

(b) Disgorgement of AVKO's ill-gotten profits;

(c) Both pre-judgment and post-judgment interest;

(d) Attorneys' fees and costs; and

(e) Such other and further relief as this Court finds just and equitable.

### COUNT XIV
### Deceptive Trade Practices (McCabe)

121. Wave 3 incorporates by reference into this Count all of the allegations appearing in paragraphs 1-120 of its counterclaims as if set forth fully herein.

122. Defendant McCabe directed AVKO, in and through various of the aforementioned emails, to employ deception and misrepresentations of material facts—namely, falsely stating that it had the right to sell Sequential Spelling material Levels 1-7 and that Wave 3 did not have that right with the intent that third parties (Illinois consumers and businesses) would

rely on this deception and concealment of material facts in purchasing Sequential Spelling material from AVKO.

123.    Defendant AVKO's false representations in and through emails (made at the direction of Defendant McCabe) actually and proximately caused injury to Illinois consumers and to Plaintiff Wave 3.

WHEREFORE, Plaintiff prays that this Honorable Court enter an order and judgment in favor of Plaintiff and against Defendant McCabe as follows:

 (a) For damages to Illinois consumers and Plaintiff, in an amount to be determined at trial, but in no event less than $25,000.

(b) Both pre-judgment and post-judgment interest;

(c) Attorneys' fees and costs; and

 (d) Such other and further relief as this Court finds just and equitable.

## COUNT XV
## Fraud (McCabe)

124.    Wave 3 incorporates by reference into this Count all of the allegations appearing in paragraphs 1-85 of its counterclaims as if set forth fully herein.

125.    AVKO—at the direction and through Defendant McCabe—proprogated false statements of material facts to Wave 3, including but not limited to representing that it only licensed Sequential Spelling material to JJH Publishing when it in fact sold Sequential Spelling material to twenty other non-indivdual companies/organizations.

126.    Defendant McCabe  knew these representations were false.

127.    Defendant McCabe intended to induce Wave 3 to believe that its infringing sales to third party non-individuals were less and less egregrious.

128.    Wave 3 justifiably relied on AVKO's/McCabe's representations.

129.    As a result of this reliance, Wave 3 suffered injury, including additional market and reputational loss as well as additional litigation expenses and foregone damages.

WHEREFORE, Plaintiff prays that this Honorable Court enter an order and judgment in favor of Plaintiff and against Defendant AVKO as follows:

 (a) For damages to Plaintiff, in an amount to be determined at trial, but in no event less than $5,000.

(b) Both pre-judgment and post-judgment interest;

(c) Attorneys' fees and costs; and

(d) Such other and further relief as this Court finds just and equitable.

## COUNT XVI
## Punitive Damages (McCabe)

130.    Wave 3 incorporates by references into this Count all of the allegations appearing in paragraphs 1-129 as if set forth fully herein.

131.    Defendant McCabe's actions were intentional, willful, and wanton, and were performed with malice toward Wave 3.

132.    Punitive damages are necessary to punish Defendant McCabe for his conduct and to deter it from committing similar transgressions in the future.

WHEREFORE, Plaintiff seeks punitive damages from Defendant, including attorneys' fees, in the amount of no less than $350,000.

Respectfully Submitted,

/s/ Daliah Saper

Dated: September 9, 2016
Daliah Saper
Saper Law Offices, LLC
505 N. LaSalle, Suite 350
Chicago, Illinois 60654
(312) 527-4100
ds@saperlaw.com

32

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 9th day of September 2016, a true and correct copy of the foregoing **Complaint** was personally served on Defendants AVKO Educational Research Foundation, Inc. and Donald J. McCabe.

s/ Daliah Saper
Daliah Saper
Saper Law Offices, LLC
505 N. LaSalle, Suite 350
Chicago, Illinois 60654
(312) 527-4100
ds@saperlaw.com

# EXHIBIT A



# EXHIBIT B

**From:** Don McCabe [mailto:donmccabe1@gmail.com]
**Sent:** Wednesday, March 2, 2016 12:50 PM
**To:** Thomas Morrow <thomas@wave3learning.com>; ds@saperlaw.com
**Subject:** Re: Inaugural Product Approval!

The Sequential Spelling 1 paper copy that you attached has been reviewed. Where changes must be made, they are marked.

AVKO would like to point out that you are currently in violation of the terms of our agreement. You have not properly removed the reference to copyright and trademark ownership.

You have apparently not stopped selling the apps for Sequential Spelling 1, 2, and 3 as the link to iTunes is there.

As we are not yet back into litigation, I am emailing you directly. Please let me know if you intend to adhere to the terms of the settlement agreement.

May God smile on you today.

Don McCabe, President and Research Director Emeritus,
AVKO Educational Research Foundation
3084 Willard Road Birch Run, MI 48415-9404
Phone: (810) 686-9283   Fax: (810) 686-1101
[Website] http://www.avko.org

---

**From:** Don McCabe [mailto:donmccabe1@gmail.com]
**Sent:** Thursday, March 3, 2016 8:23 AM
**To:** Thomas Morrow <Thomas@wave3learning.com>; Daliah Saper <ds@saperlaw.com>
**Subject:** Waiting for answer.

Mr. Morrow,

I am expecting an answer to my question. Do you plan to follow the terms of the agreement? I apologize for the attachment not going through.  The book you sent as an email has been examined. That which is unacceptable has been noted. It is being mailed today.

Note to Ms. Saper:

You have been given a copy of my email as a courtesy. As we are not currently in litigation, I see no reason for the attorneys (you and Brian) to "conspire" to drive up your respective clients' legal bills by "vetting." Mr. Morrow is fully capable of answering simple questions and/or negotiating.

If he elects to have his messages to AVKO "vetted," that is his business. If he seeks your advice, that too is his business. I suspect he should.

Don McCabe, President and Research Director Emeritus,
AVKO Educational Research Foundation
3084 Willard Road Birch Run, MI 48415-9404
Phone: (810) 686-9283   Fax: (810) 686-1101
[Website] http://www.avko.org

---

**From:** Don McCabe [mailto:donmccabe1@gmail.com]
**Sent:** Thursday, March 3, 2016 10:05 AM
**To:** Thomas Morrow <thomas@wave3learning.com>
**Cc:** Daliah Saper <ds@saperlaw.com>
**Subject:** Re: Waiting for answer.

Mr. Morrow,
Thank you for your quick response.
I did notice on your website:

# V2.11 Compatible with iOS 7 Now Available!

# Proceed to the App Store Here!

No, I did not mistake the website copyright notice for a claim to the copyrights of AVKO Sequential Spelling. I was referring to the notice that you sent to me as an attachment.

Regarding your attached "snippet" from your website, apparently, I must remind you and your attorney, that copyrights and trademarks are not licensed. Wave 3, under the terms of the settlement agreement, has been licensed to reproduce and distribute **only** the Sequential Spelling books which AVKO has copyrighted and trademarked and **only if approved**.

Sincerely,
Don McCabe, President and Research Director Emeritus,
AVKO Educational Research Foundation
3084 Willard Road Birch Run, MI 48415-9404
Phone: (810) 686-9283   Fax: (810) 686-1101
[Website] http://www.avko.org

---

**From:** Don McCabe [mailto:donmccabe1@gmail.com]
**Sent:** Tuesday, March 8, 2016 9:11 AM
**To:** Thomas Morrow <thomas@wave3learning.com>

**Cc:** Daliah Saper <ds@saperlaw.com>; Adam Wolek <adamw@wonoip.com>; Brian Noack <Briann@wonoip.com>
**Subject:** Re: Follow Up on Level One TG

Mr.Morrow,

For ease of reading, I am writing in a larger font, but quoting you in the normal font. You said:

Unfortunately, you have violated our agreement.  As expressly stated at our settlement meeting, the standard of review is pedagogical effectiveness.

 We therefore will not accept restoration of racially offensive words

Apparently you are referring to p. 57 of AVKO's classic edition where we have (with other words that end with the letter o) the word *Negro* with a **Teacher Note** which states: "Up until recent times, the word Negro was the preferred term for a member of the Negroid race. It may or may not return to be the politically correct term. The word comes from the Portuguese word which means black. Use your own discretion."

This we do not believe is racially offensive. Thus far we have never had any complaint concerning this, not even from any of our African American customers.

or obsolete cultural references which a contemporary home school parent almost certainly would not know.

And they are?

We also will not accept changes that have no impact on pedagogical effectiveness.

AVKO can also make the same statement. AVKO will not accept changes Wave 3 has made that have no impact on pedagogical effectiveness.

 Therefore, I offer you the following choice: we can either proceed to the Paul Holtz stage right now or you can take a second try at it or we can deem the work approved.

 Please let me know which alternative you prefer no later than Wednesday COB or I will default to the third alternative.

3

I would like to let you know that I am reluctant to yield to demands that set a one day limit for a decision. And I don't believe you can make a legally binding unilateral decision that AVKO has accepted your versions of Sequential Spelling.

I would also like you to know that the second book you sent AVKO is entirely rejected. It does not correspond at all to the AVKO Student Response Book. What it is, is simply your creation of a derivative of AVKO's Engaging Language Kits and having it correspond to the your version of Sequential Spelling. This does not meet with our approval.

Now if you really think Wave 3's version is better than AVKO's, perhaps there might be a solution.

If, in the agreement we made, you accept a small change from "exclusive" to non-exclusive, you could publish with new ISBN numbers the WAVE 3 Sequential Spelling Series which would then allow AVKO to license others such as Inquisicorp to reproduce and distribute the classic AVKO Sequential Spelling.

This shouldn't be of any great concern to you. After all Inquisicorp has made it abundantly clear that they do not like your version and will not sell it.

And, certainly with your knowledge of the market, you should be able to easily outsell Inquisicorp with your new and improved version. After all, Inquisicorp does not compete with Wave 3 for customers like Rainbow, Timberdoodle, and Christian Book Store. It sells only to its existing customers.

Sincerely,
Don McCabe, President and Research Director Emeritus,
AVKO Educational Research Foundation
3084 Willard Road Birch Run, MI 48415-9404
Phone: (810) 686-9283  Fax: (810) 686-1101
[Website] http://www.avko.org

---

**From:** Don McCabe [mailto:donmccabe1@gmail.com]
**Sent:** Wednesday, March 9, 2016 5:38 PM
**To:** Thomas Morrow <Thomas@wave3learning.com>
**Subject:** Something you need to think about.

Thus far everything you have sent us is in its current condition totally unacceptable.

4

Attached is a possible solution.

May God smile on you today.

Don McCabe, President and Research Director Emeritus,
AVKO Educational Research Foundation
3084 Willard Road Birch Run, MI 48415-9404
Phone: (810) 686-9283  Fax: (810) 686-1101
[Website] http://www.avko.org

**ATTACHMENT:**
Mr. Morrow,
It is quite apparent that you do not want to make any of the changes that would be necessary in the Sequential Spelling books that would allow us to give approval to your versions.

If you were, you would have, at the very least, removed all notices that Wave 3 owns the copyrights and obtained new ISBN numbers.

What is also apparent is that you still want to have what AVKO **cannot legally grant** Wave 3 and that is, exclusive rights.

## AVKO cannot cede, sell, or transfer that which **is not wholly its to give.**

Instructional Media Innovations, Inc. shares with AVKO the copyrights to the DVD versions.

