## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| | ) | |
| WAVE 3 LEARNING, INC., a Nevada corporation, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | No. 16-cv-5643 |
| | ) | |
| AVKO EDUCATIONAL RESEARCH FOUNDATION, INC., a Michigan corporation, and Donald J. McCabe, an individual, | ) | Hon. Jorge L. Alonso |
| | ) | |
| *Defendants.* | ) | |

## JOINT STATUS REPORT:
## NOVEMBER 17, 2016 REASSIGNMENT STATUS CONFERENCE

On October 27, 2016, this case was reassigned by Executive Committee Order to the Honorable Jorge L. Alonso as a result of Hon. James B. Zagel taking senior status, effective October 21, 2016 pursuant to 28 USC §294(b). *See* EXECUTIVE COMMITTEE ORDER, Dkt. No. 41. On October 28, 2016, Judge Alonso ordered the parties in this case to confer, prepare, and file a joint status report within ten (10) days in order to help the court learn about the case. *See* MINUTE ORDER, Dkt. No.42. A reassignment status conference has been set for November 17, 2016. *See* MINUTE ORDER, Dkt. No.42.

### I. NATURE OF THE CASE

This case stems from alleged breaches of Settlement Agreement. Defendants contend that this matter surrounds allegations by the Plaintiff that Defendants are distributing intellectual property in violation of exclusivity governed by the Agreement. Plaintiff agrees and adds that

1

this case also involves a number of claims related to Defendants' breach of the Settlement Agreement. Plaintiff also maintains that the Court has granted Plaintiff's Motion for Temporary Restraining Order against Defendant Avko Educational Research Foundation, Inc. ("AVKO"), twice sanctioned Defendant AVKO and Defendant Don McCabe ("McCabe"), granted Plaintiff's Motion for Preliminary Injunction, and is set to rule on Plaintiff's Motion for Default Judgment against Defendant AVKO. The more specific procedural dates are as follows:

On May 26, 2016, Wave 3 Learning, Inc. ("Wave 3") filed a Complaint against AVKO which included claims of breach of contract, breach of implied covenant of good faith and fair dealing, unjust enrichment, tortious interference with a business expectancy, and punitive damages.

The Complaint was based on, among other things, AVKO's alleged violation of Wave 3's exclusive license to sell Sequential Spelling Material Levels 1-7 (and derivatives thereof) (the "Materials") to distributors and other non-individuals, as set forth in the February 24, 2016 Settlement Agreement between the parties. Plaintiff maintains that AVKO sold Levels 1-7 Sequential Spelling products to over twenty distributors and non-individuals while representing to many of them that it had the rights to do so and that Wave 3 did not have the rights to sell the material. Defendants dispute that AVKO violated the Settlement Agreement and will be filing responsive pleadings demonstrating that the Plaintiff violated the Settlement Agreement.

On July 12, 2016, Plaintiff filed a Motion for a Temporary Restraining Order ("TRO") in order to prevent AVKO from selling and licensing the Materials in alleged violation of the Settlement Agreement. Defendants never received timely notice of this Motion or any subsequent documents, as Defendants' previous counsel, Wolek & Noack, ceased representation. On or about July 8, 2016, Wolek & Noack claimed in an e-mail to Plaintiffs that they had

previously withdrawn as counsel in March 2016. *See* July 8, 2016 Withdrawal Notification, attached as **Exhibit 1**. However, Defendants did not receive notice of withdrawal until July 12, 2016.

After delaying to file a temporary restraining order based on representations by AVKO's then-counsel that Mr. McCabe would be removed from AVKO and AVKO would thereafter be able to reasonably work with Wave 3 (a representation that never materialized), Wave 3 filed and ultimately noticed up an Emergency Motion for a Temporary Restraining Order ("TRO") on July 11, 2016.

On July 19, 2016, Judge Zagel continued Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction to July 21, 2016. *See* ORDER, Dkt. No 19.

