UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| WAVE 3 LEARNING, INC., a Nevada corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 16-cv-5643 |
| AVKO EDUCATIONAL RESEARCH FOUNDATION, INC., a Michigan corporation, and Don McCabe, an individual, | ) ) ) ) | Hon. Jorge L. Alonso |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPRT OF
PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

Plaintiff, WAVE 3 LEARNING, INC. ("Plaintiff" or "Wave 3"), by and through its undersigned counsel, and in support of its Motion for Partial Judgment on the Pleadings, states as follows:

**BACKGROUND**

The facts of this case are presented in meticulous detail in Plaintiff's First Amended Complaint. *See* Pl. First Am. Compl., Dkt. No. 35, ¶¶ 7-55. The facts of this case are also well-documented in Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, Plaintiff's Motions to Show Cause, and Judge Zagel's various Orders.

**ARGUMENT**

AVKO, directed solely by Defendant McCabe, breached the parties' February 24th, 2016 Settlement Agreement, breached an implied covenant of good faith and fair dealing in that

Settlement Agreement, has been unjustly enriched, tortiously interfered with Wave's 3 business expectancy, engaged in deceptive trade practices, and committed fraud.

## I.     General Legal Standard

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c); *Alexander v. City of Chicago,* 994 F.2d 333, 336 (7th Cir.1993); *Crowley v. McKinney,* 2002 WL 31101287, at *1 (N.D.Ill.2002). A Rule 12(c) judgment on the pleadings is "designed to provide a means of disposing of cases when the material facts are not in dispute and a judgment on the merits can be achieved by focusing on the content of the pleadings and any facts of which the court will take judicial notice." *All Am. Ins. Co. v. Broeren Russo Const., Inc.*, 112 F. Supp. 2d 723, 728 (C.D. Ill. 2000) (quoting *Continental X–Ray Corp. v. Home Indem. Co.,* 1997 WL 102537, at *2 (N.D.Ill.1997)).

Although in ruling on a motion for judgment on the pleadings, a court must view all facts in the "light most favorable to the non-moving party," *United States v. Wood*, 925 F.2d 1580, 1581 (7th Cir. 1991), the court will grant a plaintiff's motion where, based on the pleadings, no genuine issues of material fact remain to be resolved and the moving party is entitled to judgment as a matter of law. *Alexander,* 994 F.2d at 336; *Memisovski v. Maram,* 2004 WL 1878332, at *2 n. 3 (N.D.Ill.2004); *Utica Mut. Ins. Co. v. David Agency Ins., Inc.,* 327 F.Supp.2d 922, 926 (N.D.Ill.2004). Put another way, the Rule 12(c) standard, when invoked in an attempt to dispose of the case on the substantive merits, is analogous to the summary judgment standard, except that the court may consider only the contents of the pleadings. *Burlington Ins. Co. v. Phillips-Garrett, Inc.*, 37 F. Supp. 3d 1005, 1010 (S.D. Ill. 2014) (citing *Alexander,* 994 F.2d at 336).

A motion for judgment on the pleadings is decided on the pleadings alone, which includes "the complaint, the answer, and any written instruments attached as exhibits." *U.S. Bank, Nat'l Ass'n v. JKM Mundelein LLC*, No. 14 C 10048, 2015 WL 2259474, at *3 (N.D. Ill. May 12, 2015) (quoting *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998)). However, the Court can also consider any facts of which it may properly take judicial notice. *Moreno v. Napolitano*, No. 11 C 5452, 2014 WL 4814776, at *3 (N.D. Ill. Sept. 29, 2014). "A court may take judicial notice of facts that are (1) not subject to reasonable dispute and (2) either generally known within the territorial jurisdiction or capable of accurate and ready determination through sources whose accuracy cannot be questioned." *Id*. at 774.

I. THERE ARE NO GENUINE ISSUES OF MATERIAL FACT IN THIS CASE

Defendant McCabe cannot *genuinely* dispute the fact that he personally directed all of AVKO's actions and communications. *See* Pl. First Am. Compl., Dkt. No. 35, Exs. B, I-K; Def. Reply, Dkt. No. 38, ¶¶ 12-99. Even though Defendant McCabe has mentioned two other AVKO officers, neither of them are actively involved in the company and Mr. McCabe runs the entire business (i.e., he sends every email, negotiates and enters into every contract and deal, and makes every financial and business decision from the office in his basement). *See* Pl. First Am. Comp., Ex. B.

