UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WAVE 3 LEARNING, INC., a Nevada corporation, | ) ) ) ) ) |
| *Plaintiff,* | ) ) ) |
| v. | ) No. 16-cv-5643 ) |
| AVKO EDUCATIONAL RESEARCH FOUNDATION, INC., a Michigan corporation, and Donald McCabe, an individual, | ) Hon. Jorge L. Alonso ) ) ) |
| *Defendants.* | ) |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

**NOW COMES** Defendants AVKO EDUCATIONAL RESEARCH FOUNDATION, INC. ("AVKO") and DONALD J. MCCABE ("McCabe"), by and through their undersigned counsel, COLE SADKIN, LLC, and for their response to Plaintiff's Motion for Partial Judgment (the "Judgment Motion") on the Pleadings, state as follows:

**BACKGROUND**

As depicted in Defendants' Amended Answer, the Parties provide very contrasting interpretations of both the procedural history of this case, and the historical relationship between the Parties. Plaintiff makes numerous reference in its pending Judgment Motion regarding Plaintiff's interpretations. Defendants would ask that this Court consider not only that the Parties' significant and ongoing business history should provide context to the Judgment Motion, but also that the Defendants' previous inability to afford counsel should not prejudice their ability to provide a proper defense.

1

**LEGAL STANDARD**

Defendants do not contest that Plaintiff's Judgment Motion is properly pled and that Rule 12(c) provides proper recourse for this Court to consider a judgment on the pleadings. Plaintiff properly cites *United States v. Wood*, directing this Court to view all facts in the "light most favorable to the non-moving party." *United States v. Wood*, 925 F.2d 1580, 1581 (7th Cir. 1991). Although this Court must grant the Judgment Motion if there are no genuine issues of material fact remain to be resolved, the opposite creates a very low bar to enable this case to move forward. *See generally Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 1993); *Memisovski v. Maram*, 2004 WL 1878332, at *2 n. 3 (N.D. Ill. 2004); *Utica Mut. Ins. Co. v. David Agency Ins., Inc.*, 327 F. Supp. 2d 922, 926 (N.D. Ill. 2004).

Although Defendants do not want to simply recite the legal standard produced by the Plaintiff, Defendants do want to articulate agreement to Plaintiff's reference of *Moreno v. Napolitano*. "A court may take judicial notice of facts that are (1) not subject to reasonable dispute and (2) either generally known within the territorial jurisdiction or capable of accurate and ready determination through sources whose accuracy cannot be questioned." *Moreno v. Napolitano,* No. 11 C 5452, 2014 WL 4814776, at *3 (N.D. Ill. Sept. 29, 2014). Plaintiff requests that this Court may consider any facts of which it may properly take judicial notice. Defendants would ask that this Court pay special attention to the affidavit provided by the Defendants to articulate the Parties procedural history not only leading to this case, but also leading to an improper settlement agreement between the Parties.

Illinois courts consistently hold that *if* this Court finds a genuine issue of dispute among the Parties factual interpretations, this Judgment Motion should not be granted. "If fair-minded persons could draw different inferences from the undisputed facts, summary judgment should not

be granted." *Soderlund Bros. v. Carrier Corp.*, 278 Ill. App. 3d 606, 613-14 (1st Dist. 1995). Summary judgment is not a measure to be taken lightly, as it inhibits Defendants ability to present their claims or inquire more via discovery regarding the Plaintiff's allegations. "Summary judgment is a drastic measure and should only be granted if the movant's right to judgment is clear and free from doubt." *Outland Marine Corp. v. Liberty Mut. Ins. Co.*, 154 Ill.2d 90, 102 (1992).

The purpose of summary judgment is not to try a question of fact, but rather to determine whether a genuine question of material fact exists. *Bagent v. Blessing Care Corp.*, 224 Ill.2d 154 (2007).

> In determining whether a genuine issue as to any material fact exists, a court must construe the pleadings, depositions, admissions, and affidavits strictly against the movant and liberally in favor of the opponent. A triable issue precluding summary judgment exists where the material facts are disputed or where, the material facts being undisputed, reasonable persons might draw different inferences from the undisputed facts.

*Id.* at 162-63. The burden of proof lies on the Plaintiff to demonstrate that there are no remaining factual issues of contention. This is a heavy burden, and a low bar for the Defendants in this matter to overcome.

