## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **WAVE 3 LEARNING, INC., a Nevada Corporation,** | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| **v.** | ) | **Civil Case No.: 2016-CV-05643** |
| | ) | |
| **AVKO EDUCATIONAL RESEARCH FOUNDATION, INC.,** | ) | **Judge Jorge L. Alonso** |
| **a Michigan corporation, and** | ) | |
| **DON MCCABE, an individual,** | ) | |
| | ) | |
| *Defendants.* | ) | |

_____

### DEFENDANTS' MOTION TO SET ASIDE SETTLEMENT AGREEMENT AS INVALID

**NOW COMES** Defendants, AVKO EDUCATIONAL RESEARCH FOUNDATION, INC. ("AVKO") and DONALD J. MCCABE ("McCabe") (collectively, the "Defendants"), by and through their undersigned counsel, COLE SADKIN, LLC, and respectfully request this honorable Court to grant an order to set aside settlement agreement, and in support thereof, states as follows:

### PROCEDURAL HISTORY

On or about February 24, 2016, Plaintiff and Defendants previously signed a settlement agreement (the "Agreement") after attempting to resolve a dispute regarding sale and distribution of Sequential Spelling Materials.[1]  On or about May 26, 2016, Plaintiff filed a

---

[1] Counsel for both Parties have itemized the complicated and intertwined working relationship between the Parties in both the pleadings filed in the initial matter, Civil Action Number 15cv3393, along with the pleadings filed in this

Complaint alleging Defendants breached a variety of material elements of the Agreement. Defendants filed responsive pleadings, and the Parties are engaged in a parallel Motion for Summary Judgment requesting that this Court determine whether or not Defendants have breached the Agreement.[2]  On or about February 10, 2017, Plaintiff's counsel submitted the Agreement to a third party, breaching a material element of the Agreement, triggering Defendants' present Motion.

## LEGAL STANDARD

Parties to a contract may agree that certain elements of the contract are "material" or required.  *Maywood Proviso St. Bank v. York St. Bank & Trust Co.*, 252 Ill. App. 3d 164, 169, 192 Ill. Dec. 123, 625 N.E.2d 83 (1st Dist. 1993).  It is well-settled that "the intention of the parties as expressed by the agreement controls," *Will v. Will Prods. Inc.*, 109 Ill. App. 3d 778, 782, 65 Ill. Dec. 430, 441 N.E.2d 343 (2d Dist. 1982), and courts "will give effect to this provision when no peculiar circumstances have intervened to prevent or excuse strict compliance." *Maywood*, 252 Ill. App. 3d at 169 (citing *Hart v. Lyons*, 106 Ill. App. 3d 803, 805, 62 Ill. Dec. 697, 436 N.E.2d 723 (2d Dist. 1982)).

## STATEMENT OF FACTS PRECEDING THIS FILING

On or about December 15, 2016, Daliah Saper, on behalf of Plaintiff, Wave 3 Learning, Inc. ("Wave 3"), began reaching out directly to John Joseph Hipps, President of Instructional Media Innovations, Inc., co-owner of the copyright to Sequential Spelling DVDs.[3]  *See* Wave 3 Copyright, attached as **Exhibit 1**.  Pursuant to these communications, Plaintiff made several attempts to not only resolve a potential dispute between Wave 3 and Hipps, but also to interpret

---

present matter.
[2] As of the date of this filing, Judge Alonso has not provided a ruling on Plaintiff's Motion for Summary Judgment. Written discovery has not yet been issued by either Party.
[3] Pursuant to the Copyright granted on or about June 27, 2014, Hipps has full rights to Sequential Spelling DVDs.

and make allegations regarding the ongoing dispute between Wave3 and Defendants. *See* Wave 3 December 15, 2016 Correspondence, attached as **Exhibit 2**. On or about December 16, 2016, in response to this initial attempt at settlement, Hipps rejected the Plaintiff's offer and notified Defendants regarding Wave 3's actions.

On or about February 10, 2017, Wave 3 contacted Hipps again with yet another settlement offer regarding the same materials. Wave 3 made further representations regarding this ongoing dispute, proceeding to attach the Agreement made between the present Parties on February 24, 2016. *See* Wave 3 February 10, 2017 Correspondence, attached as **Exhibit 3**. Specifically included in this Agreement is a Confidentiality Clause:

> The Parties agree that the facts and circumstances leading up to and surrounding this Agreement, the settlement of this dispute and controversy, and the facts and circumstances involved in the Lawsuit as described in the complaint, shall be kept private and confidential by the Parties, and that the Parties shall not communicate the terms of this Agreement or any other fact or circumstances discussed in this Agreement or the Lawsuit to any individual, entity, or other third-party, except as otherwise expressly provided below.

> No party, or an attorney for or a representative of a party, shall in any way communicate, publish, reveal, disclose, or characterize any terms, information, terms or details of this Agreement or the underlying circumstances or litigation, including the amount paid, except the Parties may state that it was "settled amicably" or state that the settlement is subject to a confidentiality provision. The Parties further expressly acknowledge and agree that if either party breaches the terms of the Agreement, the aggrieved party shall be entitled to all remedies available at law or in equity ...

