UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| WAVE 3 LEARNING, INC., a Nevada Corporation, | ) ) ) | |
| *Plaintiffs,* | ) ) | |
| v. | ) ) | Civil Case No.: 2016-CV-05643 |
| AVKO EDUCATIONAL RESEARCH FOUNDATION, INC., a Michigan corporation, and DON MCCABE, an individual, | ) ) ) ) ) | Judge Jorge L. Alonso |
| *Defendants.* | ) | |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S PETITION OF ENTRY FOR RULE TO SHOW CAUSE

**NOW COMES** Defendants, AVKO EDUCATIONAL RESEARCH FOUNDATION, INC. ("AVKO") and DONALD J. MCCABE ("McCabe") (collectively, the "Defendants"), by and through their undersigned counsel, COLE SADKIN, LLC, and respectfully request this honorable Court to dismiss the petition filed by Wave 3 Learning, Inc. ("Wave 3"), and in support thereof, states as follows:

### PROCEDURAL HISTORY

On or about February 24, 2016, Plaintiff and Defendants previously signed a settlement agreement (the "Agreement") after attempting to resolve a dispute regarding sale and

1

distribution of Sequential Spelling Materials.[1] On or about May 26, 2016, Plaintiff filed a Complaint alleging Defendants breached a variety of material elements of the Agreement. Defendants filed responsive pleadings, and the Parties are engaged in a parallel Motion for Summary Judgment requesting that this Court determine whether or not Defendants have breached the Agreement.[2] On or about September 11, 2017, Plaintiff filed the Petition to Show Cause Why Defendants Should not be Held in Contempt of Court. Docket No. 71. Although counsel for both parties have been in constant contact in an attempt to resolve this matter amicably, Judge Alonso instructed Defendants to file this response if the parties could not come to a resolution on or before September 25, 2017.[3]

## LEGAL STANDARD

Parties to a contract may agree that certain elements of the contract are "material" or required. *Maywood Proviso St. Bank v. York St. Bank & Trust Co.*, 252 Ill. App. 3d 164, 169, 192 Ill. Dec. 123, 625 N.E.2d 83 (1st Dist. 1993). It is well-settled that "the intention of the parties as expressed by the agreement controls," *Will v. Will Prods. Inc.*, 109 Ill. App. 3d 778, 782, 65 Ill. Dec. 430, 441 N.E.2d 343 (2d Dist. 1982), and courts "will give effect to this provision when no peculiar circumstances have intervened to prevent or excuse strict compliance." *Maywood*, 252 Ill. App. 3d at 169 (citing *Hart v. Lyons*, 106 Ill. App. 3d 803, 805, 62 Ill. Dec. 697, 436 N.E.2d 723 (2d Dist. 1982)).

---

[1] Counsel for both Parties have itemized the complicated and intertwined working relationship between the Parties in both the pleadings filed in the initial matter, Civil Action Number 15cv3393, along with the pleadings filed in this present matter.
[2] As of the date of this filing, Judge Alonso has not provided a ruling on Plaintiff's Motion for Summary Judgment. Written discovery has not yet been issued by either Party.
[3] As of the date of this filing, Defendants' counsel is waiting on a call back from Plaintiff's counsel due to travelling issues. In order to comply with Judge Alonso's order and create a clear record, Defendants submit this pleading in addition to fully expecting to resolve the matter directly between the Parties.

## STATEMENT OF FACTS REGARDING THE ALLEGED PRELIMINARY

## INJUNCTION BREACH

On or about September 20, 2017, Matt Grothouse, on behalf of Plaintiff, Wave 3 Learning, Inc. ("Wave 3"), proffered five concerns with Defendants' recent actions in alleged August 15, 2016 preliminary injunction the Court granted against AVKO.

• "immediately cease selling or licensing any Sequential Spelling material Levels 1-7 (or variation or derivative thereof including DVD's) to any third party whatsoever;"
From the date that Wave 3 filed its Motion for Summary Judgment, December 13, 2016, through the present, AVKO has not and does not intent to license any Sequential Spelling material (the "Disputed Materials"). Counsel for both parties have spoken about providing receipts to determine damages if Disputed Materials were sold. As no Disputed Materials have been sold, there are no receipts to be provided.