Both of us missed that simple fact back in 2009 as did AVKO's attorney Charles Y. Cooper who was paid by AVKO to review and if necessary suggest changes to the June 4, 2010 contract I signed for AVKO and you signed for Home School Holdings, Inc.

AVKO's attorneys Woodrow, Darrow, Noak and Wolek missed it. Wave 3's attorneys DiGiacomo, Clark, and Saper missed that point of law as well.

Judge Ludington missed it as he should have used the phrase "at most" instead of "at least" and Judge Finnegan in her haste to get a settlement signed by us also missed that point of law.

That means the agreement **as written** is null and void on the face of it. I'm sure our attorneys can easily find case law that states one cannot sell that which is not wholly theirs.

That leaves us with a simple choice. Change the term to non-exclusive and re-negotiate  the terms for derivatives or resume the court battle with motions from both sides running up our legal bills.

As I have stated to you previously, AVKO's Board of Directors could be persuaded to allow Wave 3 to produce and distribute derivatives (your teacher editions and student workbooks) as long as it is made clear that AVKO has only given permission and not its blessing and that AVKO has the copyrights to the

teacher edition. AVKO would permit Wave 3 to copyright the student workbook derivatives you have developed.

That would enable AVKO to continue its selling of Sequential Spelling and its other books to those who wish to buy them. That would enable Wave to sell its versions as Wave 3 Sequential Spelling or whatever name it chooses that meets with our approval.

AVKO would then have no serious objection to your removal of the words *Negro* and *Negroes*, the teacher footnote explaining its inclusion and the occasional reference to people or literary characters whose fame was in a period prior to 1980's such as Bob Hope or Red Ryder.

AVKO would still have the right to disapprove of misspelled words, vulgar words, 6 pt type face, improper pagination, punctuation, grammar, untrue statements, etc.

The question remains, "Are you willing to compromise?"

I personally believe that you do not believe in compromising.

Unless AVKO hears otherwise from you or your attorney by the close of business on March 16, 2016, AVKO will ask its attorneys to proceed with its case against Wave 3.

---

**From:** Don McCabe [mailto:donmccabe1@gmail.com]
**Sent:** Saturday, March 12, 2016 9:46 AM
**To:** Thomas Morrow <Thomas@wave3learning.com>; Brian Noack <Briann@wonoip.com>
**Subject:** Still waiting.

Mr. Morrow,

AVKO is still waiting for a copy of *Sequential Spelling 1, 2, 3, 4, 5, 6* or *7* that we can review for purposes of approval or disapproval, or in the case of Sequential Spelling 1, a second copy with changes made that you think AVKO might approve. You do know that AVKO will NOT approve of your student workbooks. If you wish to market the busywork you think will somehow improve the effectiveness of Sequential Spelling, that is an option available to you. As they are derivatives of *Sequential Spelling* and the *AVKO Student Response Book* and *Engaging Language Kits* you will need written authorization from AVKO to avoid any possibility of a new lawsuit.

This permission would almost be certainly be granted, if you would simply agree to the slightest of changes in the agreement, that is, non-exclusive.

In order for AVKO to approve, all the publication data must be correct including the new ISBN numbers and copyright dates and copyright ownership. AVKO will accept only those changes that an independent judge would deem a significant educational improvement (SEI). In other words, the burden of proof is yours.

Microsoft Word does have the capability of showing the original and the suggested changes simultaneously. You might want to use that.

Certainly, it would be far easier for you to just take the Microsoft versions we gave you back in 2010 and make the modest changes on the publication page. That way your version will be assured of approval. In case you've somehow lost them or destroyed them, you can purchase them as e-books from our website.

We do want you to successfully market Sequential Spelling if only so we can receive our royalties. Have a nice weekend.
Don McCabe, President and Research Director Emeritus,
AVKO Educational Research Foundation
3084 Willard Road Birch Run, MI 48415-9404
Phone: (810) 686-9283   Fax: (810) 686-1101
[Website] http://www.avko.org

---

**From:** Don McCabe [mailto:donmccabe1@gmail.com]
**Sent:** Wednesday, March 16, 2016 12:27 PM
**To:** Thomas Morrow <thomas@wave3learning.com>
**Cc:** Daliah Saper <ds@saperlaw.com>; Matt Grothouse <matt@saperlaw.com>; Adam Wolek <adamw@wonoip.com>; Brian Noack <Briann@wonoip.com>; Robert McCabe <bob@avko.org>
**Subject:** Re: Per Your Request Saturday

Mr. Morrow,

The attachments of Teacher level 2. and Teacher level 3. are not approved. There was no attempt on your part to make them acceptable, even as to the title/copyright page. Remember, you are and have been well aware through all the litigation, that AVKO and IMI's joint copyrights precede any dealings with you as Home School Holdings and as Wave 3 Learning. We have no objection to minor changes to the Sequential Spelling 1-7 whose electronic versions you should have in your possessions for which the license to reproduce and distribute was granted by an forced settlement agreement we both signed without an opportunity to closely examine it.

The document prepared by our attorneys and yours is filled with errors.

As the settlement agreement was written you are now in default as you have not paid the amount of the settlement agreement within the allotted time.

You might want to ask your attorneys about the requirements of any license. There must be a payment. There was none. Or look up it up for yourself  in your law books or on the internet.
If you would like to rectify this situation caused by the "hurry up, hurry up" imposed upon  us and our attorneys, AVKO is open to re-negotiation.

7

May God smile on you today.

Don McCabe, President and Research Director Emeritus,

AVKO Educational Research Foundation

3084 Willard Road Birch Run, MI 48415-9404

Phone: (810) 686-9283   Fax: (810) 686-1101

[Website] http://www.avko.org

---

**From:** Don McCabe [mailto:donmccabe1@gmail.com]
**Sent:** Friday, March 18, 2016 11:58 AM
**To:** Thomas Morrow <Thomas@wave3learning.com>; Brian Noack <Briann@wonoip.com>; RobertM195 <RobertM195@aol.com>
**Subject:** Haven't had a response.

Mr. Morrow,

The following was in a reply to your email. Perhaps you didn't read it. So here it is again:
The attachments of Teacher level 2. and Teacher level 3. are not approved. There was no attempt on your part to make them acceptable, even as to the title/copyright page.

Remember, you are and have been well aware through all the litigation, that AVKO and IMI's joint copyrights precede any dealings with you as Home School Holdings and as Wave 3 Learning.
We have no objection to minor changes to the Sequential Spelling 1-7 whose electronic versions you should have in your possessions for which the license to reproduce and distribute was granted by an forced settlement agreement we both signed without an opportunity to closely examine it.

The document prepared by our attorneys and yours is filled with errors.

As the settlement agreement was written you are now in default as you have not paid the amount of the settlement agreement within the allotted time.

You might want to ask your attorneys about the requirements of any license. There must be a payment. There was none. Or look up it up for yourself  in your law books or on the internet.
If you would like to rectify this situation caused by the "hurry up, hurry up" imposed upon us and our attorneys, AVKO is open to re-negotiation.

May God smile on you today.

Don McCabe, President and Research Director Emeritus,

AVKO Educational Research Foundation

3084 Willard Road Birch Run, MI 48415-9404

Phone: (810) 686-9283   Fax: (810) 686-1101

[Website] http://www.avko.org

---

**From:** Don McCabe [mailto:donmccabe1@gmail.com]
**Sent:** Friday, April 1, 2016 8:16 AM
**To:** jbailey@dynamicliteracy.com; Brian Noack <Briann@wonoip.com>; Daliah Saper
<ds@saperlaw.com>; Thomas Morrow <Thomas@wave3learning.com>; RobertM195
<RobertM195@aol.com>
**Subject:** Reasonable Approval

Dear Mr. Bailey,

The package you will be receiving from Thomas Morrow contains AVKO's requirements for
change IF and ONLY IF Wave 3 were to be given exclusive rights to publish the copyrighted
Sequential Spelling. What Wave 3 wants is exclusive rights to publish their derivatives. This
AVKO grants provided they make the following simple and reasonable corrections.

Corrections that need to be made in order for the Wave 3 Learning derivative of AVKO's copyri
ghted Sequential Spelling
NOT TO APPEAR the same as AVKO's.

1. The name should be changed. The words Sequential Spelling may be part of the title
provided it is something on the order of
Wave 3 Sequential Spelling 1 or *Wave 3 Sequential Spelling Teacher Edition Revised. etc.*

2.
As Don McCabe had nothing to do with the revisions, the authorship should be listed as "by Don
McCabe with additional editing and revisions
by Thomas Morrow and Marjorie Lock or something to that effect.

3.
The Art Work on the cover MUST BE CHANGED. It is exactly the same as AVKO's Sequential
Spelling 1.

4.
On copyright page: Copyright © 2011 Wave 3 Learning, Inc. MUST BE CHANGED to Copyrig
ht © 2011 AVKO Educational Research
Foundation, Inc. AVKO owns the copyrights and has only granted Wave 3 exclusive publishing r
ights (reproduction and distribution of the
printed version) but no other rights including those of an electronic nature.

5. On copyright page "1 Printing" should be changed as it cannot possibly be the first printing.

6, A new ISBN number is required by law.

Pages 3-8 -- OK as is.

9

Pages 9-57 (recommendations only) 1. Use a larger font. 2. Have a little white space between the underscoring used to separate one part of the page from another.

If you happen to agree that AVKO's requests are reasonable for this book, this could very possibly be the end of your playing umpire. The changes to all the other 13 Wave 3 books that you will be asked to judge separately fall into the same categories.
1. Cover Art to be changed so as not to confuse buyers.
2. Correct the copyright notices on the Teacher Editions.
3. Wave 3 has AVKO's permission to claim copyrights to their seven Student Workbooks so long as they recognize that they have AVKO's permission to use some passages and ideas from Brian McCabe's Engaging Language Kits 1-7.
4. Give credit to those who worked to edit and revise such as Marjorie Lock and Thomas Morrow.
5. Have new ISBN numbers for all these new editions.

Sincerely,
Don McCabe, President and Research Director Emeritus,
AVKO Educational Research Foundation
3084 Willard Road Birch Run, MI 48415-9404
Phone: (810) 686-9283   Fax: (810) 686-1101
[Website] http://www.avko.org

---

**From:** Don McCabe [mailto:donmccabe1@gmail.com]
**Sent:** Monday, April 18, 2016 8:07 AM
**To:** Thomas Morrow <Thomas@wave3learning.com>; RobertM195 <RobertM195@aol.com>
**Subject:** Approval Process Must Continue
Dear Mr. Morrow,

Although Mr. Bailey's involvement "may" be ended, there is still the problem of Wave 3 needing to follow the terms of the agreement you signed on February 24, 2016. That is, the approval process. You have only agreed to make the changes Mr. Bailey said were reasonable. AVKO needs to see the changes and will not take your word that you will do so.

It should impose no great hardship upon Wave 3 to have its printer send a proof copy of each of the books to make sure that the proper changes were made and no illegal changes, e.g., claiming copyrights, which Mr. Bailey is not authorized to grant. AVKO will allow Wave 3 to claim copyrights to its student workbooks but NOT to the teacher editions.