On July 21, 2016, the Court held a hearing for Plaintiff's Motion for Temporary Restraining Order. After Plaintiff presented its arguments and evidence, Judge Zagel granted the a Temporary Restraining Order ("TRO"). enjoining and restraining Defendant AVKO and all those in active concert or participation with the same from, among other things: (1) selling to non-individuals Sequential Spelling Levels 1-7 material and all derivatives thereof in contravention of Wave 3's Learning, Inc.'s exclusive license to such material, (2) licensing others persons or entities to sell to all persons and entities, and continuing to license other persons or entities to sell to all persons and entities, Sequential Spelling Levels 1-7 material and all derivatives thereof in contravention of Wave 3's Learning, Inc.'s exclusive license to such material, and (3) misrepresenting to third parties its rights and Wave 3 learning, Inc.'s rights to Sequential Spelling Levels 1-7 material and all derivatives thereof in contravention of Wave 3's Learning, Inc.'s exclusive license to such material.

On July 25, 2016, Plaintiff filed a Motion to Show Cause as a result of Defendant's violation of the Court's Temporary Restraining Order. Defendant AVKO alleges that it never received notice of this Motion. Plaintiff maintains that Defendant AVKO received notice of the Motion through electronic mail (a method of service agreed to by the Court) and that the Court recognized that Defendant AVKO was properly served. Defendant AVKO alleges that it informed Plaintiff that Defendants were still attempting to retain counsel.

On July 26, 2016, Judge Zagel granted Plaintiff's Motion to Show Cause and accordingly held Defendant AVKO in contempt for violating the Court's July 21st Temporary Restraining Order. *See* ORDER, Dkt. 21.

On August 2, 2016, Plaintiff filed another Motion to Show Cause as a result of Defendant's (and Mr. McCabe's) continuing violation of the Court's July 21st Temporary Restraining Order.

On August 3, 2016, Judge Zagel presided over the Motion to Show Cause hearing wherein he explicitly instructed Mr. McCabe that he must find representation for AVKO because Mr. McCabe cannot personally represent the corporation. Mr. McCabe explicitly told the Court that he had met with and retained Mr. Leon Teichner to serve as counsel for AVKO, and that AVKO simply needed a couple of days for his counsel to get up to speed. Judge Zagel continued the case to the following day so that Plaintiff's counsel could reach out to Defendant's purported counsel.

Later in the day on August, 3, 2016, Plaintiff's counsel contacted AVKO's purported attorney (Leon Teichner, Esq.) and Mr. Teichner informed Plaintiff's counsel that he did not represent AVKO.

On August 4, 2016, the Court held an emergency hearing wherein Mr. McCabe, serving as a material witness for AVKO, gave 45 minutes of testimony and argument. Judge Zagel several times told Mr. McCabe that he could not represent AVKO in the hearing and that Mr. McCabe was there merely to serve as a witness to give testimony. The Court ultimately granted Plaintiff's Motion to Show Cause and directed Mr. McCabe to appear before the Court on August 8, 2016. *See* MINUTE ORDER, Dkt. 27.

On August 8, 2016, Plaintiff's counsel reported to the Court the status of Mr. McCabe's compliance and AVKO's compliance with the Temporary Restraining Order and Motions to Show Cause. *See* MINUTE ORDER, Dkt. 28. The Court set an evidentiary hearing for Plaintiff's Preliminary Injunction for August 15, 2016. *See* MINUTE ORDER, Dkt. 28.

On August 15, 2016, the parties argued Plaintiff's Motion for Preliminary Injunction. Defendants allege that on this date Mr. McCabe informed the Court that the Defendants were still attempting to retain counsel. Plaintiff maintains that Mr. McCabe admitted to the Court on this date that he was unable to find counsel and proceeded to participated in a two-hour evidentiary hearing before the Court, wherein Plaintiff presented its arguments and evidence and Mr. McCabe again served as a material witness for AVKO (AVKO did not retain counsel). *See* MINUTE ORDER, Dkt. No. 28. The Court ultimately granted Plaintiff's Motion for Preliminary Injunction and ordered Mr. McCabe and Defendant AVKO to, among other things, turn over thereto withheld invoices and royalty payments. *See* MINUTE ORDER, Dkt. No. 29.

On August 18, 2016, the Court fined Mr. McCabe and AVKO $45,000 and awarded Plaintiff its attorney's fees in the amount $6,492.50. *See* ORDER, Dkt. No. 31. Defendant AVKO alleges it did not receive notice of the August 18, 2016 penalties.

On September 16, 2016, Plaintiff filed a First Amended Complaint against AKVO and Mr. McCabe. *See* Dkt. No. 35. AVKO was served with the First Amended Complaint via electronic mail by the evening of September 16, 2016 and Mr. McCabe was served with the First Amended Complaint on September 29, 2016. *See* Dkt. No. 36.