Defendants cannot *genuinely* dispute the fact that they entered into a Settlement Agreement with Wave 3 on February 24, 2016 that granted to Wave 3 an exclusive license in the U.S. and Canada to Sequential Spelling materials Levels 1-7 (and all derivatives thereof). *See* First Am. Compl., Dkt. No. 35, Ex. A; *See* First Am. Compl., Dkt. No. 35, Ex. B, Pages 3-4.

3

Defendants have tried arguing against the plain words and four corners of the Settlement Agreement, but their arguments are groundless and their dispute is not genuine.

Defendants cannot *genuinely* dispute the fact that they knew the Settlement Agreement prohibited AVKO from selling or licensing Sequential Spelling materials Levels 1-7, and that they later misrepresented to third parties that Wave 3 did not own exclusive rights or any rights at all to "classic" AVKO material or derivatives thereof. *Compare* Pl. First Am. Compl., Dkt. No. 35, Ex. B, Pages 3-4 *with* Pl. First Amend. Compl., Dkt. No. 35, Ex. I, K. Defendants have certainly tried arguing against the plain words of the Settlement Agreement and the literal text and meaning of emails, but their arguments are groundless and their dispute is not genuine.

Defendant McCabe cannot *genuinely* dispute the fact that he directed AVKO to license and sell Sequential Spelling Levels 1-7 materials to third parties in direct violation of Wave 3's exclusive license, and that AVKO and himself directly benefited from this conduct through royalties and commercial goodwill. *See* First Amend. Compl., Dkt. No. 35, Ex. B, Pages 3-4; Pl. First Am. Compl., Dkt. No. 35, Ex. H.

Defendants cannot *genuinely* dispute the fact that they knew or should have known that AVKO's actions would directly and irreversibly injure and did injure Wave 3's business interests and expectancy. *See* Pl. First Amend. Compl., Dkt. No. 35, Ex. H.

Defendants cannot *genuinely* dispute the fact that the approval power set forth in the Settlement Agreement was crafted to ensure the general quality of the new Wave 3 material (no spelling errors, grammar errors, formatting errors, or functionality issues) and to maintain the general pedagogical spirit of the Sequential Spelling program, and that they used AVKO's approval authority and discretion in bad faith to try to alter (or, as Defendant McCabe would claim, to "improve" or "correct") the terms of the Settlement Agreement that benefited AVKO at

4

the expense of Wave 3. *See* Pl. First Am. Compl., Dkt. No. 35, Ex. B, Pages 4-17; Def. Ans., Dkt. No. 38, ¶ 12.

Defendant McCabe cannot *genuinely* dispute the fact that he directed AVKO to refrain from remitting royalties owed to Wave 3 in direct violation of the Settlement Agreement until the Court ordered him to do so. *See* Def. Ans., Dkt. No. 38, ¶¶ 18, 22; Pl. First. Am. Comp., Dkt. No. 35, Exhibit B, Page 13,

Defendant McCabe cannot *genuinely* dispute the fact that he directed AVKO to refrain from providing accounting statements to Wave 3 in direct violation of the Settlement Agreement until the Court ordered him to do so. *See* Def. Ans., Dkt. No. 38, ¶¶ 18, 22; Pl. First Am. Comp., Dkt. No. 35, Ex. B, Page 13.

Defendant McCabe cannot *genuinely* dispute the fact that he in bad faith directed AVKO to terminate Wave 3's license in response to this Court's July 21, 2016 Temporary Restraining Order. *See* Pl. First Amend. Comp., Dkt. No. 35, Ex. I; Def. Ans., Dkt. No. 38, ¶ 22. Defendant McCabe certainly has argued he was just "following the Court's Order," but this is a disingenuous and unreasonable argument and so the dispute of this fact is not genuine.