## ARGUMENT

### I. Significant Genuine Material Facts Remain at Issue

#### A. Wave 3 Modified the Settlement Agreement Without AVKO's Consent

On or about May 28, 1974, Mr. McCabe formed AVKO as a non-profit entity in order to develop and produce materials that help teach reading, spelling, and handwriting techniques. The main purpose of AVKO is to provide home-learning resources and software for children, including those with mild learning disabilities.[1] AVKO does not make significant revenue or hold

---

[1] AVKO Educational Research Foundation, located at http://www.avko.org (last visited January 5, 2016).

substantive funds on hand at any given time. Wave 3 has been at times a competitor and also a business partner with AVKO, as Wave 3 also specializes in home-learning resources.[2] The present issue arises out of ownership and distribution authority regarding Sequential Spelling Levels 1-7 Teacher Guide and Sequential Spelling 1-7 Student Response Book, and their derivatives (collectively, the "IP Assets"). On or about April 16, 2015, AVKO sued Wave 3 regarding unfair competition and breach of contract.[3]

On or about February 23, 2016, the Parties ultimately settled, in an effort to mitigate legal costs and move forward, resulting in a settlement agreement (the "Original Settlement Agreement"). *See* Original Settlement Agreement, attached as **Exhibit 1**. The Original Settlement Agreement lays out the structure and time table for Wave 3's settlement payments to AVKO; it lists the specific materials in which Wave 3 has exclusive license to distribute; it lays out the process of approval for future editions of Sequential Spelling made by Wave 3; and, it orders confidentiality and non-disparagement between the two parties. *See* Don McCabe's Affidavit, attached as **Exhibit 2**. After February 24, 2016, without Mr. McCabe's knowledge, his counsel engaged with Plaintiff's counsel in substantive modifications to the Original Settlement Agreement. *See* Wolek & Noack July 2016 Correspondence, attached as **Exhibit 3**.[4] As seen from the updated agreement, the Settlement Agreement creates a timeline of when and how any royalty payments are to be made to Wave 3 by AVKO. However, in the Original Settlement Agreement, royalty payments, or a corresponding timeline for which they are to be paid, is mentioned. *See* Don McCabe Affidavit.

---

[2] Wave 3 Learning, Inc., located at http://www.sequentialspelling.com (last visited January 5, 2016).

[3] AVKO Educational Research Foundation, Inc. v. Wave 3 Learning, Inc., 15-cv-03393.

[4] Due to Plaintiff's continued reference to the "Settlement Agreement", Defendants reference to the Settlement Agreement also refers to the updated version signed on February 24, 2016.

Assuming that the Original Settlement Agreement terms were in place, Mr. McCabe did not receive knowledge regarding the Settlement Agreement modifications until on or before July 8, 2016. *Id.* On or about July 12, 2016, four days after receipt of the modifications to the Original Settlement Agreement, McCabe received an e-mail from his counsel stating that they terminated the attorney/client relationship. However, Adam Wolek and Brian Noack ("Wolek and Noack") no longer represented AVKO as of March 9, 2016, without the knowledge of AVKO or McCabe**.** Despite modifying the Original Settlement Agreement without consulting with AVKO, Wolek and Noack provided no notice of modification of the Original Agreement until after a period of over five (5) months.[5]

This Court should not allow Defendants' previous counsels' misrepresentations to prejudice Defendants' standing in this matter. "An attorney has a fiduciary duty to his client as a matter of law. That duty requires an attorney 'to render a full and fair disclosure of facts material to the client's representation.' Breach of that duty is tantamount to concealment." *Floyd v. Hefner*, 556 F. Supp. 2d 617, 661 (S.D. Tex. 2008). In the *Floyd* matter, the court articulated that attorneys have a fiduciary duty to their clients, and that clients are summarily disadvantaged by lack of counsel communication. Similarly, Defendant should not be disenfranchised due to conduct unbecoming of their counsel, and unknown to them as clients.

B. <u>Wave 3's Judgment Motion Provides a Variety of Pejorative Claims Without Warrant</u>

Wave 3 makes a variety of pejorative claims, referencing that Mr. McCabe "cannot *genuinely* dispute" a variety of facts that remain at genuine issue between the Parties. Wave 3 alleges that Mr. McCabe personally directs *all* of AVKO's actions and communications (i.e., he

---

[5] Wolek and Noack filed an appearance on behalf of AVKO but failed to file an appearance on behalf of Mr. McCabe. Therefore, throughout this lawsuit, Mr. McCabe did not have proper representation until Cole Sadkin, LLC filed an appearance and eventually a joint answer on or about November 30, 2016.

sends every email, negotiates and enters into every contract and deal, and makes every financial and business decision from the office in his basement). While Don McCabe does represent the interests of AVKO, he acts on behalf of a board of members and works from a building leased by AVKO. *See* Don McCabe Affidavit, attached as **Exhibit 2**. Wave 3 alleges that Defendants entered into a Settlement Agreement on February 24, 2016 granting Wave 3 an exclusive license.