> … **The Parties agree that the confidentiality provisions set forth herein constitute material terms of this Agreement.** The Parties agree that no part of the Settlement Amount is being paid for confidentiality but rather the consideration for such confidentiality is the mutual agreement of the Parties to abide by it.

*See* February 24, 2016 Settlement Agreement, attached as **Exhibit 4**. The choice of the Plaintiff

to disclose the exact contents of the Settlement Agreement is a clear and material breach of the Settlement Agreement. *See* February 21, 2017 Affidavit of Hipps, attached as **Exhibit 5**. Defendants are harmed by disclosures of this confidential Agreement, which is specifically why the Parties articulated in the Agreement that such disclosure would be considered a "material term."

## ARGUMENT

Wave 3 knowingly signed the Agreement with a specific Confidentiality Clause in order to prevent each Party from discussing the terms of the Agreement with outside competitors, clients, and third-parties. A party that fails to perform its contractual duties is liable for breach of contract, and a material breach of the terms of the contract will serve to excuse the other party from its duty of counter-performance. *Finch v. Illinois Cmty. Coll. Bd.*, 315 Ill. App. 3d 831, 836, 248 Ill. Dec. 398, 734 N.E.2d 106 (5th Dist. 2000); *Circle Sec. Agency Inc. v. Ross*, 107 Ill. App. 3d 195, 202-03, 63 Ill. Dec. 18, 437 N.E.2d 667 (1st Dist. 1982).

In determining whether a breach is material, some Illinois courts have stated that the question is whether performance of the disputed provision was the "*sine qua non* of the agreement," i.e., "of such a nature and such importance that the contract would not have been made without it." *Arrow Master Inc. v. Unique Forming Ltd.*, 12 F.3d 709, 715 (7th Cir. 1993); *Dragon Constr. Inc. v. Parkway Bank & Trust*, 287 Ill. App. 3d 29, 33, 222 Ill. Dec. 648, 678 N.E.2d 55 (1st Dist. 1997); *Newton v. Aitken*, 260 Ill. App. 3d 717, 719, 198 Ill. Dec. 751, 633 N.E.2d 213 (2d Dist. 1994). Wave 3 seems to disregard the material nature of the Confidentiality Clause, articulating to Hipps that this Agreement is no longer confidential due to the fact that it is cited in a public pleading. *See* Hipps Affidavit.

Illinois courts have stated that the question of "whether a breach is material, thereby

discharging the other party's duty to perform, is based on the inherent justice of the matter." *Kel-Keef Enters. Inc. v. Quality Components Corp.*, 316 Ill. App. 3d 998, 1016, 250 Ill. Dec. 308, 738 N.E.2d 524 (1st Dist. 2000); *Francorp Inc. v. Siebert*, 126 F. Supp. 2d 543, 547 (N.D. Ill. 2000); *Rogers v. Balsley*, 240 Ill. App. 3d 1005, 1011, 181 Ill. Dec. 814, 608 N.E.2d 1288 (2d Dist. 1993). Defendants are not only impeded in their ability to sell and distribute Sequential Spelling Materials, but the AVKO business is essentially decimated due to lawsuits brought forth by Wave 3. *See* January 10, 2017 Affidavit of Don McCabe, attached as **Exhibit 6**.

## CONCLUSION

Wave 3 filed this present lawsuit pursuant to the contention that Defendants violated this Agreement. Wave 3 somehow asks this Court simultaneously to disregard its own breach despite the Parties transparent determination that the Confidentiality Clause is a material element of this Agreement. Pursuant to the Answer and Affirmative Defenses contesting Defendants' breach of the Agreement, Wave 3's ongoing and willful violation of the Confidentiality Clause constitutes a *per se* breach of a material element of the Agreement.

WHEREFORE, Defendants respectfully request this Court enter an Order to set aside this Agreement and for a Declaratory Judgement that the Agreement is rendered invalid pursuant to this breach. Defendants additionally request attorneys fees pursuant to filing this Motion and for such further relief as this honorable Court deems to be just and equitable.


Date: February 21, 2017                                    Respectfully Submitted,

                                                           /s/Mason S. Cole

                                                           Mason Cole


Cole Sadkin, LLC
220 S. Clark, Suite 500

Chicago, IL 60603
mcole@colesadkin.com
(312) 548-8610
*Counsel for Defendant*
Firm ID: 49001

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing DEFENDANTS' MOTION SET ASIDE SETTLEMENT AGREEMENT AS INVALID was served via electronic mail and standard mail on or about this 20th day of February 2017, upon counsel for Plaintiffs at the following address:

<u>Saper Law Offices</u>
Dalia Saper
505 North LaSalle, Suite 350
Chicago, IL 60654
saperlaw.com
(312) 527-4100
dsaper@saperlaw.com
*Counsel for the Plaintiff*

By: <u>/s/ Mason S. Cole</u>
Mason Cole