• "cease representing to third parties that Wave [3] does not own an exclusive copyright license to Sequential Spelling material Levels 1-7 and any derivative thereof."
From the date that Wave 3 filed its Motion for Summary Judgment, December 13, 2016, through the present, AVKO has not and does not intent to license any Sequential Spelling material (the "Disputed Materials"). Counsel for both parties have spoken about providing emails to determine damages if Disputed Materials were alleged in violation of the exclusive copyright. As no emails were sent or proffers made, there are no emails to be provided.

• "cease representing to third parties that AVKO or any court of law has terminated Wave 3's exclusive license to the Sequential Spelling material as set forth in the February 24, 2016 Settlement Agreement between Wave 3 Learning, Inc. and Avko Educational Foundation, Inc.;"
From the date that Wave 3 filed its Motion for Summary Judgment, December 13, 2016, through the present, AVKO has not and does not intent to license any Sequential Spelling material (the

3

"Disputed Materials"). Counsel for both parties have spoken about providing emails to determine damages if Disputed Materials were alleged in violation of the exclusive copyright. As no emails were sent or proffers made, there are no emails to be provided.

- "cease creating new inventory of Sequential Spelling material Levels 1-7 (and any variation thereof);"

From the date that Wave 3 filed its Motion for Summary Judgment, December 13, 2016, through the present, AVKO has not and does not intent to create any independent material that is identical or similar to the "Disputed Materials"). Counsel for both parties have spoken about providing emails to determine damages if Disputed Materials were created in violation of the exclusive copyright. As no emails were sent or proffers made, there are no emails to be provided.

- Add a disclaimer to AVKO's website next to any listing of Sequential Spelling materials indicating that Wave 3 has the exclusive license to sell and distribute such materials and all derivatives thereof, along with contact information for Wave 3.

This disclaimer is now present. *See* September 22, 2017 Email Instructing Website Administrator to Comply, attached as **Exhibit 1**.

Prelim. Inj. Order 1–2, Docket No. 30. Plaintiff then filed a Motion for Judgment on the Pleadings on December 13, 2016, which is pending before the Court. Docket No. 52.

## STATEMENT OF FACTS REGARDING THE FURTHER REQUESTS MADE BY PLAINTIFF'S COUNSEL

In an effort to resolve this matter amicably pursuant to Judge Alonso's September 20, 2017 Minute Order, counsel for both parties have been in constant contact. Without waiving the right for the parties to engage in confidential settlement conversations, counsel would like to

memorialize additional requests made by Wave 3 to demonstrate AVKO compliance. On or about September 21, 2017, Wave 3 counsel requested the following additional steps to supplement the Petition previously filed:

- remove the disparaging, defamatory language about Thomas Morrow and Wave 3;

On or about September 21, 2017, the disparaging remarks were removed.

- put the court-mandated disclaimer back on the AVKO website;

On or about September 22, 2017, the disclaimer was placed on the website. *See* **Exhibit 1**.

- remove the language on his website saying that the Sequential Spelling works may "be available soon,"; and

On or about September 22, 2017, the disputed language was removed. *Id.*

- provide samples and sales data/invoices for the 10 volumes of "The Patterns of English Spelling (which are possibly just Sequential Spelling books under a different title) and Teaching Reading via Sequential Spelling Patterns (which are derivatives of the Sequential Spelling books).

The above-referenced titles are not similar or identical to the Disputed Materials. They are not included in the Agreement leading to this case and should not be relevant to this Petition. Further, the materials listed on AVKO's website do not conflict with the Disputed Materials. It appears that instead of purchasing the above-referenced titles to determine any conflict, Wave3 is utilizing this Petition as an improper discovery tool. *See* AVKO Website Screenshot, attached as **Exhibit 2**.

## CONCLUSION

WHEREFORE, Defendants respectfully request this Court dismiss Plaintiff's Petition. Defendants additionally request attorneys fees pursuant to filing this Response and for such further relief as this honorable Court deems to be just and equitable.

Date: September 25, 2017 	Respectfully Submitted,

/s/Mason S. Cole

Mason Cole

Cole Sadkin, LLC
20 S. Clark, Suite 500
Chicago, IL 60603
mcole@colesadkin.com
(312) 548-8610
*Counsel for Defendants*
Firm ID: 49001