 Don McCabe, President and Research Director Emeritus,
AVKO Educational Research Foundation
3084 Willard Road Birch Run, MI 48415-9404
Phone: (810) 686-9283   Fax: (810) 686-1101
[Website] http://www.avko.org

10

**From:** Don McCabe [mailto:donmccabe1@gmail.com]
**Sent:** Wednesday, April 20, 2016 8:22 AM
**To:** Thomas Morrow <Thomas@wave3learning.com>; RobertM195 <RobertM195@aol.com>
**Subject:** Why no response?
Mr. Morrow,

I would like to remind you that Wave 3 and AVKO are not currently in litigation. You should feel free to contact me directly without having to spend up to a thousand dollars for e-mail analysis (or "vetting") by your attorneys.

My question to you is very simple. Are you going to submit **a printer's proof** of each of your books for AVKO to approve or demand changes?

I know you said you would make some of the changes that Mr. Bailey said were reasonable and necessary to get our approval. But saying and doing are not the same thing. I do hope that this time you will honor the settlement agreement that you signed in front of a judge. I do hope that you are not planning to breach the contract.

May God smile on you today.

Don McCabe, President and Research Director Emeritus,
AVKO Educational Research Foundation
3084 Willard Road Birch Run, MI 48415-9404
Phone: (810) 686-9283   Fax: (810) 686-1101
[Website] http://www.avko.org

---

**From:** Don McCabe [mailto:donmccabe1@gmail.com]
**Sent:** Thursday, April 21, 2016 8:01 AM
**To:** Thomas Morrow <Thomas@wave3learning.com>; RobertM195 <RobertM195@aol.com>
**Subject:** license
Mr. Morrow,
Just a reminder that Wave 3 is not licensed to reproduce and distribute *Individualized Keyboarding* which you have prominently displayed on your website. I don't think I need to explain the meaning of breach of contract.
By the way, when can AVKO expect delivery of the printer's proof of *Wave 3 Sequential Spelling 1 Teacher Edition Revised* and its Student Workbook?

We would like to have you up and running so that you can make the initial $25,000 payment. We do want you to be successful in your endeavor if only to provide a steady "income stream" that AVKO's attorneys have promised.

11

May God smile on you today.

Don McCabe, President and Research Director Emeritus,
AVKO Educational Research Foundation
3084 Willard Road Birch Run, MI 48415-9404
Phone: (810) 686-9283   Fax: (810) 686-1101
[Website] http://www.avko.org

---

**From:** Don McCabe [mailto:donmccabe1@gmail.com]
**Sent:** Thursday, April 21, 2016 11:03 AM
**To:** Thomas Morrow <thomas@wave3learning.com>; RobertM195 <RobertM195@aol.com>
**Subject:** Re: license
Mr. Morrow,

Thank you for your polite response. In it you said, and I quote:

"With regard to proofs, I believe the attorneys have worked out a good solution that satisfies both sides so we can put that aside for now."
That is news to me. I know of no such resolution agreed upon by our attorneys other than the settlement agreement.
That you have the $25,000 ready to go, is welcome news. I'm sure AVKO's attorneys are waiting for the full $25,000 mentioned as a down payment in the agreement and not a penny less as none of that will ever come to AVKO.

That's why I am positive that they would agree that whatever monies Wave 3 earns through AVKO's sales should be held in trust until all the payments due AVKO are paid to AVKO's attorneys.
I am not going to ask them whether or not that is "kosher." Their legal opinion would cost AVKO more than the piddling amount of money due Wave 3 per agreement.
You might have noticed that I did not cc the attorneys in my email or in response to your email. AVKO has to cut corners.

If you want to check with your attorneys and spend more money for an opinion than you can get from AVKO's prompt adherence to that provision, that's your prerogative.
Perhaps it is time for Wave 3 to trust AVKO and cooperate with AVKO.
May God smile on you today.

Don McCabe, President and Research Director Emeritus,
AVKO Educational Research Foundation
3084 Willard Road Birch Run, MI 48415-9404
Phone: (810) 686-9283   Fax: (810) 686-1101
[Website] http://www.avko.org

---

12

**From:** Don McCabe [mailto:donmccabe1@gmail.com]
**Sent:** Wednesday, April 27, 2016 8:18 AM
**To:** Thomas Morrow <Thomas@wave3learning.com>
**Subject:** Reminder
Mr. Morrow:

When can AVKO expect to receive a printer's proof of your books so that we can know whether or not you abided by Mr. Bailey's quasi-legal opinion?

May God smile on you today.

Don McCabe, President and Research Director Emeritus,
AVKO Educational Research Foundation
3084 Willard Road Birch Run, MI 48415-9404
Phone: (810) 686-9283   Fax: (810) 686-1101
[Website] http://www.avko.org

---

**From:** Don McCabe [mailto:donmccabe1@gmail.com]
**Sent:** Wednesday, April 27, 2016 2:19 PM
**To:** Thomas Morrow <thomas@wave3learning.com>
**Subject:** Re: FW: Reminder

You didn't answer my question. Or don't you understand what a proof copy is? It would be a costly error on your part to have a printing that doesn't get approved. As far as our sales are concerned, whatever might be due you will be kept in trust until the full amount of the settlement has been paid to our attorneys.

May God smile on you today.

Don McCabe, President and Research Director Emeritus,
AVKO Educational Research Foundation
3084 Willard Road Birch Run, MI 48415-9404
Phone: (810) 686-9283   Fax: (810) 686-1101
[Website] http://www.avko.org

---

**From:** Don McCabe [mailto:donmccabe1@gmail.com]
**Sent:** Friday, April 29, 2016 8:37 AM
**To:** Thomas Morrow <thomas@wave3learning.com>; Brian Noack <Briann@wonoip.com>; RobertM195 <RobertM195@aol.com>
**Cc:** jbailey@dynamicliteracy.com; Matt Grothouse <matt@saperlaw.com>; Daliah Saper <ds@saperlaw.com>
**Subject:** Re: Level One TG with One Copyright Year

13

Mr. Bailey, Morrow, GrotHouse, Noack and Ms. Saper:

The name is unchanged. Putting Wave 3 Learning, Inc. in six point above the Sequential Spelling 1 on the cover hardly qualifies it as making it distinguishable from AVKO's Sequential Spelling 1. Claiming the copyright to Sequential Spelling, no matter what date is put, is unacceptable. The agreement reached on February 24, 2016 did not include copyrights It was strictly only for exclusive publishing rights in the U.S. and Canada and the license was also limited by time as well as territory.
Note: We did not object to the copyrighting of the student workbooks even though they do contain elements that are from AVKO's copyrighted Engaging Language Kits 1-7.

AVKO's attorneys are and were well aware of the fact that had any language used in the agreement could possibly be inferred as a licensing of copyrights, I would never have signed the agreement. Wave 3 already has had two bites at that apple. The judge threw out their motion to grant copyrights. I really don't think that Mr. Bailey is/was authorized to grant what the courts have refused to grant.

May God smile on you today.

Don McCabe, President and Research Director Emeritus,
AVKO Educational Research Foundation
3084 Willard Road Birch Run, MI 48415-9404
Phone: (810) 686-9283   Fax: (810) 686-1101
[Website] http://www.avko.org

---

**From:** Don McCabe [mailto:donmccabe1@gmail.com]
**Sent:** Saturday, April 30, 2016 8:12 AM
**To:** Thomas Morrow <Thomas@wave3learning.com>; RobertM195 <RobertM195@aol.com>; Brian Noack <Briann@wonoip.com>
**Subject:** Breach of Contract

Mr. Morrow,
As far as I am concerned, you are not only in breach of contract (The February 23, 2017 Settlement Agreement) but are also unlawfully interfering with AVKO's customers.

To tell an AVKO customer that they "may not under any circumstances make any further purchases from AVKO without becoming liable for copyright and trademark infringement" is totally uncalled for.

#1 You do not own nor have a license to claim the copyrights to Sequential Spelling. Mr. Bailey cannot grant you what the courts would not.
#2 You have not yet paid any of the $100,000 agreed upon settlement.  All licenses require payment-- not just a promise of a payment.

#3 You have implied some of the terms of the settlement agreement (and one of them, incorrectly) to some of AVKO's customers violating the non-disclosure clause.

14

Please cease this activity or we will, in your words, "act accordingly."

Don McCabe, President and Research Director Emeritus,

AVKO Educational Research Foundation

3084 Willard Road Birch Run, MI 48415-9404

Phone: (810) 686-9283   Fax: (810) 686-1101

[Website] http://www.avko.org

---

**From:** Don McCabe [mailto:donmccabe1@gmail.com]

**Sent:** Wednesday, May 11, 2016 9:13 AM

**To:** Thomas Morrow <Thomas@wave3learning.com>; Daliah Saper <ds@saperlaw.com>; RobertM195 <RobertM195@aol.com>; Adam Wolek <adamw@wonoip.com>

**Subject:** Breach of Contract plus interference

Mr. Morrow,

You are continuing to breach the February 23, 2016 agreement by posting on your website that you have been licensed the copyrights and trademarks to Sequential Spelling.  You may not claim AVKO has acquiesced. You have only been licensed to publish your derivative of Sequential Spelling.  The Student Work books while technically and legally are infringing upon AVKO's copyrighted student response book and the *Engaging Language Kits*, AVKO has implied an unwillingness to further enrich our attorneys by opposing your copyrighting of the Wave 3 workbooks.

Your letter to distributors such as Inquisicorps, Rainbow, etc., are uncalled interference in commerce as well as desperate threats.

Please stop this.

And by the way, all our mutual distributors will be able to purchase whatever AVKO product they desire from a firm that has acquired a license from AVKO to reproduce and distribute all the AVKO materials with the exception of your Wave 3 Learning, Inc. Sequential Spelling Levels 1-7 derivatives.

May God smile on you today.

Don McCabe, President and Research Director Emeritus,

AVKO Educational Research Foundation

3084 Willard Road Birch Run, MI 48415-9404

Phone: (810) 686-9283   Fax: (810) 686-1101

[Website] http://www.avko.org

---

From: **Don McCabe** <donmccabe1@gmail.com>

Date: Thu, May 12, 2016 at 10:45 AM

Subject: Another continuing violation of the agreement

To: Thomas Morrow <Thomas@wave3learning.com>, Daliah Saper <ds@saperlaw.com>, Adam Wolek <adamw@wonoip.com>, RobertM195 <RobertM195@aol.com>

Mr. Morrow:

On your website you say:

"Sequential Spelling For Adults is the introductory text for adults.  **Please note that in the Classical Edition, there ARE adult words!**  These have been removed in the Revised Edition."

You have not been licensed to publish Sequential Spelling for Adults. What you are doing is infringing on our copyrights. And according to the agreement there is a non-disparaging clause. Your putting in bold that the Classical Edition (sic) meaning AVKO's edition
 is implying that highly inappropriate words such as or similar to the F word were used.

I do think it is time for just the two of us to have a sit down conference with Judge Finnegan so our lawyers won't get another 30 or 40 thousand dollars.

May God smile on you today.