On October 10, 2016, Plaintiff filed a Motion for Entry of Default against AVKO because AVKO failed to answer or otherwise plead in twenty-one (21) days after being served the First Amended Complaint. *See* Dkt. No. 37.

On October 13, 2016, the Court continued Plaintiff's Motion to October 18, 2016. *See* MINUTE ORDER, Dkt. No. 39. However, Judge Zagel (likely due to his impending retirement), struck the October 18th date and reset the hearing for November 3, 2016. *See* MINUTE ORDER, Dkt. No. 39.

On October 18, 2016, Defendant McCabe (following a hearing date that was stricken) showed up to Court. Sitting in for Judge Zagel, Judge St. Eve held a hearing (with Defendant Don McCabe and Plaintiff's counsel present) to clarify for Defendant McCabe the status of the default hearing. Although Plaintiff objected to the Court delay of a ruling on Plaintiff's Motion for Entry of Default, particularly in light of the fact Judge Zagel warned Mr. McCabe on July 25, 2016, August 3, 2016, August 4, 2016, and August 15, 2016, that AVKO needed to find an attorney, the Court nonetheless granted Mr. McCabe a final chance to find a lawyer for the corporation. Judge St. Eve specifically warned Mr. McCabe that AVKO must get an attorney by November 17, 2016 or the Court will likely entry default against the corporation.

On or about November 7, 2016, Defendants' counsel filed an appearance in joint representation of Defendant AVKO and Defendant McCabe. Defendants' counsel intends to file responsive pleadings on behalf of both Defendants on or before November 17, 2016. Plaintiff

6

points out that Defendant McCabe has already filed an Answer and that the Court previously instructed Plaintiff to notice up its Motion for Judgment on the Pleadings on a specific date.

### II.     BASIS OF JURISDICTION

The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 (diversity jurisdiction), as this action involves a dispute between a Nevada corporation with a principal place of business in Illinois, and a Michigan corporation with a principal place of business in Michigan—for an amount exceeding $75,000 exclusive of interests and costs.

Venue and personal jurisdiction is proper in the Northern District of Illinois under 28 U.S.C. 1391 (b) and (c) since, *inter alia*, a substantial part of the events or omissions giving rise to the claims occurred in this district, the settlement agreement at issue was negotiated and executed in this district, the settlement agreement provides that this district shall have exclusive jurisdiction over any legal action or proceeding arising out of or relating to it, and Plaintiff is headquartered and primarily does business in this district.

### III.     STATUS OF MOTION PENDING BEFORE THIS COURT

#### A.     Plaintiff's Motion for Entry of Default Against Defendant AVKO

 On or about October 10, 2016, Plaintiff filed a Motion for Entry of Default against AVKO.  AVKO did not present a proper responsive pleading, as Mr. McCabe was unable to previously obtain counsel.  Defendant AVKO has not filed a responsive pleading, but will do shortly in advance of the pending Motion for Entry of Default awaiting the Court's ruling.

#### B.     Plaintiff's Motion for Partial Judgment on the Pleadings

Although Plaintiff plans to file a Motion for Judgment on the Pleadings and informed both Judge Zagel and then Judge St. Eve if its intention of doing so, this Court directed the

parties not to file any motions prior to appearing at the reassignment status conference. *See* MINUTE ORDER. Dkt. No. 42.

### IV.      STATUS OF DISCOVERY

The parties have not initiated discovery at this time. The Court has yet to set a scheduling conference date. Substantive responsive pleadings must be filed by the Defendants before written discovery would be fruitful.

### V.      STATUS OF SETTLEMENT DISCUSSIONS

At this juncture, Defendants' counsel believes that substantive settlement discussions will not occur until the Defendants can place substantive pleadings on file. Defendant Donald J. McCabe will be filing an Answer on or before December 1, 2016. Plaintiff's counsel believes Defendant Donald J. McCabe has already filed an Answer and that this case should not be delayed any further. Defendant AVKO has not filed a responsive pleading, but will do shortly in advance of the pending Motion for Default. Once the pleadings are resolved, Defendants' counsel would be interested in entertaining settlement discussions in advance of engaging in written discovery.

/s/ Daliah Saper                                    /s/ Mason Cole_____
Daliah Saper, Attorney for Plaintiff          Mason Cole, Attorney for Defendants