Defendant McCabe cannot *genuinely* dispute the fact that he directed AVKO to send emails to third parties representing that Wave 3 did not have an exclusive license or any license to sell Sequential Spelling material, which damaged and disparaged Wave 3's reputation and business. *See* Pl. First Amend. Comp., Dkt. No. 35, Ex. I, K.

Defendants cannot *genuinely* dispute the fact that they knew that Plaintiff would invest heavily in building up and promoting a business based on its exclusive license to the Sequential Spelling material. *See* Def. Ans, Dkt. No. 38, ¶ 18.

5

## II. THE INDISPUTABLE FACTS OF THIS CASE ENTITLE PLAINTIFF TO RELIEF AS A MATTER OF LAW.

The pleadings clearly establish that there are no genuine issues of material fact regarding any of Counts I-IV, VI, VII, IX-XII, XIV, and XV of Plaintiff's Complaint. Accordingly, Wave 3 is entitled to judgment as matter of law on those Counts.

### A. Breach of Contract (Counts I and IX)

Under Illinois law, to prevail on a breach of contract claim, plaintiffs must establish (1) the existence of a valid and enforceable contract; (2) performance of the contract by plaintiff; (3) the breach of the contract by defendant; and (4) a resulting injury or damages to plaintiff. *TAS Distributing Co., Inc. v. Cummins Engine Co., Inc.,* 491 F.3d 625 (7th Cir. 2007) (citing *W.W. Vincent & Co. v. First Colony Life Ins. Co.,* 351 Ill.App.3d 752, 286 Ill.Dec. 734 (2004)). Notably, "[a] settlement of a federal [or state] claim is enforced just like any other contract under the state law of contract."). *Holmes v. Potter*, 552 F.3d 536, 539 (7th Cir. 2008) (internal citations and quotations omitted).

Here, there is no genuine issue of material fact as to whether Plaintiff and Defendants entered into a valid and enforceable contract. On February 24, 2016, Avko Educational Research Foundation, Inc., Don McCabe, Wave 3 Learning, Inc., and Thomas Morrow entered into the Settlement Agreement. *See* Pl. First Am. Comp., Dkt. No. 35, Ex. A. Defendants cannot deny that Defendants, (1) read, signed, and initialed every page of the Settlement Agreement with the assistance of counsel and (2) relied on the validity of the Settlement Agreement to enforce it when the Settlement Agreement benefited him, including (i) demanding payment due to AVKO under the terms of the Settlement Agreement, (ii) accepting Wave 3's $25,000 payment and thousands of dollars in royalty distributions provided for under the Settlement Agreement, (iii) actively participating in the approval process set forth in the

6

Settlement Agreement, (iv) asserting various non-monetary rights under the Settlement Agreement, and (v) doing and saying countless other things that objectively demonstrated the validity and enforceability of the Settlement Agreement. *See* Pl. First Am. Compl., Dkt. 35, Ex. B. Defendants also accepted as true the validity of the Settlement Agreement in their Answer. *See* Defs. Answer, Dkt. No. 51, Page 3.

There is also no genuine issue of material fact as to whether Wave 3 substantially performed under the contract: In accordance with the Settlement Agreement, Wave 3 (1) dismissed with prejudice its lawsuit against AVKO, (2) refrained from selling any derivative works until they were approved in accordance with the Settlement Agreement, (3) remitted the first of four $25,000 payments to AVKO, (4) remitted two quarter of royalties to AVKO based on Wave 3's sales of Sequential Spelling material, (5) kept confidential the terms of the Settlement Agreement not necessary to exercise its rights granted under the Settlement Agreement, and (6) refrained from disparaging AVKO. *See* Pl. First Am. Compl., Dkt. No. 35, ¶ 58; Pl. First Am. Compl., Dkt. 35, Ex. B; Def. Ans., Dkt. No. 38, page 16 n.5.