As articulated above, Defendants contest that Wave 3 engaged in settlement discussions in good faith, as amendments were made to the Settlement Agreement via email modification only *after* Mr. McCabe reviewed and signed the agreement. *Id.* Further, Defendants contest that the Settlement Agreement, even in its current iteration, prevents AVKO from lawfully distributing classical versions of the IP Assets. *Id.* Plaintiff's articulation that Defendants arguments are "against the plain words and four corners of the Settlement Agreement," or that their arguments are "groundless" are not only unwarranted, but without substantive proof to make sure a pejorative claim.

Wave 3 alleges that Defendants knew the Settlement Agreement prohibited AVKO from selling or licensing Sequential Spelling materials Levels 1-7, and that they later misrepresented to third parties that Wave 3 did not own exclusive rights or any rights at all to "classic" AVKO material or derivatives thereof. On the contrary, Mr. McCabe reasonably understood that Wave 3 only retained exclusive rights to Wave 3's versions of Sequential Spelling, as the Settlement Agreement only lists Sequential Spelling Levels 1-7 Teacher Guide and Sequential Spelling 1-7 Student Response Book. *Id.* The logic of this being that AVKO would never have been able to grant Wave 3 exclusive rights to AVKO's classic versions of Sequential Spelling Levels 1-7 as AVKO was not the sole owner of the copyright to those materials. *Id.* Wave 3 alleges that Mr. McCabe directed AVKO to license and sell Sequential Spelling Levels 1-7 materials to third parties

in direct violation of Wave 3's exclusive license. However, again, it was Mr. McCabe's understanding that he was able to license and sell the Sequential Spelling Levels 1-7 "classic" versions and the classic versions of Sequential Spelling Levels 1-7 are not derivatives of the materials listed in the Settlement Agreement.

Wave 3 alleges that Defendants undertook the aforementioned with full knowledge that Wave 3's business interests and expectancy would be "directly and irreversibly injured". Not only does Wave 3 provide no proof of this claim, but Wave 3 does not demonstrate how Defendants would have access to knowledge or even conceptualize the result of their action on a potential competitor or business partner. *Id.* Wave 3 alleges that the approval power within the Settlement Agreement was abused by Defendants. Again, Wave 3 provides no proof of this claim, but simply demands that this Court accept that this is Defendants' goal despite Defendants repeated denial. *Id.*

Wave 3 alleges that Mr. McCabe directed AVKO to refrain from remitting royalties owed to Wave 3 in direct violation of the Settlement Agreement until the Court ordered him to do so. Mr. McCabe was not aware that AVKO was beholden to a timetable for which it had to remit royalties to Wave 3, but AVKO complied immediately when ordered by the Court. *Id.* Wave 3 alleges that Mr. McCabe acted in bad faith directing AVKO to terminate Wave 3's license and not provide accounting statements pursuant to the Settlement Agreement. McCabe, on behalf of AVKO, terminated Wave 3's license in response to his interpretation of the Temporary Restraining Order that required AVKO to terminate all licenses relating to Sequential Spelling Levels 1-7. Lastly, Wave 3 alleges that Mr. McCabe sent emails to third parties representing that Wave 3 did not have an exclusive license to sell the IP assets. Mr. McCabe never denied that Wave 3 had exclusive license to sell their versions of Sequential Spelling Levels 1-7, but only that AVKO

7

maintained the copyright of the materials, as this was his understanding of the Settlement Agreement.

    II.    **Plaintiff's Opaque Reference to "Indisputable Facts" does not Warrant Relief**

        A.  <u>Due to the Genuine Issues of Fact Still in Dispute, Plaintiff's Breach of Contract Claim Remains Unresolved (Counts I and IX).</u>