Don McCabe, President and Research Director Emeritus,
AVKO Educational Research Foundation
3084 Willard Road Birch Run, MI 48415-9404
Phone: (810) 686-9283  Fax: (810) 686-1101
[Website] http://www.avko.org

16

# EXHIBIT C

**From:** Don McCabe [mailto:donmccabe1@gmail.com]
**Sent:** Friday, April 1, 2016 8:16 AM
**To:** jbailey@dynamicliteracy.com; Brian Noack <Briann@wonoip.com>; Daliah Saper
<ds@saperlaw.com>; Thomas Morrow <Thomas@wave3learning.com>; RobertM195
<RobertM195@aol.com>
**Subject:** Reasonable Approval

Dear Mr. Bailey,

The package you will be receiving from Thomas Morrow contains AVKO's requirements for
change IF and ONLY IF Wave 3 were to be given exclusive rights to publish the copyrighted
Sequential Spelling. What Wave 3 wants is exclusive rights to publish their derivatives. This
AVKO grants provided they make the following simple and reasonable corrections.

Corrections that need to be made in order for the Wave 3 Learning derivative of AVKO's copyri
ghted Sequential Spelling
NOT TO APPEAR the same as AVKO's.

1. The name should be changed. The words Sequential Spelling may be part of the title
provided it is something on the order of
Wave 3 Sequential Spelling 1 or *Wave 3 Sequential Spelling Teacher Edition Revised. etc.*

2.
As Don McCabe had nothing to do with the revisions, the authorship should be listed as "by Don
McCabe with additional editing and revisions
by Thomas Morrow and Marjorie Lock or something to that effect.

3.
The Art Work on the cover MUST BE CHANGED. It is exactly the same as AVKO's Sequential
Spelling 1.

4.
On copyright page: Copyright © 2011 Wave 3 Learning, Inc. MUST BE CHANGED to Copyrig
ht © 2011 AVKO Educational Research
Foundation, Inc. AVKO owns the copyrights and has only granted Wave 3 exclusive publishing r
ights (reproduction and distribution of the
printed version) but no other rights including those of an electronic nature.

5. On copyright page "1 Printing" should be changed as it cannot possibly be the first printing.

6, A new ISBN number is required by law.

Pages 3-8 -- OK as is.

Pages 9-57 (recommendations only) 1. Use a larger font. 2. Have a little white space between the underscoring used to separate one part of the page from another.

If you happen to agree that AVKO's requests are reasonable for this book, this could very possibly be the end of your playing umpire. The changes to all the other 13 Wave 3 books that you will be asked to judge separately fall into the same categories.

1. Cover Art to be changed so as not to confuse buyers.

2. Correct the copyright notices on the Teacher Editions.

3. Wave 3 has AVKO's permission to claim copyrights to their seven Student Workbooks so long as they recognize that they have AVKO's permission to use some passages and ideas from Brian McCabe's Engaging Language Kits 1-7.

4. Give credit to those who worked to edit and revise such as Marjorie Lock and Thomas Morrow.

5. Have new ISBN numbers for all these new editions.

Sincerely,

Don McCabe, President and Research Director Emeritus,
AVKO Educational Research Foundation
3084 Willard Road Birch Run, MI 48415-9404
Phone: (810) 686-9283  Fax: (810) 686-1101
[Website] http://www.avko.org

# EXHIBIT D



**Matt Grothouse <matt@saperlaw.com>**

## AVKO's Approval of Wave 3's Revised Works

**Matt Grothouse** <matt@saperlaw.com>                          Mon, Apr 4, 2016 at 12:40 PM
To: jbailey@dynamicliteracy.com
Cc: Brian Noack <briann@wonoip.com>, Adam Wolek <adamw@wonoip.com>, Daliah Saper <ds@saperlaw.com>
Bcc: Thomas Morrow <thomas@wave3learning.com>

Dear Mr. Bailey,

It appears as though we can streamline this approval process by simply having you to determine the reasonableness of Mr. McCabe's requirements set forth in his April 1st email to you.

As Mr. McCabe makes clear, these requirements apply with equal force to each of the revised works. Thus, your approval of Wave 3's responses to these requirements applies to all the revised works at issue.

Please note that Wave 3 does not believe that each of Mr. McCabe's requirements are necessary, nor does Wave 3 believe that AVKO's denial of approval based on such requirements would be "reasonable;" nevertheless, Wave 3--in the spirit of cooperation and compromise--agrees to the requirements as set forth below.

**1.The name should be changed. The words Sequential Spelling may be part of the title provided it is something on the order of Wave 3 Sequential Spelling 1 or *Wave 3***

***Sequential Spelling Teacher Edition Revised. etc.***

Wave 3 will change the titles of the revised works to (for example):

*Wave 3 Learning, Inc.'s*

Sequential Spelling 1: Teacher Edition

**2.As Don McCabe had nothing to do with the revisions, the authorship should be listed as**

**"by Don McCabe with additional editing and revisions by Thomas Morrow and Marjorie
Lock or something to that effect.**

For the revised Teacher Editions, Wave 3 will list the authorship credit as follows:

õBy Thomas Morrow and Marjorie Lock. The original [name of work] is authored by Don McCabe.ö

This makes it clear that Mr. McCabe is responsible for the content in the original and that Thomas and Marjorie are responsible for the revisions/content in the Wave 3 edition.

**3. The Art Work on the cover MUST BE CHANGED. It is exactly the same as AVKO's**

**Sequential Spelling 1.**

Wave 3 will change the color scheme of the original illustrations to differentiate the revised version from the original version.  The new colors scheme will use the basic pantone color spectrum: Pantone Yellow (Level 1), Pantone Orange (Level 2), Pantone Red (Level 3), Pantone Green (Level 4), Pantone Light Blue (Level 5), Pantone Dark Blue (Level 6).  Although Wave 3 believes that incorporating "Wave 3 Learning, Inc." into the title sufficiently makes it clear that it is a revised/different version from the original, Wave 3-- in the spirit of compromise--will change the color scheme to further differentiate the books.  Requiring Wave 3 to pay for an altogether different illustration is both unnecessary and unreasonable.

**4. On copyright page: Copyright © 2011 Wave 3 Learning, Inc. MUST BE CHANGED to**

**Copyright © 2011 AVKO Educational Research Foundation, Inc. AVKO owns the**

**Copyrights and has only granted Wave 3 exclusive publishing rights (reproduction**

**and distribution of the printed version)**

For the Revised Teacher Editions, Wave 3 will list the copyright as follows:

Copyright © 2016 Wave 3 Learning, Inc. (a derivative of Copyright © 19?? AVKO Educational Research Foundation, Inc.).

For the Student Workbooks, Wave 3 will list the copyright as follows:

Copyright © 2011 Wave 3 Learning, Inc. (a derivative of Copyright © 19?? AVKO Educational Research Foundation, Inc.).   The ideas and passages taken from Brian McCabe's Engaging Language Kits 1-7 and incorporated into this work, if any, are used with AVKO Educational Research Foundation Inc.'s express permission.

**5. On copyright page "1 Printing" should be changed as it cannot possibly be the**

**first printing.**

As revisions will be made to each work in accordance with AVKO's wishes, it will be the first printing so "1 Printing" I think is accurate.

**6. A new ISBN number is required by law.**

Wave 3 will not use AVKO's ISBN numbers on any of the revised works.

**Pages 3-8 -- OK as is.**

Perfect.

**Pages 9-57 (recommendations only) 1. Use a larger font. 2. Have a little white space between the underscoring used to separate one part of the page from another.**

These recommendations are duly noted.

**If you happen to agree that AVKO's requests are reasonable for this book, this could very possibly be the end of your playing umpire. The changes to all the other 13 Wave 3 books that you will be asked to judge separately fall into the same categories.**

Wave 3 agrees. In accordance with AVKO's sentiments, Mr. Bailey's decision regarding the 1-6 requirements (or 1-5 later on in Mr. McCabe's email) should govern the approval of all of the other works. Hopefully, we can complete this approval process expeditiously.

Should your determine that Wave 3's changes are sufficient (or more than sufficient), please send an email explicitly stating so to me and the individuals cc'd on this email. This will constitute approval. Should you condition approval on any additional requirement, please make that requirement clear in an email to me and the individuals cc'd to this email. Please keep in mind the approval standard: "Is denying approval on this basis reasonable?"

If you should have any questions, please send that question(s) to me and the three individuals cc'd to this email.

Best Regards,

**Matt Grothouse**
**Associate Attorney**
Saper Law Offices, LLC
505 North LaSalle, Suite 350
Chicago, IL 60654
T: 312.527.4100
matt@saperlaw.com

# EXHIBIT E



**Matt Grothouse <matt@saperlaw.com>**

---

## AVKO's Approval of Wave 3's Revised Works

---

**Jerry Bailey** <jbailey@dynamicliteracy.com>          Fri, Apr 15, 2016 at 10:27 AM
Reply-To: jbailey@dynamicliteracy.com
To: Matt Grothouse <matt@saperlaw.com>
Cc: Brian Noack <briann@wonoip.com>, Adam Wolek <adamw@wonoip.com>, Daliah Saper <ds@saperlaw.com>

---

Dear Ma   et. al.,


I have completed my review of the items in dispute regarding *Sequen al Spelling* printed materials.


As an outsider looking at this situa  on, I don't know what ac  ons caused the ri   between AVKO and Wave 3 but I imagine both organiza  ons were started with the noble goal of helping children learn. The technicali  es of authorship and cita  ons are meaningless to consumers. I can imagine the focus, energy, and resources spent on this dispute, and it is my sincere hope that both organiza  ons can refocus on being successful by helping students be successful.


The standard I applied to each item is as follows:


1. Is the proposed change reasonable?

2. Will the change cause confusion for customers?

3. Does the change place an undue burden on either party?


I have underlined my comments to make them easier to find.


**1.The name should be changed. The words Sequential Spelling may be part of the title provided it is something on the order of Wave 3 Sequential Spelling 1 or *Wave 3 Sequential Spelling Teacher Edition Revised. etc.***

Wave 3 will change the titles of the revised works to (for example):

*Wave 3 Learning, Inc.'s*

Sequential Spelling 1: Teacher Edition

**Finding**: The solution proposed by Wave 3 Learning is reasonable and acceptable.

**2.As Don McCabe had nothing to do with the revisions, the authorship should be listed as**

**"by Don McCabe with additional editing and revisions by Thomas Morrow and Marjorie**

**Lock or something to that effect.**

For the revised Teacher Editions, Wave 3 will list the authorship credit as follows:

%By Thomas Morrow and Marjorie Lock. The original [name of work] is authored by Don McCabe.+

**Finding**: The solution proposed by Wave 3 Learning is reasonable and acceptable with the following change: replace "is authored by Don McCabe" with "was authored by Don McCabe". As most of the items in this dispute center around the establishment of *different* works, these different works are in fact authored by Thomas and Marjorie, and the proposed solution still recognizes the original author from whom the work was derived.

**3. The Art Work on the cover MUST BE CHANGED. It is exactly the same as AVKO's Sequential Spelling 1.**

Wave 3 will change the color scheme of the original illustrations to differentiate the revised version from the original version.  The new colors scheme will use the basic pantone color spectrum: Pantone Yellow (Level 1), Pantone Orange (Level 2), Pantone Red (Level 3), Pantone Green (Level 4), Pantone Light Blue (Level 5), Pantone Dark Blue (Level 6).  Although Wave 3 believes that incorporating "Wave 3 Learning, Inc." into the title sufficiently makes it clear that it is a revised/different version from the original, Wave 3-- in the spirit of compromise--will change the color scheme to further differentiate the books.  Requiring Wave 3 to pay for an altogether different illustration is both unnecessary and unreasonable.