There is also no genuine issue of material fact as to whether Defendants breached the Settlement Agreement: Defendants, with McCabe personally and solely directing AVKO, materially breached the February 24th, 2016 Settlement Agreement by selling Sequential Spelling Levels 1-7 material to distributors and other non-individuals in the United States after February 24, 2016; refusing to give an accounting of and remitting payment for AVKO's sale of Sequential Spelling Level 1 material from February 24, 2016 to April 28, 2016; and, by violating the non-disparaging clause through its communications with Inquisicorp Inc. and other third parties (i.e., representing to others that Wave 3 does not have any rights to the Sequential Spelling material and implicitly at times and explicitly calling the President of Wave 3 a liar for

7

claiming that Wave 3 has such rights). *See* Pl. Am. Comp., Dkt. No. 35, Ex. B, Page 3-4, 13, Ex. H-I, K; Def. Ans. Dkt. No. 38, ¶¶ 18, 22.

Lastly, there is no genuine issue of material fact as to whether Defendants' breach actually and proximately caused Wave 3 injury and damages: Wave 3 has suffered present and future loss of revenue and profits associated with AVKO's unauthorized sale of the Sequential Spelling material, loss of royalties due to Defendants' refusal to remit royalties, and long-term damage to its business and reputational goodwill resulting from Defendant McCabe's false and disparaging emails sent to third parties. *See e.g.*, Pl. Am. Comp., Dkt. No. 35, Ex. H. Indeed, Defendants' actions have essentially destroyed what was once a thriving market for printed Sequential Spelling material.

Accordingly, there is no genuine issue of material fact that Defendants' actions constitute a breach of contract. *See Papst Licensing GmbH & Co. v. Samsung Electro-Mechanics Co.*, No. 03 C 1002, 2003 WL 22410082, at *3 (N.D. Ill. Oct. 21, 2003) (finding no genuine issue of material fact existing regarding defendant's breach of a settlement agreement and granting plaintiff's motion for summary judgment for its breach of contract claim because defendant did not remit royalties due under the settlement agreement); *see also Balshe LLC v. Ross*, No. 12 CV 966, 2014 WL 87550, at *5 (N.D. Ill. Jan. 9, 2014) (granting plaintiff's motion for partial summary judgment based on defendant's breach of a settlement agreement). Therefore, Plaintiff is entitled to judgment as a matter of law on this claim.

### B. Breach of Implied Covenant of Good Faith and Fair Dealing (Counts II, X)

To establish a breach of the duty of good faith and fair dealing under Illinois law, the complaining party must show that a contract vested the opposing party with discretion in performing an obligation under the contract and the opposing party exercised that discretion in

bad faith, unreasonably, or in a manner inconsistent with the reasonable expectations of the parties. *Hickman v. Wells Fargo Bank N.A.*, 683 F. Supp. 2d 779, 792 (N.D. Ill. 2010) (citing *Beraha v. Baxter Health Care Corp.,* 956 F.2d 1436, 1443–45 (7th Cir.1992)); *see also Gore v. Indiana Ins. Co.,* 876 N.E.2d 156, 161–62 (Ill.App.Ct.2007) ("The duty of good faith and fair dealing is a limitation on the exercise of that discretion, requiring the party vested with discretion to exercise it reasonably and with proper motive, not arbitrarily, capriciously, or in a manner inconsistent with the parties' reasonable expectations.").

There is no genuine issue of material fact that Defendants (with McCabe personally and solely directing AVKO) breached the implied covenant of good faith and fair dealing in the Settlement Agreement by not acting reasonably and in good faith when exercising the contractual discretion given to AVKO to approve Wave 3's derivative works. Specifically, Defendants unreasonably denied approval of Wave 3's revised versions in an attempt to force Wave 3 to alter (or, as Mr. McCabe would say, "improve") the terms of the Settlement Agreement to AVKO' s substantial benefit and Wave 3's substantial detriment. *See* Pl. First Am. Compl., Dkt. No. 35, Ex. B, Pages 4-17; Def. Ans., Dkt. No. 38, ¶ 12. Defendants also unreasonably and in bad faith interpreted the Settlement Agreement and then misrepresented to third parties Wave 3's rights to the Sequential Spelling material so that AVKO could continue selling Sequential Spelling Levels 1-7 material to distributors and other non-individuals. *See* Pl. First Am. Comp., Dkt. No. 35, Ex. B. Defendants' breach of the covenant actually and proximately caused damage and injury to Wave 3, including thousands of dollars in lost royalties, lost time and sales, damage to its reputation, and tens of thousands of dollars in attorneys' fees.