Defendants do not contest Plaintiff's recitation of the law or that the Parties sought resolution of previous disputes via the Settlement Agreement. However, Plaintiff alleges a variety of misrepresentations, asking this Court follow blindly. Plaintiff refuses to acknowledge that AVKO owns certain rights to the IP Assets. On or about June 15, 2008, AVKO received copyright ownership to Sequential Spelling 1; on or about December 31, 2006, AVKO received the copyright ownership to Sequential Spelling 2, 3, 4, 5, 6 and 7; (the "IP Assets"). Via significant negotiations attempting to resolve disputes with Wave 3, AVKO relinquished certain ownership in the IP Assets pursuant to the Settlement Agreement. *See* Don McCabe Affidavit, attached as **Exhibit 2**. However, the Settlement Agreement provides Wave 3 the exclusive rights to distribute the Teacher Guides and the Student Response Books (and any resulting derivatives therefrom). These versions of Sequential Spelling do not include the classic versions of Sequential Spelling, as AVKO only co-owns the copyrights of the classic versions with Instructional Media Innovations. *See* Settlement Agreement, attached as **Exhibit 1**.

AVKO still retains rights to distribute *everything else* contained within the copyright other than the updated Teacher Guides and Settlement Response Books. *See* **Exhibit 1**. Plaintiff ignores that this carve-out provides AVKO wide berth to not only sell and distribute the classic versions of the IP Assets, but also to distribute all items not included within the IP Assets assigned to Wave 3. Plaintiff attempts to convince this Court that the Settlement Agreement inhibits AVKO's ability

8

to stay in business, but that is not the case. Plaintiff alleges that Defendants reviewed the Settlement Agreement with the assistance of counsel. As expressed above and explicitly referenced in his affidavit, Don McCabe did not have the assistance of counsel and did not support or approve the updated Settlement Agreement. *See* **Exhibit 3**.

> B. <u>Due to the Genuine Issues of Fact Still in Dispute, Plaintiff's Breach of Implied Covenant of Good Faith and Fair Dealing Claims Remain Unresolved (Counts II and X).</u>

Plaintiff alleges that Mr. McCabe (both in an individual capacity and when acting as a corporate officer for AVKO) manipulated the approval authority pursuant to the Settlement Agreement.[6] As articulated by Plaintiff, the Settlement Agreement allows Defendants to approve and restrict Wave 3's modifications to classic versions of the Sequential Spelling materials in order to protect the integrity of the materials. *See* **Exhibit 2**. This is very important to Defendants because the copyright of the material is still owned by Defendants and substance of the materials is a result of years of research made by the AVKO foundation. In order to document this goal, the parties intentionally included this approval authority within the Settlement Agreement. Plaintiff now is attempting to turn the Settlement Agreement into a malleable document, stripping Defendants of its approval authority by alleging that this authority is being improperly expanded. Plaintiff accuses Defendants of unreasonably denying approval of Wave 3 derivatives in order to

---

[6] In Section 10 of the Settlement Agreement entitled Right of Review, it is expressed that "Wave 3 shall submit all of its existing Sequential Spelling materials to AVKO for approval prior to printing or publishing any new materials…Wave 3 shall not be permitted to print or sell any further Sequential Spelling materials without the express authorization of an individual expressly designated by AVKO for such a purpose. Such authorization shall not be unreasonably withheld. If the Parties cannot agree to the reasonableness of the withheld authorization, then the question will be submitted to Paul Holz. If Paul Holz does not issue a decision on approval within two weeks, the Parties shall submit three names of persons to decide the approval question. If one of those names overlaps, the Parties shall return to Judge Finnegan and he will select an individual from those three names." The Agreement has an amendment noted in the margin: "If Avko does not approve or disapprove within two weeks of the material delivered via mail, the power to approve is waived."

force Wave 3 to modify the terms of the Settlement Agreement. However, Defendants maintain that the changes made by Wave 3 to the materials did not meet the standards held by AVKO and were unnecessary, as they did not improve or build upon the intent of the material. Plaintiff also accuses Defendants of unreasonably and in bad faith interpreting the Settlement Agreement in order to continue selling the IP Assets to other buyers. Defendants maintain that they are not misinterpreting the Settlement Agreement, but are in fact, obeying the terms of the Settlement Agreement in detail.[7]

### C. Due to the Genuine Issues of Fact Still in Dispute, Plaintiff's Unjust Enrichment Claim Remains Unresolved (Counts III and XI).

Plaintiff alleges that Defendants actions have unjustly enriched AVKO at Wave 3's expense. This is a claim that is made frequently throughout the original Complaint and also this present Judgment Motion before this Court. It is challenging for Defendants to adequately defend these claims of injury when Plaintiff provides no material proof of damages. Plaintiff could have attached profit-and-loss statements, tax returns, and a variety of other evidence of monetary harm. Plaintiff cites *Maloney* to demonstrate that this Court must somehow believe that AVKO is unjustly enriched at the expense of Wave 3 without an iota of evidence. *Maloney v. Pihera*, 215 Ill. App. 3d 30 (1991) (holding that the defendant was unjustly enriched when he kept all of the proceeds to a property he sold that the plaintiff had improved).