**Finding**: The solution proposed by Wave 3 Learning is reasonable and acceptable. The changes in colors, title, and authorship are enough to differentiate the books.

**4. On copyright page: Copyright © 2011 Wave 3 Learning, Inc. MUST BE CHANGED to**

Case: 1:16-cv-05643 Document #: 32 Filed: 09/09/16 Page 67 of 100 PageID #:184

**Copyright © 2011 AVKO Educational Research Foundation, Inc. AVKO owns the**

**Copyrights and has only granted Wave 3 exclusive publishing rights (reproduction**

**and distribution of the printed version)**

For the Revised Teacher Editions, Wave 3 will list the copyright as follows:

Copyright © 2016 Wave 3 Learning, Inc. (a derivative of Copyright © 19?? AVKO Educational Research Foundation, Inc.).

**Finding**: The solution proposed by AVKO implies a poor relationship between the parties ("AVKO owns the copyrights and has only granted") and could be a negative to a customer. Because the content has been revised, it is in fact a new copyright. Wave 3's proposed citation recognizes that copyright but still gives sufficient credit to AVKO. I find the solution proposed by Wave 3 Learning to be reasonable and acceptable.

For the Student Workbooks, Wave 3 will list the copyright as follows:

Copyright © 2011 Wave 3 Learning, Inc. (a derivative of Copyright © 19?? AVKO Educational Research Foundation, Inc.).  The ideas and passages taken from Brian McCabe's Engaging Language Kits 1-7 and incorporated into this work, if any, are used with AVKO Educational Research Foundation Inc.'s express permission.

**Finding**: This is consistent with my comments about the Teacher Editions. If the student books have been revised since 2011, that copyright date should be updated.

**5. On copyright page "1 Printing" should be changed as it cannot possibly be the first printing.**

As revisions will be made to each work in accordance with AVKO's wishes, it will be the first printing so "Printing 1" I think is accurate.

**Finding**: Why is this reference even necessary? I recommend removing it entirely. If this is important to both parties, revisions, a new ISBN number (see #6), and the cover changes (see #3)  make the case that it will in fact be a first printing.

**6. A new ISBN number is required by law.**

Wave 3 will not use AVKO's ISBN numbers on any of the revised works.

**Finding**: The solution proposed by Wave 3 Learning is reasonable and acceptable. Please note that the use of a new ISBN number is in and of itself

recognition that these are different works.

**Pages 9-57 (recommendations only) 1. Use a larger font. 2. Have a little white space between the underscoring used to separate one part of the page from another.**

These recommendations are duly noted.

**Finding**: As these are recommendations only and have been recognized as such, I encourage Wave 3 to consider them if in its judgment they result in improvements to the product.

I hope this is sufficient to bring my involvement in this ma  er to a close.

Jerry Bailey

President & Chief Execu  ve Officer

Dynamic Literacy

PO Box 388

Lake Junaluska, NC 28745

888-696-8597

888-768-2906 (fax)

jbailey@dynamicliteracy.com

www.dynamicliteracy.com

www.dynamichomeschool.com

www.wordbuildonline.com

Before you cri cize someone, you should walk a mile in his shoes.

Then, if he gets mad, you're a mile away and you have his shoes.

---

**From:** Matt Grothouse [mailto:matt@saperlaw.com]
**Sent:** Monday, April 04, 2016 1:41 PM
**To:** jbailey@dynamicliteracy.com
**Cc:** Brian Noack; Adam Wolek; Daliah Saper
**Subject:** AVKO's Approval of Wave 3's Revised Works

[Quoted text hidden]

# EXHIBIT F



**Matt Grothouse <matt@saperlaw.com>**

## Mr. McCabe Requests

**Thomas Morrow** <thomas@wave3learning.com>                     Wed, Apr 27, 2016 at 10:10 PM
To: jbailey@dynamicliteracy.com
Cc: Matt Grothouse <matt@saperlaw.com>, Daliah Saper <ds@saperlaw.com>

Good morning, Mr. Bailey.


Mr. McCabe has another request.  He would like you to certify that the attached printers files have the changes you had mandated.  I apologize for this imposition on your time to which you had not agreed beforehand.


Best regards,

Thomas Morrow

President

Wave 3 Learning, Inc.

126 E. Wing St. Ste 240

Arlington Heights, IL 60004

Ph: 1-888-WAV-3LRN (928-3576)


---

**2 attachments**



**Teacher ONE 4_27_16.pdf**
939K

**Teacher one small.pdf**
184K

# EXHIBIT G

Case: 1:16-cv-05643 Document #: 32 Filed: 09/09/16 Page 73 of 100 PageID #:190



**Matt Grothouse <matt@saperlaw.com>**

## Mr. McCabe Requests

**Jerry Bailey** <jbailey@dynamicliteracy.com>                                          Thu, Apr 28, 2016 at 8:52 AM
Reply-To: jbailey@dynamicliteracy.com
To: Thomas Morrow <thomas@wave3learning.com>
Cc: Matt Grothouse <matt@saperlaw.com>, Daliah Saper <ds@saperlaw.com>

Mr. Morrow, et. al.,

It all appears to keep to the letter and spirit of the changes I approved.

I do have one question. Near the bottom of the copyright page it shows:

Morrow, Thomas A.., *Sequential Spelling*.ô  Rev. ed., Arlington Heights, IL:

*Wave 3 Learning*, Inc. c2011. Volume 1 of a 7 Volume series.

Is this an internal company reference, or does it need to be consistent with the rest of the copyright information, e.g. Copyright 2016?

Jerry Bailey

President & Chief Executive Officer

Dynamic Literacy

PO Box 388

Lake Junaluska, NC 28745

888-696-8597

888-768-2906 (fax)

jbailey@dynamicliteracy.com

www.dynamicliteracy.com

www.dynamichomeschool.com

www.wordbuildonline.com

Before you criticize someone, you should walk a mile in his shoes.

Then, if he gets mad, you're a mile away and you have his shoes.

---

**From:** Thomas Morrow [mailto:thomas@wave3learning.com]
**Sent:** Wednesday, April 27, 2016 11:10 PM
**To:** jbailey@dynamicliteracy.com
**Cc:** 'Matt Grothouse'; 'Daliah Saper'
**Subject:** Mr. McCabe Requests

[Quoted text hidden]

EXHIBIT H

| Date | Party | Amount ($) | SS1 |
|------|-------|-----------:|----:|
| 2/29/2016 | I | 21 | None |
| 2/29/2016 | I | 4 | None |
| 2/29/2016 | I | 56 | None |
| 2/29/2016 | I | 31 | 15 |
| 2/29/2016 | Gateway Curriculum Center | 84.5 | 54 |
| 2/29/2016 | I | 14 | None |
| 2/29/2016 | I | 25 | None |
| 2/29/2016 | I | 81 | None |
| 2/29/2016 | I | 18 | None |
| 2/29/2016 | I | 10 | None |
| 2/29/2016 | I | 31 | None |
| 2/29/2016 | Rainbow Resouces | 972 | 240 |
| 3/7/2016 | I | 56 | 50 |
| 3/7/2016 | Little Giant Steps | 87.5 | 37.5 |
| 3/7/2016 | I | 216.5 | 30 |
| 3/7/2016 | I | 14 | None |
| 3/7/2016 | I | 25 | None |
| 3/7/2016 | I* | 25 | None |
| 3/7/2016 | I* | 19 | None |
| 3/7/2016 | I | 24 | None |
| 3/7/2016 | I* | 14 | None |
| 3/14/2016 | I | 44 | None |
| 3/14/2016 | I | 10 | None |
| 3/14/2016 | I | 10 | None |
| 3/14/2016 | I | 31 | 15 |
| 3/14/2016 | I | 56 | 50 |
| 3/14/2016 | I | 14 | None |
| 3/14/2016 | I | 46 | None |
| 3/14/2016 | I | 19 | None |
| 3/14/2016 | I | 14 | None |
| 3/14/2016 | I | 4 | None |
| 3/14/2016 | South Sutter Charter School | 99 | 30 |
| 3/14/2016 | The Learning House Inc. | 134.45 | 67.5 |
| 3/14/2016 | West Brooke Curriculum | 181.8 | 33.75 |
| 3/14/2016 | Care Books And More | 83 | 40.5 |
| 3/14/2016 | Rainbow Resouces | 1400 | 570 |
| 3/17/2016 | Northfield Public School | 99 | 30 |

| | | | |
|---|---|---|---|
| 3/18/2016 | I | 10 | None |
| 3/18/2016 | I | 21 | None |
| 3/18/2016 | InquisiCorp Corp. | 1679.72 | 660 |
| 3/21/2016 | I | 21.9 | None |
| 3/21/2016 | I | 36 | None |
| 3/21/2016 | I | 25 | None |
| 3/21/2016 | I | 25 | None |
| 3/21/2016 | I | 10 | None |
| 3/21/2016 | I | 74 | 70 |
| 3/25/2016 | I* | 5 | None |
| 3/25/2016 | I | 4 | None |
| 3/25/2016 | I | 115.5 | None |
| 3/25/2016 | I | 10 | None |
| 3/25/2016 | I | 25 | None |
| 3/25/2016 | I* | 25 | None |
| 3/25/2016 | I* | 25 | None |
| 3/25/2016 | Brady Bunch Pickers | 10 | None |
| 3/25/2016 | I* | 10 | None |
| 3/25/2016 | I* | 5 | None |
| 3/28/2016 | I | 24 | None |
| 3/28/2016 | I | 29 | None |
| 3/28/2016 | I | 25 | None |
| 3/28/2016 | I | 25 | None |
| 3/28/2016 | I | 10 | None |
| 3/28/2016 | Connecting Waters Charter Schoo | 110 | 50 |
| 3/28/2016 | Google | 149.93 | None |
| 3/30/2016 | Golden Valley Charter School | 126.5 | None |
| 3/30/2016 | I | 10 | None |
| 3/30/2016 | I | 10 | None |
| 4/1/2016 | I | 36 | 30 |
| 4/1/2016 | I* | 10 | None |
| 4/1/2016 | I | 45 | None |
| 4/4/2016 | I | 10 | None |
| 4/4/2016 | I | 10 | None |
| 4/4/2016 | I* | 25 | None |
| 4/4/2016 | I | 10 | None |
| 4/4/2016 | I | 10 | None |
| 4/4/2016 | I* | 12 | None |