Accordingly, there is no genuine issue of material fact that Defendants' actions constitute a breach of an implied covenant of good faith and fair dealing. *See LaSalle Bank Nat'l Assoc. v. Paramount Properties*, 588 F. Supp. 2D 840 (N.D. Ill 2008) (holding that the defendants may bring a counterclaim of breach of implied good faith and fair dealing the plaintiffs abused their discretion in granting a loan by not performing contractual obligations in order to negotiate a better merger deal from a third party). Therefore, Plaintiff is entitled to judgment as a matter of law on Counts II and X. Alternatively, if the Court concludes that Defendants' breach of implied covenant of good faith and fair dealing does not fit with any old or newly-minted exception to Illinois's no stand-alone-claim rule, *Playboy Enterprises Int'l, Inc. v. Smartitan (Singapore) Pte Ltd.*, No. 10-CV-4811, 2011 WL 3839711, at *2 (N.D. Ill. Aug. 26, 2011), Plaintiff asks that this claim be subsumed into Plaintiff's breach of contract claim or unjust enrichment claim and that the Court grant Plaintiff's judgment on the pleadings on either of those causes of action.

  C. **Unjust Enrichment (Counts III and XI)**

To state a claim for unjust enrichment, the plaintiff must allege that the defendant retained a benefit to the plaintiff's detriment, and that the retention of that benefit violates fundamental principles of justice, equity, and good conscience. *Prudential Ins. Co. of Am. v. Clark Consulting, Inc.,* 548 F. Supp. 2d 619, 622 (N.D. Ill. 2008) (citing *HPI Health Care Serv., Inc. v. Mt. Vernon Hosp., Inc.,* 131 Ill.2d 145 (1989)).

There is no genuine issue of material fact that Defendants, with McCabe personally and solely directing AVKO, were unjustly enriched at Wave 3's expense and to Wave 3's injury and loss. Defendants reaped profits and accumulated goodwill through its wrongful acts. Specifically, by unreasonably denying and delaying approval of Wave 3's revised works, Defendants unfairly reaped 50% of the gross profit (the other 50% was supposed to be remitted

to Wave 3 under the Settlement Agreement). *See* Pl. First Amend. Compl., Ex. B, pages 3-6. If AVKO would have acted lawfully and approved Wave 3's materials sooner, AVKO would not have been permitted to sell Sequential Spelling Level 1 material under the 50-50 revenue sharing provision and reap 50% of the gross income for the several months that it did. *See* Pl. First Amend. Compl., Ex. A, Dkt. No. 35. Defendants reap of this unjust financial gain from its wrongful conduct constitutes unjust enrichment.

Accordingly, there is no genuine issue of material fact that Defendants' actions constitute unjust enrichment. *Cf. Maloney v. Pihera*, 215 Ill.App.3d 30 (1991) (holding that the defendant was unjustly enriched when he kept all of the proceeds to a property he sold that the plaintiff had improved). Therefore, Plaintiff is entitled to judgment as a matter of law on this claim.

### D. Tortious Interference with a Business Expectancy (Counts IV and XII)

Under Illinois law, to prove a case of tortious interference with a business expectancy, a plaintiff must show: (i) the plaintiff's reasonable expectation of entering into a valid business relationship; (ii) the defendant's knowledge of the plaintiff's expectancy; (iii) purposeful interference by the defendant that causes the plaintiff's expectations to remain unfulfilled; and (iv) that the defendant's interference has resulted in damages to the plaintiff. *Instant Tech., LLC v. DeFazio*, 40 F. Supp. 3d 989, 1020 (N.D. Ill. 2014), *aff'd*, 793 F.3d 748 (7th Cir. 2015) (citing *Delloma v. Consolidation Coal Co.*, 996 F.2d 168, 170–71 (7th Cir.1993)). A cause of action for intentional interference with a business expectancy need not be based on an enforceable contract that is interfered with; rather, it is the interference with the relationship that creates the actionable tort. *Chicago's Pizza, Inc. v. Chicago's Pizza Franchise Ltd. USA*, 384 Ill. App. 3d 849, 862, 893 (2008) (internal citations omitted).