However, Plaintiff should have referenced *BP Amoco Chem. Co. v. Flint Hills Res. LLC*, No. 05 C 5661, 2009 U.S. Dist. LEXIS 32708 (N.D. Ill. Apr. 17, 2009), which clarifies that written

---

[7] Defendants continue to allege that Plaintiff's actions have "actually and proximately caused damage and injury to Wave 3, including thousands of dollars in lost royalties, lost time and sales, damage to its reputation, and tens of thousands of dollars in attorneys' fees." Not only do Defendants refuse to provide any clarity or evidence to these alleged losses, but Defendants are attempting to utilize this Court to avoid discovery when such allegations could be readily verified.

discovery is necessary to account for monetary damages. Damages are not merely a visceral item to be implied or merely referenced. On the contrary, "proof of damages is a required element of a breach of contract claim under Illinois Law." *Kelly v. McGraw-Hill Cos.*, 865 F. Supp. 2d 912, 919 (N.D. Ill. 2012); *see also Henderson-Smith & Assocs. v. Nahamani Family Serv. Ctr.*, 323 Ill. App. 3d 15, 256 Ill. Dec. 488, 752 N.E.2d 33 (2001).

>  D. <u>Due to the Genuine Issues of Fact Still in Dispute, Plaintiff's Tortious Interference with a Business Expectancy Claim Remains Unresolved (Counts IV and XII).</u>

Plaintiff alleges that Defendants knew Wave 3 expected to engage in valid business relationships with several distributors to sell the IP Assets. However, AVKO only transacted sales with classic versions of Sequential Spelling 1-7, and not any derivatives of Sequential Spelling 1-7 Teacher Guides and Student Response Books. Although Defendants have no knowledge or ability to verify whether Wave 3 did indeed incur monetary damages due to AVKO's actions, Plaintiff alleges that the distributors purchased the IP Assets from AVKO instead of Wave 3. Defendants agree with Plaintiff's recitation of case law and acknowledge that *if* Defendants acted with purpose to exclude Plaintiff from business opportunities in violation of the Settlement Agreement, then Plaintiff would possess claims for tortious interference with a business expectancy. However, AVKO did not sell the IP Assets listed in the Settlement Agreement to any distributor, only the classic versions which are not named in the Settlement Agreement. *See* Don McCabe Affidavit, attached as **Exhibit 2**.

>  E. <u>Due to the Genuine Issues of Fact Still in Dispute, Plaintiff's Deceptive Trade Practices Claim Remains Unresolved (Counts VI and XIV).</u>[5]

Defendants essentially regurgitate the claims made above to demonstrate that Defendants

---

[5] Plaintiff voluntarily dismissed its independent Illinois common law unfair competition causes of action.

acted with malice and intended to harm Defendants' business opportunities. Defendants specifically allege that AVKO:

> [E]ngaged in deceptive trade practices by misrepresenting material facts to companies and consumers—namely, by falsely stating that AVKO had the rights to sell Sequential Spelling material Levels 1-7 and that Wave 3 did not have that right—with the intent that third parties (Illinois consumers and businesses) would rely on this deception and concealment of material facts in purchasing Sequential Spelling material from AVKO and not from Wave 3.

*See* Judgment Motion, page 13. Plaintiff references Illinois case law to define deceptive trade practices, but provides no clarifying evidence that Mr. McCabe "falsely held himself out" to third-parties as the source of Plaintiff's goods. *See Chicago's Pizza, Inc. v. Chicago's Pizza Franchise Ltd. USA*, 384 Ill. App. 3d 849, 865, 893 (1st Dist. 2008).

In *Chicago's Pizza*, the defendants were determined to have engaged in deceptive trade practices when they falsely held themselves out as the plaintiff or the source of plaintiff's goods. *Id.* However, AVKO has never made any representations to third parties that AVKO acts on behalf of Wave 3. And as to making representations that they are the source of Wave 3's goods, AVKO only claimed to own the copyright to the materials, which is true and verifiable. Again, this Court, without any further iota of evidence other than Plaintiff's proffers, must look to Mr. McCabe's affidavit as evidence of his intent and actions on behalf of AVKO. When this Court is left with further doubt regarding the evidential queries posed by Plaintiff's proffers, written discovery must be required.