| | | | |
|---|---|---|---|
| 4/4/2016 | I | 2.5 | None |
| 4/4/2016 | I* | 36 | 30 |
| 4/7/2016 | InquisiCorp Corp. | 1609.26 | 900 |
| 4/11/2016 | I | 5 | None |
| 4/11/2016 | I | 10 | None |
| 4/11/2016 | I* | 14 | None |
| 4/11/2016 | I* | 10 | None |
| 4/11/2016 | I | 10 | None |
| 4/11/2016 | I | 10 | None |
| 4/11/2016 | I | 25 | None |
| 4/11/2016 | I | 19 | None |
| 4/11/2016 | I | 4 | None |
| 4/11/2016 | I* | 7.5 | None |
| 4/11/2016 | Forest Charter School | 31 | 15 |
| 4/13/2016 | Joy Center of Learning | 260 | 67.5 |
| 4/13/2016 | South Sutter Charter School | 56 | 50 |
| 4/13/2016 | I | 10 | None |
| 4/13/2016 | I* | 58.5 | 37.5 |
| 4/13/2016 | I | 36 | None |
| 4/13/2016 | I* | 25 | None |
| 4/13/2016 | I | 15 | None |
| 4/13/2016 | I | 14 | None |
| 4/13/2016 | I | 8 | None |
| 4/18/2016 | I | 43.5 | 37.5 |
| 4/18/2016 | I* | 70 | None |
| 4/18/2016 | I** | 36 | None |
| 4/18/2016 | I** | 36 | None |
| 4/18/2016 | I* | 21 | None |
| 4/18/2016 | Rainbow Resouces | 420 | 240 |
| 4/18/2016 | I* | 25 | None |
| 4/18/2016 | Amazing Ambassadors | 25 | None |
| 4/18/2016 | I | 4 | None |
| 4/18/2016 | I | 14 | None |
| 4/20/2016 | I | 36 | None |
| 4/20/2016 | I | 10 | None |
| 4/20/2016 | I | 46 | None |
| 4/20/2016 | I | 25 | None |
| 4/25/2016 | Instructional Media Innovations | 2385 | None |

| | | | |
|---|---|---|---|
| 4/25/2016 | Wentworth York Ltd | 144.25 | 27 |
| 4/25/2016 | I* | 14 | None |
| 4/25/2016 | Rainbow Resouces | 1530 | 360 |
| 4/28/2016 | I* | 10 | None |
| 5/2/2016 | I | 61 | None |
| 5/2/2016 | I | 46 | 30 |
| 5/2/2016 | I* | 66 | 30 |
| 5/2/2016 | I | 14 | None |
| 5/2/2016 | I | 56 | None |
| 5/2/2016 | I | 21.9 | None |
| 5/2/2016 | Springboro, Community Schools | 179.45 | None |
| 5/2/2016 | I | 8 | None |
| 5/2/2016 | I* | 21 | None |
| 5/2/2016 | I* | 25 | None |
| 5/5/2016 | I | 70 | None |
| 5/5/2016 | I | 5 | None |
| 5/5/2016 | I | 56 | 50 |
| 5/9/2016 | I | 66 | None |
| 5/9/2016 | I* | 64 | None |
| 5/9/2016 | I* | 14 | None |
| 5/9/2016 | I | 4 | None |
| 5/9/2016 | I | 4 | None |
| 5/9/2016 | I | 45 | None |
| 5/9/2016 | I* | 25 | None |
| 5/9/2016 | I | 25 | None |
| 5/9/2016 | I | 25 | None |
| 5/9/2016 | I | 25 | None |
| 5/9/2016 | I | 25 | None |
| 5/9/2016 | I | 25 | None |
| 5/9/2016 | I | 14 | None |
| 5/11/2016 | I | 31 | 15 |
| 5/11/2016 | I | 36 | None |
| 5/11/2016 | I* | 5 | None |
| 5/11/2016 | I | 25 | None |
| 5/11/2016 | I | 10 | None |
| 5/11/2016 | I | 9 | None |
| 5/11/2016 | Instructional Media Innovations | 70 | None |
| 5/11/2016 | I | 25 | None |

| 5/13/2016 | I* | 331.5 | 37.5 |
|---|---|---|---|
| 5/13/2016 | I | 82.5 | 50 |
| 5/13/2016 | I** | 28 | None |
| 5/16/2016 | I** | 28 | None |
| 5/16/2016 | I | 4 | None |
| 5/16/2016 | I* | 4 | None |
| 5/16/2016 | I* | 5 | None |
| 5/16/2016 | I | 10 | None |
| 5/16/2016 | I | 4 | None |
| 5/16/2016 | I* | 25 | None |
| 5/16/2016 | I | 25 | None |
| 5/16/2016 | I | 15 | None |
| 5/16/2016 | I* | 25 | None |
| 5/16/2016 | I* | 74 | 22.5 |
| 5/16/2016 | West Brooke Curriculum | 111.25 | 40.5 |
| 5/16/2016 | I* | 25 | None |
| 5/20/2016 | I* | 25 | None |
| 5/20/2016 | I | 39 | None |
| 5/20/2016 | I | 21 | None |
| 5/20/2016 | A Brighter Child | 710.74 | 360 |
| 5/20/2016 | InquisiCorp Corp. | 1639.89 | 900 |
| 5/23/2016 | I | 4 | None |
| 5/23/2016 | I | 70 | None |
| 5/23/2016 | I | 56 | 50 |
| 5/23/2016 | Google | 124.02 | None |
| 5/27/2016 | I | 10 | None |
| 5/27/2016 | I | 25 | None |
| 5/27/2016 | I | 25 | None |
| 5/27/2016 | I | 56 | 30 |
| 5/27/2016 | I | 51 | 30 |
| 5/27/2016 | I | 10 | None |
| 5/27/2016 | I | 8 | None |
| 5/27/2016 | Springboro, Community Schools | 176.69 | None |
| 5/27/2016 | I | 20 | None |
| 5/31/2016 | The Learning House Inc. | 176.7 | 67.5 |
| 5/31/2016 | I | 31 | None |
| 5/31/2016 | I | 16 | None |
| 5/31/2016 | I | 10 | None |

| 5/31/2016 | I | 10 | None |
|---|---|---|---|
| 5/31/2016 | I | 25 | None |
| 5/31/2016 | I | 25 | None |
| 5/31/2016 | I | 70 | None |
| 5/31/2016 | I | 14 | None |
| 5/31/2016 | I | 25 | None |
| 6/2/2016 | I* | 14 | None |
| 6/2/2016 | I | 36 | None |
| 6/2/2016 | I | 8 | None |
| 6/2/2016 | I* | 20 | None |
| 6/2/2016 | I* | 10 | None |
| 6/2/2016 | I* | 4 | None |
| 6/2/2016 | I* | 25 | None |
| 6/2/2016 | I* | 25 | None |
| 6/2/2016 | InquisiCorp Corp. | 2470.74 | 630 |
| 6/6/2016 | I | 33 | None |
| 6/6/2016 | I | 5 | None |
| 6/6/2016 | I | 10 | None |
| 6/6/2016 | I | 77 | None |
| 6/6/2016 | I | 4 | None |
| 6/6/2016 | I | 10 | None |
| 6/6/2016 | I | 14 | None |
| 6/6/2016 | I | 25 | None |
| 6/6/2016 | I | 14 | None |
| 6/6/2016 | I | 14 | None |
| 6/7/2016 | J J Hipps Publishing | 25 | None |
| 6/8/2016 | I | 56 | 50 |
| 6/8/2016 | I | 40 | 15 |
| 6/8/2016 | I | 10 | None |
| 6/8/2016 | I* | 25 | None |
| 6/13/2016 | I | 10 | None |
| 6/13/2016 | I | 14 | None |
| 6/13/2016 | I | 60 | None |
| 6/13/2016 | I | 5 | None |
| 6/13/2016 | I* | 210 | 30 |
| 6/13/2016 | Raimbow Resouces | 960 | 60 |
| 6/15/2016 | I | 10 | None |
| 6/15/2016 | I* | 30 | None |

| | | | |
|---|---|---|---|
| 6/15/2016 | Quest for reading success | 15 | None |
| 6/15/2016 | I* | 25 | None |
| 6/15/2016 | I | 14 | None |
| 6/15/2016 | I | 25 | None |
| 6/15/2016 | I | 45 | None |
| 6/15/2016 | I* | 25 | None |
| 6/15/2016 | I | 10 | None |
| 6/15/2016 | I | 39 | None |
| 6/15/2016 | I* | 20 | None |
| 6/15/2016 | I* | 70 | None |
| 6/15/2016 | InquisiCorp Corp. | 1623.4 | 1470 |
| 6/17/2016 | I | 46 | 15 |
| 6/17/2016 | I | 21 | 15 |
| 6/20/2016 | I | 99 | 70 |
| 6/20/2016 | I* | 25 | None |
| 6/20/2016 | I | 4 | None |
| 6/20/2016 | I | 10 | None |
| 6/22/2016 | I | 25 | None |
| 6/22/2016 | I | 21 | 15 |
| 6/22/2016 | I | 110 | 50 |
| 6/24/2016 | I | 36 | None |
| 6/24/2016 | I | 36 | 30 |
| 6/24/2016 | I | 31 | None |
| 6/24/2016 | I | 46 | None |
| 6/24/2016 | I | 10 | None |
| 6/24/2016 | I | 10 | None |
| 6/27/2016 | I | 16 | None |
| 6/27/2016 | I | 14 | None |
| 6/27/2016 | I | 14 | None |
| 6/29/2016 | I | 55 | None |
| 6/29/2016 | I* | 10 | None |
| 6/29/2016 | I | 66 | 30 |
| 6/29/2016 | I | 56 | None |
| 7/5/2016 | I* | 26 | None |
| 7/5/2016 | I | 66 | 50 |
| 7/5/2016 | I | 56 | 15 |
| 7/5/2016 | I | 10 | None |
| 7/5/2016 | I* | 11 | None |

| 7/5/2016 | I | 74 | 70 |
|---|---|---|---|
| 7/5/2016 | Raimbow Resouces | 1000 | 360 |
| 7/5/2016 | I* | 19 | None |
| 7/11/2016 | I | 25 | None |
| 7/11/2016 | I* | 5 | None |
| 7/11/2016 | I | 5 | None |
| 7/11/2016 | I | 4 | None |
| 7/11/2016 | I | 5 | None |
| 7/11/2016 | I | 10 | None |
| 7/11/2016 | I | 10 | None |
| 7/11/2016 | I | 10 | None |
| 7/11/2016 | I | 10 | None |
| 7/11/2016 | I | 16 | None |
| 7/11/2016 | I | 36 | None |
| 7/13/2016 | West BrookeCurriculum | 76.5 | None |
| 7/13/2016 | InquisiCorp Corp. | 2989.13 | 1176 |
| 7/15/2016 | I | 66 | 50 |
| 7/15/2016 | I | 31 | 15 |
| 7/15/2016 | I* | 94.75 | None |
| 7/15/2016 | I | 21 | 15 |
| 7/15/2016 | I | 51 | None |
| 7/15/2016 | I | 41 | None |
| 7/15/2016 | I* | 25 | None |
| 7/15/2016 | I* | 25 | None |
| 7/15/2016 | I* | 25 | None |
| 7/15/2016 | I | 25 | None |
| 7/18/2016 | I | 31 | 15 |
| 7/18/2016 | I | 56 | 50 |
| 7/18/2016 | I* | 10 | None |
| 7/18/2016 | I | 46 | None |
| 7/21/2016 | I | 83.28 | None |
| 7/21/2016 | I | 56 | 15 |
| 7/21/2016 | I | 14 | None |
| 7/21/2016 | I | 14 | None |
| 7/21/2016 | I | 31 | None |
| 7/21/2016 | I | 66 | None |
| 7/21/2016 | I* | 25 | None |
| 7/21/2016 | I | 74 | None |