Here, there is no genuine issue of material fact that as the exclusive licensor of Sequential Spelling Levels 1-7 material in the U.S. and Canada, Wave 3 had a reasonable expectation of entering into a valid business relationship with several distributors (such as Inquisicorp Inc. and the twenty other non-individuals who desired to purchase Sequential Spelling Levels 1-7 materials and who did purchase such materials from AVKO). *See Chicago's Pizza, Inc. v. Chicago's Pizza Franchise Ltd. USA*, 384 Ill. App. 3d 849, 863 (1st Dist. 2008) ("[T]he opportunity to obtain customers is an expectancy protected by the tort of interference with a business expectancy."). There is also no genuine issue of material fact that Defendants knew of Wave 3's expectancy, as both Defendants signed the Settlement Agreements granting Wave 3 an exclusive license to the material. Furthermore, Defendants (with McCabe personally and solely directing AVKO) purposely interfered with Wave's 3 business expectancy by convincing distributors and customers (through willfully false and disparaging statements about Wave 3 and its rights to the Sequential Spelling material) to purchase AVKO's Sequential Spelling Levels 1-7 materials instead of Wave 3's products. *See* Am. Comp. Ex. H-I, K, Dkt. No. 35. As a result, these distributors and customers bought from AVKO and not Wave 3. Consequently, Wave 3 consequently lost tens of thousands of dollars of revenue and invaluable business and reputational goodwill.

Accordingly, there is no genuine issue of material fact that Defendant's actions constitute tortious interference with a business expectancy. *See Mannion v. Stallings & Co.*, 204 Ill.App.3d. 179, 187-89 (1990) (holding that counterdefendant was liable for tortious interference with a business expectancy when he knowingly violated counterplaintiff's exclusive rights under a patent license and intentionally interfered with an expected subcontracting contract). Therefore, Plaintiff is entitled to judgment as a matter of law on Counts IV and XII.

### E. Illinois Common Law Unfair Competition (Counts V and XIII)

Plaintiff voluntary dismisses its independent Illinois common law unfair competition causes of action, as they are superfluous of Counts IV and XII.

### F. Deceptive Trade Practices (Count VI and XIV)

The Uniform Deceptive Trade Practices Act ("the UDTPA") provides that "[a] person engages in a deceptive trade practice when . . . the person: . . . causes a likelihood of confusion or misunderstanding as to the source, sponsorship . . . [etc.]." *Dynamic Fluid Control (PTY) Ltd. v. Int'l Valve Mfg., LLC*, 790 F. Supp. 2d 732, 739 (N.D. Ill. 2011) (quoting 815 ILCS 510/2(a)(2)). Certain fraudulent conduct—using deceptive representations about the source or quality of the goods, for example—also violates the UDTPA. *Id.* (citing 815 ILCS 510/2(a)(4)-(6)).

There is no genuine issue of material fact that Defendants (with McCabe personally and solely directing AVKO) engaged in deceptive trade practices by misrepresenting material facts to companies and consumers—namely, by falsely stating that AVKO had the rights to sell Sequential Spelling material Levels 1-7 and that Wave 3 did not have that right—with the intent that third parties (Illinois consumers and businesses) would rely on this deception and concealment of material facts in purchasing Sequential Spelling material from AVKO and not from Wave 3. Relying on AVKO's deception and concealment of material facts, Illinois companies and consumers to their injury purchased unlawful and inferior-quality Sequential Spelling material from AVKO and did not purchase lawful and superior-quality Sequential Spelling material from Wave 3 (higher quality material that added grammar and vocabulary exercises and that removed antiquated and offensive terms like "negro," "chinaman," and "goy" and controversial phrases like "he abused her" and "Patty Hearst's captors").

Accordingly, there is no genuine issue of material fact that Defendants' actions constitute deceptive trade practices. *See* 815 ILCS 510/2(a) (8) (providing a cause of action for when a defendant "disparages the goods, services, or business of another by false or misleading representation of fact"). *See also Chicago's Pizza, Inc. v. Chicago's Pizza Franchise Ltd. USA*, 384 Ill. App. 3d 849, 865, 893 (1st Dist. 2008) (finding defendants engaged in deceptive trade practices when they falsely held themselves out as the plaintiff or the source of plaintiff's goods) Therefore, Plaintiff is entitled to judgment as a matter of law on this claim.