> F. <u>Due to the Genuine Issues of Fact Still in Dispute, Plaintiff's Fraud Claim Remains Unresolved (Counts VII and XV).</u>[6]

Plaintiff alleges that Defendant have committed *per se* fraud without an *indicia* of proof

---

[6] Plaintiff voluntarily dismissed its independent punitive damages causes of action.

12

regarding the same. Plaintiff comments:

> There is also no genuine issue of material fact that Defendant McCabe knew his statement was false, as he personally entered into these licensing agreement with more than twenty other non-individuals and personally sent invoices to those non-individuals. Defendant McCabe made this false statement in order to conceal his unlawful activity.[7]

Plaintiff cannot peer into the mind of Mr. McCabe to unwittingly and firmly claim malevolent action. This is the precise reason why discovery is necessary *for both parties*. Plaintiff needs to further investigate its wide-ranging allegations in order to determine why Defendants engaged in such actions and how specifically Plaintiff was harmed. Without further discovery, this Court is left to stare at Mr. McCabe's affidavit and the allegations of his counsel, both of which continually deny these baseless allegations.[8] *Kelly v. McGraw-Hill Cos.*, 865 F. Supp. 2d 912, 919 (N.D. Ill. 2012), *DW Data, Inc. v. C. Coakley Relocation Sys., Inc.*, 951 F. Supp. 2d 1037 (N.D. Ill. 2013).

---

[7] Plaintiff's Judgment Motion, page 14-15 (referencing Amended Complaint, Docket No. 35, Exhibit H).
[8] In Don McCabe's affidavit, he contests to each allegation laid against him.

## CONCLUSION

Plaintiff contends that "indisputable facts" somehow force this Court to deny Defendants an ability to not only defend this claim, but further to be denied discovery to determine Plaintiff's confidence in these "indisputable facts". Plaintiff references *Siegel v. Shell Oil*, for the shock-value reference to the "put up or shut up moment in a lawsuit." *Siegel v. Shell Oil Co.,* 612 F. 3d 932, 937 (7th Cir. 2010). Defendants do not contest that they share the burden to provide specific facts demonstrating a genuine issue for trial. *Id.* (quoting Fed. R. Civ. P. 56(e)). However, Plaintiff ignores the glaring issues that have been raised not only informally by counsel, but by Defendants in their Amended Answer. As articulated above, there are three major unresolved issues of fact that this Court must further explore via the allowance of discovery.

First, Wave 3 contends that it solely owns the right to distribute the IP Assets. Not only has Wave 3 not properly demonstrated that it possesses exclusive rights to distribute the IP Assets, but it also glosses over its egregious claim that AVKO somehow has no rights to the original, classic versions of the IP assets or any corresponding copyright ownership. Second, Wave 3 attempts to denigrate AVKO's valid approval process for reviewing Wave 3 proposed modifications to the classic IP Assets prior to distribution. Wave 3 alleges general frustration that AVKO is somehow impeding its settlement agreement obligations, instead of identifying the genuine goals raised by AVKO regarding its approval authority.

Finally, Wave 3 ignores AVKO's significant contentions that the settlement agreement signed by the Parties was signed under false pretenses. Not only was AVKO not made fully aware of Wave 3's last minute, substantive changes, but AVKO also lost communication with its own attorney while negotiations were ongoing. To adopt Plaintiff's sarcastic tone, Wave 3 alleges that the "evidence is clear. The unlawful actions are obvious." As any first-year writing class will

articulate, if a writer is required to state that something is "clear" or "obvious", then the reader must think twice before swallowing the writer's proffer. Therefore, because there are significant genuine issues of facts between the Parties, Defendants request that this Court deny Plaintiff's Judgment Motion.

Dated: January 13, 2017 　　　　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Mason Cole
　　　　　　　　　　　　　　　　　　　　　　　　　　Mason Cole

<u>Cole Sadkin, LLC</u>
20 South Clark Street, Suite 500
Chicago, IL 60603
colesadkin.com
(312) 548-8610
mcole@colesadkin.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 13, 2017 the foregoing

**DEFENDANTS' RESPONSE TO MOTION FOR SUMMARY JUDGMENT**

was filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filings to Plaintiff's counsel of record:

**Daliah Saper**
**Saper Law Offices, LLC**
**505 N. LaSalle Suite 350**
**Chicago, Illinois 60654**
**(312) 527-4100**
*Attorneys for Plaintiff.*

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

/s/Mason S. Cole
Mason Cole