| | | | |
|---|---|---:|---:|
| 7/22/2016 | I* | 56 | None |
| 7/22/2016 | I | 26 | None |
| 7/22/2016 | I | 10 | None |
| 7/22/2016 | I* | 4 | None |
| 7/22/2016 | I | 56 | 15 |
| 7/22/2016 | I | 26 | None |
| 7/22/2016 | I | 4 | None |
| 7/22/2016 | I* | 25 | None |
| 7/22/2016 | I* | 25 | None |
| 7/22/2016 | I* | 56 | None |
| 7/25/2016 | I | 56 | None |
| 7/25/2016 | I | 31 | 15 |
| 7/25/2016 | I | 50 | 30 |
| 7/25/2016 | I | 10 | None |
| 7/25/2016 | I* | 10 | None |
| 7/25/2016 | I* | 14 | None |
| 7/25/2016 | I | 10 | None |
| 7/25/2016 | I | 14 | None |
| 7/25/2016 | I* | 25 | None |
| 7/25/2016 | I | 10 | None |
| 7/25/2016 | I | 10 | None |
| 7/27/2016 | I | 14 | None |
| 7/27/2016 | I | 5 | None |
| 7/27/2016 | I | 14 | None |
| 7/27/2016 | I* | 110 | None |
| 7/27/2016 | I | 93.5 | None |
| 7/27/2016 | I | 10 | None |
| 7/27/2016 | I | 25 | None |
| 7/29/2016 | I* | 25 | None |
| 7/29/2016 | I* | 43.5 | 22.5 |
| 7/29/2016 | I | 14 | None |
| 7/29/2016 | I | 50 | 30 |
| 7/29/2016 | I* | 43.5 | 37.5 |
| 7/29/2016 | I | 4 | None |
| 7/29/2016 | I* | 25 | None |
| 8/5/2016 | I | 121.5 | None |
| 8/5/2016 | I* | 10 | None |
| 8/5/2016 | I | 25 | None |

| 8/5/2016 | I | 10 | None |
|---|---|---|---|
| 8/5/2016 | I | 8 | None |
| 8/5/2016 | I | 74 | None |
| 8/8/2016 | I | 26 | 12.58 |
| 8/8/2016 | I* | 25 | None |
| 8/8/2016 | I | 10 | None |
| 8/8/2016 | I | 56 | 50 |
| 8/8/2016 | I | 8 | None |
| 8/8/2016 | I | 4 | None |
| 8/8/2016 | I | 56 | None |
| 8/10/2016 | I | 56 | None |
| 8/10/2016 | I | 16 | None |
| 8/10/2016 | I | 26 | None |
| 8/10/2016 | I | 16 | None |
| 8/10/2016 | I | 21 | None |
| 8/10/2016 | I | 26 | None |
| 8/10/2016 | I | 31 | 15 |
| 8/10/2016 | I | 66 | 50 |
| 8/10/2016 | I | 56 | None |
| 8/10/2016 | I | 56.75 | None |
| 8/10/2016 | I | 45 | None |
| 8/10/2016 | I | 18 | None |
| 8/10/2016 | I | 10 | None |
| 8/10/2016 | I* | 10 | None |
| 8/10/2016 | I | 5 | None |
| 8/10/2016 | Intelligent Design Consulting | 4 | None |
| 8/10/2016 | I* | 14 | None |
| 8/10/2016 | I* | 8 | None |
| 8/10/2016 | I | 14 | None |
| 8/10/2016 | I | 14 | None |
| 8/10/2016 | I | 4 | None |
| 8/10/2016 | I | 10 | None |
| 8/12/2016 | I | 46 | None |
| 8/12/2016 | I | 31 | 15 |
| 8/12/2016 | I | 21 | None |
| 8/12/2016 | I | 38 | None |
| 8/12/2016 | I | 14 | None |
| 8/12/2016 | Kiddley Divey Sewing | 14 | None |

| 8/12/2016 | I  | 4  | None  |
|-----------|----|----|-------|
| 8/12/2016 | I  | 4  | None  |
| 8/12/2016 | I  | 10 | None  |
| 8/12/2016 | I  | 31 | 25.83 |
| 8/12/2016 | I  | 4  | None  |
| 8/15/2016 | I  | 25 | None  |
| 8/15/2016 | I  | 31 | None  |
| 8/15/2016 | I  | 56 | 50    |
| 8/15/2016 | I  | 13 | None  |
| 8/15/2016 | I  | 33 | 12.07 |
| 8/15/2016 | I* | 34 | None  |
| 8/15/2016 | I  | 26 | 12.58 |
| 8/15/2016 | I  | 14 | None  |
| 8/15/2016 | I  | 14 | None  |
| 8/15/2016 | I* | 10 | None  |
| 8/15/2016 | I  | 10 | None  |

| Distributor revenue | 23945.42     |
|---------------------|--------------|
| SS1 revenue         | 3472.75      |
| **TOTAL :**         | **20472.67** |

| Distributor revenue | 23945.42     |
|---------------------|--------------|
| Individual +3 times | 625.5        |
| SS1 revenue         | 3472.75      |
| **TOTAL :**         | **21098.17** |

| Names of individuals | Wren (3)   |
|----------------------|------------|
|                      | Scott (3)  |
|                      | Hearne (3) |
|                      | Walker (4) |

EXHIBIT I

Case: 1:16-cv-05643 Document #: 32 Filed: 09/09/16 Page 88 of 100 PageID #:205



**Matt Grothouse <matt@saperlaw.com>**

## RE: In Compliance to TRO

3 messages

**Daliah Saper** <ds@saperlaw.com>    Fri, Jul 22, 2016 at 10:35 PM
To: Thomas Morrow <thomas@wave3learning.com>, Matt Grothouse <matt@saperlaw.com>

don't email Noak.
But this is believably unbelievable.

--
Daliah Saper
312.527.4100
www.saperlaw.com

**Get to know Saper Law: http://youtu.be/Q2g0zprTiQI
**Daliah Saper in the news: http://youtu.be/P4h4bpuAKRQ

On Jul 22, 2016 6:27 PM, "Thomas Morrow" <thomas@wave3learning.com> wrote:

> Now THAT'S funny!
>
>
> T
>
>
> **From:** Don McCabe [mailto:donmccabe1@gmail.com]
> **Sent:** Friday, July 22, 2016 5:23 PM
> **To:** Thomas Morrow <Thomas@wave3learning.com>; Joe Hipps <joehipps@jjhipps.com>; Daliah Saper
> <ds@saperlaw.com>; Brian Noack <Briann@wonoip.com>
> **Subject:** In Compliance to TRO
>
>
> Dear Mr. Morrow and Mr. Hipps,
>
>
> In reluctant but respectful compliance to the Hon. Judge James B. Zagel's Temporary Restraining Order dated July
> 21, 2016,
>
> and following the instruction of AVKO's vice-president and acting C.E.O. of AVKO, Robert
> McCabe, AVKO is hereby terminating
>
> both your licenses to duplicate and distribute (i.e.) sell % Sequential Spelling Levels 1-7 material and all
> derivatives thereof...+
>
>
> The preceding paragraph is AVKO's %certification that it has (1) ceased all sales and **terminated all licenses** of
> Sequential Spelling

Case: 1:16-cv-05643 Document #: 32 Filed: 09/09/16 Page 89 of 100 PageID #:206

Levels 1-7 material and all derivatives thereof to non-individuals, including and especially JJH Publishing;ō + Emphasis added.

As Wave 3 is the only other licensee, AVKO must also terminate its license.

However, it is possible that after 3:30 p.m. on August 4, 2016, AVKO will be able to re-license Wave 3 the publishing of their revised

editions of Sequential Spelling 1-7 and subsequent derivatives.

AVKO certainly wants to see a good online version of Sequential Spelling on the market. Its approval process, however, has been

interrupted by Wave 3 and by the TRO.

Likewise, it is possible that after 3:30 p.m. on August 4, 2016, AVKO will be able to re-license JJH Publishing so it may publish the

classic version of Sequential Spelling 1-7.

May God smile on you today.

Don McCabe, President and Research Director Emeritus,
AVKO Educational Research Foundation
3084 Willard Road Birch Run, MI 48415-9404
Phone: (810) 686-9283   Fax: (810) 686-1101
[Website] http://www.avko.org

---

**Daliah Saper** <ds@saperlaw.com>      Fri, Jul 22, 2016 at 10:36 PM
To: Matt Grothouse <matt@saperlaw.com>, Thomas Morrow <thomas@wave3learning.com>

Violation of paragraph 2 of TRO.

--
Daliah Saper
312.527.4100
www.saperlaw.com

**Get to know Saper Law: http://youtu.be/Q2g0zprTiQI
**Daliah Saper in the news: http://youtu.be/P4h4bpuAKRQ

[Quoted text hidden]

---

**Thomas Morrow** <thomas@wave3learning.com>      Sat, Jul 23, 2016 at 7:03 AM
To: Daliah Saper <ds@saperlaw.com>, Matt Grothouse <matt@saperlaw.com>

Could I trouble you for a copy of the transcript?

Alter ego, add McCabes, add RICO, add JJH/IMI, add Hipps, add Earl, they get an a   orney to hold their leash and we end this.

T

**From:** Daliah Saper [mailto:ds@saperlaw.com]
**Sent:** Friday, July 22, 2016 10:37 PM
**To:** Ma   Grothouse <matt@saperlaw.com>; Thomas Morrow <thomas@wave3learning.com>
**Subject:** RE: In Compliance to TRO

[Quoted text hidden]

EXHIBIT J



**Matt Grothouse <matt@saperlaw.com>**

___

## Fwd: Compliance

___

**Daliah Saper** <ds@saperlaw.com>          Thu, Jul 28, 2016 at 6:44 PM
To: Don McCabe <donmccabe1@gmail.com>
Cc: RobertM195 <RobertM195@aol.com>, Joe Hipps <joehipps@jjhipps.com>, Matt Grothouse <matt@saperlaw.com>

Mr. McCabe,

The Settlement Agreement plainly and clearly provides that Wave 3 has an exclusive license to the titles of Sequential Spelling Levels 1-7 (both Teacher Guides and Student Response Books) **and** all derivatives thereof. This includes AVKO's classic versions **and** all derivatives (such as the online program and Wave 3's newly revised additions if you wish to consider them derivative works) once they make it through the approval process. This license, which includes the rights to copy, distribute, publicly display, and make derivatives thereof, is a copyright license. I believe your attorneys tried to explain this to you multiple times but you refused to accept it.

Second, AVKO cannot terminate its exclusive license to Wave 3 and Judge Zagel did not order AVKO to do so. Any representations you make to third parties that AVKO terminated Wave's license or that Judge Zagel ordered you to do so constitutes non-compliance with the TRO and Judge Zagel's Contempt Order.

Third, AVKO cannot misrepresent to JJH Publishing that it can re-license the aforementioned material to it after Augusts 4th. AVKO has no rights to do so under the Settlement Agreement and such a license directly violates Wave 3's exclusive license as set forth in the Settlement Agreement. Continuing to represent to JJH Publishing that AVKO "may" re-license the aforementioned works after August 4th misrepresents AVKO's rights under the Settlement Agreement and therefore violates Judge Zagels TRO and Contempt Order.

To comply with the TRO, AVKO (and you as an agent of AVKO) must stop misrepresenting the terms of the Settlement Agreement. The below message to distributors will correct the standing misrepresentations:

-------------------------------------------------------

To Whom It May Concern:

Since February 24, 2016, Wave 3 has owned an exclusive copyright license to Sequential Spelling works Levels 1-7 and all derivatives thereof. This includes AVKO classic editions, Wave 3's newly revised additions, and all other approved derivatives (such as online programs).