### G. Fraud (Count VII and XV)

Under Illinois law, the elements of a common law fraud claim are: (1) a false statement of material fact; (2) the party making the statement knew or believed it to be untrue; (3) the party to whom the statement was made had a right to rely on the statement; (4) the party to whom the statement was made did rely on the statement; (5) the statement was made for the purpose of inducing the other party to act; and (6) justifiable reliance by the person to whom the statement was made led to that person's injury. *Truck Ins. Exch. v. Kafka*, 911 F. Supp. 313, 315 (N.D. Ill. 1995) (citing *Siegel v. Levy Org. Dev. Co.,* 153 Ill.2d 534 (1992)); *accord Cozzi Iron & Metal, Inc. v. U.S. Office Equip., Inc.*, 250 F.3d 570, 574 (7th Cir. 2001).

Here, there is no genuine issue of material fact as that Defendants (with McCabe personally and solely directing AVKO) committed fraud by knowingly and willfully proprogating false statements of material facts to Wave 3, including but not limited to representing that AVKO licensed Sequential Spelling material *only* to JJH Publishing when it in fact AVKO licensed and sold Sequential Spelling material to twenty other non-indivduals. *See* Am. Comp., Dkt. No. 35, Ex. H. There is also no genuine issue of material fact that Defendant McCabe knew his statement was false, as he personally entered into these licensing agreements

14

with more than twenty other non-individuals and personally sent invoices to those non-individuals. *See* Am. Comp., Dkt. No. 35, Ex. H. Defendant McCabe made this false statement in order to conceal his unlawful activity. Wave 3 justifiably relied on Defendant McCabe's false statement because it was made in and to a court of law. Lastly, Wave 3 relied on Defendant McCabe's false statements to its detriment and material injury when it did not sooner stop or legally engage the twenty other non-individuals, and when it did not ask for additional relief from the Court in its Motion for Temporary Restraining Order and Preliminary Injunction Motion.

Accordingly, there is no genuine issue of material fact that Defendants' actions constitute common law fraud. Therefore, Plaintiff is entitled to judgment as a matter of law on this claim.

### H. Punitive Damages (Counts VIII and XVI

Plaintiff voluntary dismisses its independent Punitive Damages causes of action.

## CONCLUSION

Like summary judgment, judgment on the pleadings is "the put up or shut up moment in a lawsuit." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (internal citations and quotations omitted). Once a party has made a properly-supported motion, the nonmoving party may not simply rest upon the pleadings but must instead submit evidentiary materials that "set forth specific facts showing that there is a genuine issue for trial." *Id.* (quoting Fed. R. Civ. P. 56(e)). The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts. *Id.* (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986)).

In this case, there are not genuine issues of material fact. This evidence is clear. The unlawful actions are obvious. Therefore, because there are no issues of genuine facts and

15

Plaintiff is entitled to judgment as a matter of law, the Court should grant Plaintiff's Partial Motion for Judgement on Counts I-IV, VI, VII, IX-XII, XIV, and XV of the Pleadings.

Date: December 13, 2016

Respectfully submitted,

/s/ Matthew R. Grothouse
Matthew R. Grothouse
Saper Law Offices, LLC
505 N. LaSalle Suite 350
Chicago, Illinois 60654
Attorney No. 6314834
matt@saperlaw.com
(312) 527-4100

*Attorney for Plaintiff.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 13, 2016 the foregoing

**PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**

was filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filings to Defendants' counsel of record:

Mason Cole
Cole Sadkin, LLC
20 South Clark Street, Suite 500
Chicago, IL 60603
www.colesadkin.com
(312) 548-8610
mcole@colesadkin.com

*Attorneys for Defendants.*

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

/s/ Matthew R. Grothouse
Matthew R. Grothouse
Saper Law Offices, LLC
505 N. LaSalle, Suite 350
Chicago, Illinois 60654
ds@saperlaw.com
(312) 527-4100

*Attorney for Plaintiff.*

17