Unfortunately, AVKO Educational Research Foundation, Inc. ("AVKO") violated Wave 3's exclusive license by licensing the aforementioned Sequential Spelling works to JJH Publishing, which in turn sold those works to other distributors and individuals. Consequently, any material purchased by you or other distributors from AVKO or from JJH Publishing after February 24, 2016 is unauthorized and infringing material. The sale of such material to consumers, moreover, constitutes copyright infringement. Please note that copyright infringement is a strict liability offense. This means you are liable for selling infringing works even if you thought you were purchasing authorized works.

On July 21, 2016, Judge James B. Zagel of the United States District Court for the Northern District of Illinois issued a Temporary Restraining Order ("TRO") requiring AVKO to "cease misrepresenting to third parties its rights and Wave 3's rights to the Sequential Spelling Levels 1-7 material and all derivatives thereof . . ." and temporarily restraining AVKO "and its officers, agents, servants, employees, and attorneys , and all those in active concert or participating with same (including JJH Publishing and any of its downstream distributors) . . . from selling to non-individuals, licensing other persons or entities to sell to all persons and entities, Sequential Spelling Levels 107 material and all derivatives thereof in contravention of Wave 3 Learning, Inc.s exclusive license . . ."

For all future purchases of Sequential Spelling material Levels 1-7 and all derivatives thereof, please contact Wave 3 Learning, Inc.


Sincerely,


Don McCabe


------------------------------
This fairly reflects the rights of each party under the Settlement Agreement and corrects the lingering mispresentations.


Best,


Daliah Saper

On Wed, Jul 27, 2016 at 5:28 PM, Don McCabe <donmccabe1@gmail.com> wrote:

Ms. Saper,

You said,

"To remedy its misrepresentations and the confusion resulting therefrom, AVKO should send an email to the following distributors correctly clarifying AVKO's rights and Wave 3's right to the above-described works: (1) JJH and Hipps, (2) Rainbow, (3) Sonlight/Inquisicorp, (4) Brighter Child, (5) Joy Center, (6) Wholesome Books, (7) CBD, (8) Heppner's Legacy, (9) Little Giant Steps, (10) Class Books, (11) Lifelong Learning/Childrens, and (12) The Old Schoolhouse."

As we have stopped doing business with them, there is no need to send them emails, especially if I should get one comma out of place, you might claim I was misrepresenting. If you want to send me an exact wording for an email that you deem is correct with no misrepresentations and with the correct email addresses, I shall forward all of them on.

You said,

"The Settlement Agreement plainly and clearly provides that Wave 3 has an exclusive copyright license to Sequential Spelling Levels 1-7 and all derivatives thereof. This includes AVKO classic editions, Wave 3's newly revised additions, and all derivatives (such as the online program) once they make it through the approval process."

The Settlement Agreement does say Wave 3 has an exclusive license to publish, it does **not** say **copyright**. I dislike having to tell a lawyer what the meaning of the word *derivative* is. So, I won't. Just remember which came first and it was the classic versions. **Only** the *Student Workbooks for Wave 3 Inc. Sequential Spelling 1-7* are copyrighted by Wave 3.

You further stated:

"In this email, therefore, Mr. McCabe· holding himself out as President of AVKO· misrepresented to a third party (Joe Hipps/JJH Publishing) that AVKO
has the power under the Settlement Agreement to unilaterally terminate (and did terminate) Wave 3¢ exclusive license."

First of all, both Wave 3 and JJHP were notified in the same email for the sake of efficiency and making sure both publishers were treated in the same manner. AVKO did not want to terminate either license, but this is what the Judge ordered based upon **_your wishes_**. You asked the judge to order AVKO to **terminate ALL licenses**. You could have in your TRO specifically exempted Wave 3, but you chose not to. Do you remember how you explained in a court document how important a word or phrase may be, such as "at least." Your phrase "holding himself out as President of AVKO" is a bit defamatory but to say that I was somehow representing that the settlement agreement gave me the power to terminate a license is a real stretch. The Court so ordered it, and I complied to the TRO.

You stated:

On July 22, 2016, Don McCabe, still holding himself out as President of AVKO, sent Wave 3 President Thomas Morrow an email stating that AVKO was hereby terminating its license to Wave 3 (in direct violation of the Settlement Agreement) and representing that AVKO would on August 4, 2016, %re-license to JJH Publishing+the %classic version of Sequential Spelling 1-7+in direct violation of the plain words of the Settlement Agreement.

You should check the **single email** again. The word was not "_would_." Because there was a possibility (depending upon the outcome of the August 2nd hearing) I only suggested the possibility of re-licensing to **both Wave 3 and JJH Publishing.** As there is not a single word about licensing or re-licensing in the Settlement Agreement, AVKO cannot possibly be in "direct violation of the plain words of the Settlement Agreement.

You wrote:
" Under the Settlement Agreement, AVKO does not have the power to license the %classic version of Sequential Spelling 1-7+to JJH Publishing or any other person or entity.   AVKO granted to Wave 3 an exclusive license to the above-described works.  AVKO has no rights to the works other than the ability to sell them to individuals."

First of all, I regret to have to remind an attorney, that the absence of mentioning the licensing of other AVKO materials which were not exclusively licensed to Wave 3 does not mean AVKO is prohibited from licensing them. Its right to license any and all AVKO materials other than that which was licensed to Wave 3 remains intact. And when you say "AVKO has no rights to the works" you are clearly wrong. If that were true, AVKO could not ever re-license Wave 3 to the publication of the book _To Teach a Dyslexic_ or any of over thirty other books copyrighted by AVKO. That AVKO is now selling all of "its works" **only to individuals** is a matter of record.

May God smile on you today.

Don McCabe, President and Research Director Emeritus,
AVKO Educational Research Foundation
3084 Willard Road Birch Run, MI 48415-9404
Phone: (810) 686-9283   Fax: (810) 686-1101
[Website] http://www.avko.org



--
Daliah Saper
312.527.4100
www.saperlaw.com

**Get to know Saper Law**: http://youtu.be/Q2g0zprTiQI
**Book Daliah Saper**: http://youtu.be/P4h4bpuAKRQ

EXHIBIT K

| 5 Titles | 24 | $131.70 |

Exodus Books, 18321 McLoughlin Blvd., Milwaukie, OR 97267
bookmaster@exodusbooks.com
(503) 655-1951

**Don McCabe** <donmccabe1@gmail.com>                    Thu, Jul 28, 2016 at 8:05 PM
To: Exodus Books Vendor Information <vendorinfo@exodusbooks.com>

Dear Eli,

I regret that I have to tell you that AVKO cannot legally fill this order. Nor can I legally explain why AVKO cannot.

Perhaps on August 5th I will be able to tell you where you may send this purchase order.



May God smile on you today.

Don McCabe, President and Research Director Emeritus,
AVKO Educational Research Foundation
3084 Willard Road Birch Run, MI 48415-9404
Phone: (810) 686-9283   Fax: (810) 686-1101
[Website] http://www.avko.org


[Quoted text hidden]

Case:16-cv-050843 Document #327 Filed 09/09/016 Page 98 of 100 PageID #345



**Don McCabe <donmccabe1@gmail.com>**

## Exodus Books PO #6057

2 messages

**Exodus Books Vendor Information** <vendorinfo@exodusbooks.com>      Thu, Jul 28, 2016 at 5:52 PM
To: webmaster@avko.org



**Exodus Books**                                          **Phone: (503) 655-1951**
18321 McLoughlin Blvd., Milwaukie, OR 97267       E-mail: **bookmaster@exodusbooks.com**

Hello,

We'd like to place this PO, please.

Thanks!
Eli Evans
Exodus Books

# Purchase Order

Date:        7/28/2016           **AVKO Educational Research Foundation**
P.O. #:      6057                3084 Willard Road
Grand Total: $131.70            Birch Run, MI 48415-9404

## Bill To                      ## Ship To

Exodus Books                    Eli Evans
18321 McLoughlin Blvd.          Exodus Books
Portland, OR 97267             18321 SE McLoughlin Blvd.
                               Portland, OR 97267

| Code | Title | Quantity | Rate | Total |
|------|-------|----------|------|-------|
| 9781564001788 | Sequential Spelling - Student Response Book | 12 | $1.50 | $18.00 |
| 9781564009654 | Sequential Spelling 5 for Home Study Learning | 1 | $7.47 | $7.47 |
| 9781564009616 | Sequential Spelling 1 for Home Study Learning | 7 | $7.47 | $52.29 |
| 9781564000804 | Sequential Spelling 1 - DVD | 1 | $13.50 | $13.50 |
| 9781935943037 | It Is Up To Me | 3 | $13.48 | $40.44 |

Case: 16-10050-SDB Document # 32-1 Filed 09/09/16 Page 99 of 100 Page ID #:816

# AVKO Educational Research Foundation, Inc

# Sales by Customer Summary

## July 21 - 31, 2016

|  | Jul 21 - 31, 16 |
|---|---|
| Anderson, Rachel ( IL.) | 66.00 |
| Bagg, Laura | 14.00 |
| Branstetter, Carol | 14.00 |
| Cannenpasse, C | 35.00 |
| Clontz, Kimberly | 31.00 |
| Cooper, Jessica | 10.00 |
| Cosman, Donna | 14.00 |
| Cox, Melissa | 31.00 |
| Dunn, Adam | 10.00 |
| Elliott, Daniel | 14.00 |
| English, Lenita | 25.00 |
| Hannum, Kystyna | 68.50 |
| Harmon, Leslie | 5.00 |
| Johnson, Ann | 14.00 |
| Kaufman, Katie | 50.00 |
| Lasher, Heather | 43.50 |
| Leonard, Adam | 56.00 |
| Ly, S. | 10.00 |
| Manswell, Barbara | 83.28 |
| Marsh, Denise | 25.00 |
| Nagel, Brandi | 10.00 |
| Reeves, Meghann | 4.00 |
| Roark, Letitia | 10.00 |
| Shelton, Deborah | 56.00 |
| Snyder, Elisa | 74.00 |
| Van Graan, Carel J | 14.00 |
| Van Huyssteen, Lucien | 14.00 |
| VanDuyne, Dan | 50.00 |
| Walker, Denise | 110.00 |
| Weaver, Hannah M | 93.50 |
| **TOTAL** | **1,054.78** |

 Gmail

**Don McCabe <donmccabe1@gmail.com>**

## Return of Purchase Order # 168368

1 message

**Don McCabe** <donmccabe1@gmail.com>                    Fri, Jul 29, 2016 at 9:22 AM
To: vkrost@rainbowresource.com, Elisa_Perez@ilnd.uscourts.gov, Brian Noack <Briann@wonoip.com>,
RobertM195 <RobertM195@aol.com>

We regret having to return your check for $1,360.00 along with your purchase order. We currently cannot
legally sell to non-individuals. At the moment there is no publisher licensed to sell those books to distributors,
as AVKO was ordered by Judge Zagel (16cv5643) to terminate all licenses and we have done just that.

We do hope that within a week or so we may be able to give you the name of a publisher from whom you may
purchase those books.

May God smile on you today.

Don McCabe, President and Research Director Emeritus,
AVKO Educational Research Foundation
3084 Willard Road Birch Run, MI 48415-9404
Phone: (810) 686-9283   Fax: (810) 686-1101
[Website] http://www.avko.org