**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| WAVE 3 LEARNING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 16 C 5643 |
| v. ) | |
| ) | Judge Jorge L. Alonso |
| AVKO EDUCATIONAL RESEARCH ) | |
| FOUNDATION, INC. and DON MCCABE, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This matter involves a disagreement over the licensing and distribution rights of certain educational materials. Before the Court is plaintiff's motion for partial summary judgment [100]. Because this case has been the subject of a prior written opinion (dkt. 84), the facts are set out only as necessary for this motion. For the reasons set forth below, the motion is granted in part and denied in part.

**LEGAL STANDARD**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering such a motion, the court construes the evidence and all inferences that reasonably can be drawn therefrom in the light most favorable to the nonmoving party. *See Kvapil v. Chippewa Cty.*, 752 F.3d 708, 712 (7th Cir. 2014). "Summary judgment should be denied if the dispute is 'genuine': 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Talanda v. KFC Nat'l Mgmt. Co.*, 140 F.3d 1090, 1095 (7th Cir. 1998) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)); *see also Bunn v. Khoury Enters., Inc.*, 753 F.3d 676, 681-82 (7th Cir. 2014). The court will enter

summary judgment against a party who does not "come forward with evidence that would reasonably permit the finder of fact to find in [its] favor on a material question." *Modrowski v. Pigatto*, 712 F.3d 1166, 1167 (7th Cir. 2013). It is well settled that at the summary-judgment stage, the court does not make credibility determinations, weigh evidence, or decide which inferences to draw from the facts; those are jury functions. *See Gibbs v. Lomas*, 755 F.3d 529, 536 (7th Cir. 2014).

**Local Rule 56.1 Requirements**

Local Rule 56.1 supplements Federal Rule of Civil Procedure 56; its purpose "is to make the summary judgment process less burdensome on district courts, by requiring the parties to nail down the relevant facts and the way they propose to support them." *Sojka v. Bovis Lend Lease, Inc.*, 686 F.3d 394, 397 (7th Cir. 2012). Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the moving party contends there is no genuine issue." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009). Each paragraph of the statement must contain specific references to supporting materials in the record that are relied upon to support the facts set forth in that paragraph. N.D. Ill. L.R. 56.1(a).

"The opposing party is required to file 'a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." *Id.* (citing N.D. Ill. L.R. 56.1(b)(3)(B)). Rule 56.1(b)(3)(C) requires the non-moving party to present a separate statement of additional facts that requires the denial of summary judgment. *See Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 643–44 (7th Cir. 2008). "For litigants appearing in the Northern District of Illinois, the Rule 56.1 statement is a critical, and required, component of a litigant's response to a motion for summary judgment." *Sojka*, 686 F.3d at 398. "When a

2

responding party's statement fails to dispute the facts set forth in the moving party's statement in the manner dictated by the rule, those facts are deemed admitted for purposes of the motion." *Cracco*, 559 F.3d at 632; *see also Frey Corp. v. City of Peoria, Ill.*, 735 F.3d 505, 513 (7th Cir. 2013). District courts may rigorously enforce compliance with Rule 56.1. *See, e.g., Stevo v. Frasor*, 662 F.3d 880, 886–87 (7th Cir. 2011) ("Because of the high volume of summary judgment motions and the benefits of clear presentation of relevant evidence and law, we have repeatedly held that district judges are entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings"). "However, a nonmovant's failure to respond to a summary judgment motion, or failure to comply with Local Rule 56.1, does not, of course, automatically result in judgment for the movant. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006) (citations omitted).

In accordance with Local Rule 56.1(a), plaintiff Wave 3 Learning, Inc. ("Wave 3") filed a motion for partial summary judgment, an affidavit, a supporting memorandum of law, and a statement of undisputed facts. (Dkts. 100-103.) Defendants AVKO Educational Research Foundation, Inc. ("AVKO") and Don McCabe ("McCabe") were required to respond to plaintiff's Local Rule 56.1(a)(3) statement. *See* L.R. 56.1(b)(3)(B). Although defendants filed a response brief, they failed to respond to plaintiff's Local Rule 56.1(a)(3) statement. (Dkt. 105.) Accordingly, the facts in plaintiff's Local Rule 56.1(a)(3) statement are deemed admitted to the extent they are supported by the record. *See* N.D. Ill. L.R. 56.1(b)(3)(C). The Court will not consider any facts that contain legal arguments, conclusions, or speculation.

## BACKGROUND

On February 24, 2016, plaintiff and defendants entered into a Settlement Agreement which granted plaintiff an exclusive license in the U.S. and Canada to certain Sequential Spelling

materials, including Levels 1-7 of the Sequential Spelling Teacher Guides and Levels 1-7 of the Student Response Books, and any derivatives. Pursuant to the terms of the Settlement Agreement, defendants were allowed to sell Level 1 of the Sequential Spelling Teacher Guides to distributors until plaintiff's revised version of the Level 1 Teacher Guide was approved. In accordance with the Settlement Agreement, plaintiff sent its revised version of the Level 1 Sequential Spelling Teacher Guides to defendants for review. Defendants did not approve plaintiff's materials. The parties then sought the assistance of a third party to approve the materials. On April 15, 2016, the parties' mutually-selected reviewer, Jerry Bailey, approved plaintiff's revised version of the Level 1 Sequential Spelling Teacher Guide. After Mr. Bailey approved plaintiff's revised version, defendants continued to sell Level 1 of the Sequential Spelling Teacher Guides to non-individuals in the United States from April 2016 through August 2016. Defendants also sold Levels 2-7 of Sequential Spelling Teacher Guides and Student Response Books to non-individuals in the United States from February 2016 through April 2016.

Defendants have refused to pay plaintiff 50% of the gross profits from defendants' sale of the Level 1 Sequential Spelling Teacher Guides. Additionally, a third party, Instructional Media Innovations a/k/a JJH Publishing ("JJH Publishing"), co-owns the copyrights to derivative DVD-versions of the Sequential Spelling materials identified in the Settlement Agreement. JJH Publishing continues to sell the DVD-versions of the Sequential Spelling materials, and defendants, as co-owner of the copyright, continue to receive 50% of the sales. Defendants refuse to remit to plaintiff any of that money.

## ANALYSIS

Plaintiff moves for summary judgment on its claims of breach of contract and breach of implied covenant of good faith and fair dealing in the first amended complaint. To assert a claim

4

for breach of contract in Illinois, a plaintiff must show "(1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) the resultant damages." *Hongbo Han v. United Cont'l Holdings, Inc.*, 762 F.3d 598, 600 (7th Cir. 2014) (quoting *Reger Dev., L.L.C. v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010)). The implied covenant of good faith is "used as a construction aid to assist the Court in determining whether the manner in which one party exercised its discretion under the contract violated the reasonable expectations of the parties when they entered into the contract." *Wilson v. Career Educ. Corp.* 729 F.3d 665, 675 (7th Cir. 2013) (applying Illinois law); *see also Zeidler v. A & W Restaurants, Inc.*, 301 F.3d 572, 574-75 (7th Cir. 2002) (the covenant of good faith and fair dealing "is only an aid to interpretation, not a source of contractual duties or liability under Illinois law.") "'Good faith' is a compact reference to an implied undertaking not to take opportunistic advantage in a way that could not have been contemplated at the time of drafting, and which therefore was not resolved explicitly by the parties." *Kham & Nate's Shoes No. 2, Inc. v. First Bank of Whiting*, 908 F.2d 1351, 1357 (7th Cir. 1990).

The Court previously determined that the Settlement Agreement grants plaintiff an exclusive license in the U.S. and Canada to all of the Sequential Spelling materials (Sequential Spelling Teacher Guide Levels 1-7 and Student Response Book Levels 1-7) and their derivatives as well as a nonexclusive license worldwide. (Dkt. 84.) And the Court noted that paragraph 6 of the Settlement Agreement allows AVKO to sell some of the Sequential Spelling materials for a limited period of time. (*Id.*) Paragraph 6 provides:

> AVKO shall be permitted to sell all of its copyrighted materials on its website or other channels to the extent that it is to individuals and not distributors. *Until there is an approved version of Sequential Spelling 1(one) Teacher Guide, AVKO has the right to sell such material to its distributors and AVKO and Wave 3 will split the gross margins 50% and 50%.*

(*Id.*) The Settlement Agreement is signed and dated February 24, 2016.

Plaintiff now seeks summary judgment claiming that defendants breached the Settlement Agreement when they (1) sold the Sequential Spelling materials to non-individuals, (2) disparaged plaintiff to third parties, (3) refused to transfer royalties to plaintiff, and (4) abused the approval process. Defendants offer little in response to plaintiff's arguments. The Court will address each in turn.

*1. Selling the Sequential Spelling Materials to non-individuals*

Plaintiff says that defendants breached the Settlement Agreement when they sold Levels 2-7 of Sequential Spelling products to non-individuals after executing the Settlement Agreement. In support, plaintiff submits invoices showing that defendant AVKO sold Levels 2-7 of the Sequential Spelling materials to several non-individuals. (Dkt. 101-1.) Defendants do not dispute this argument or evidence and have not come forward with any evidence. Accordingly, based on this evidence and the facts before the Court, plaintiff's motion for summary judgment is granted to the extent that defendants sold Levels 2-7 of the Sequential Spelling products (Teacher Guides and Response Books) "to individuals and not distributors" in the United States and Canada after February 24, 2016.

Plaintiff also argues that defendants breached the Settlement Agreement when they sold certain Level 1 Sequential Spelling products to non-individuals after plaintiff's revised version of Level 1 of the Sequential Spelling Teacher Guide was approved. In support, plaintiff points to several emails showing that the parties' agreed upon reviewer, Mr. Bailey, approved plaintiff's revised version of the Level 1 Sequential Spelling Teacher Guide on April 15, 2016. (Dkt. 101-2.) Plaintiff also submits invoices showing that defendant AVKO sold Level 1 Sequential Spelling Teacher Guides to non-individuals after April 15, 2016. (Dkt. 101-3.) Defendants do

6

not dispute these arguments or evidence and has not offered any other evidence. Based on these facts and the evidence before the Court, Plaintiff's motion for summary judgment is granted to the extent that defendants sold Level 1 Sequential Spelling Teacher Guides "to individuals and not distributors" after April 15, 2016.

    *2. Disparagement*

 Plaintiff next says that defendants breached the Settlement Agreement by making false and disparaging statements about plaintiff and the president of Wave 3, Thomas Morrow. In support, plaintiff submits a printed copy of the History Section of AVKO's website, dated August 31, 2017. (Dkt. 101-5.) The printout shows several statements, purportedly written by Mr. McCabe, about Mr. Morrow. (*Id*.) In particular, Mr. McCabe says that Mr. Morrow has, among other things, lied in official court and government documents, engaged in trickery, ignored several court rulings, and manufactured certain documents. (*Id*.)

 This evidence, however, post-dates the operative complaint. While it might give rise to a new claim, plaintiff submits no evidence to support the claim upon which it sued. Plaintiff filed its first amended complaint on September 16, 2016. At that time, plaintiff alleged that defendants breached the non-disparagement clause of the Settlement Agreement through its communications with Inquisicorp. Inc. and other third parties. (Dkt. 35 ¶¶ 59, 98.) Generally, a plaintiff may only seek relief for events described in the complaint, not those that later arise. *Chicago Reg'l Council of Carpenters v. Vill. of Schaumburg*, 644 F.3d 353, 356 (7th Cir. 2011); *accord* Fed. R. Civ. P. 15(d) ("On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."). Plaintiff has not sought to

supplement or amend its complaint and has cited no other evidence. Accordingly, to the extent plaintiff's motion is based on the non-disparagement provision, it is denied.

*3. Royalties*

Plaintiff next complains that defendants breached the Settlement Agreement when they refused to remit royalties from their sale of the Level 1 Sequential Spelling Teacher Guide from the time-period of February 24, 2016 through April 15, 2016. Plaintiff points to the terms of the Settlement Agreement and submits the declaration of Thomas Morrow, who states that "[u]pon execution of the Settlement Agreement, Avko refused to pay any royalties on its sale of Level 1 Sequential Spelling Teacher Guides." (Dkt. 102 ¶ 10.) Defendants have failed to cite any evidence from which to conclude otherwise. Accordingly, based on these facts and the evidence before the Court, Plaintiff's motion for summary judgment is granted in this respect: defendants failed to remit any royalties from their sale of the Level 1 Sequential Spelling Teacher Guide from February 24, 2016 through April 15, 2016.

Plaintiff also complains that defendants breached the Settlement Agreement by retaining any royalties they received from sale of Levels 1-7 of the Sequential Spelling DVDs. Plaintiff says that, after it executed the Settlement Agreement with defendants, a third party, JJH Publishing, informed plaintiff that it co-owns the copyrights to DVD/CD versions of the Sequential Spelling material. Plaintiff says it then learned that defendants are collecting a 50% royalty of JJH Publishing's sale of derivative DVD/CD versions of the Sequential Spelling material. Plaintiff has submitted the affidavit of Mr. Morrow in support. (Dkt. 102 ¶¶ 11, 12.) Based on this, plaintiff contends that it should receive 50% of the DVD royalties that it believes defendants are collecting from JJH Publishing. Defendants have not challenged this evidence or offered any other evidence. Accordingly, plaintiff's motion for summary judgment is granted to

8

the extent that defendants have refused to remit any royalties they have received from JJH Publishing for the sale of Levels 1-7 of the Sequential Spelling DVDs.

*4. Abuse of the Approval Process*

Plaintiff next contends that defendants breached the Settlement Agreement when they unreasonably withheld approval of plaintiff's revised version of the Sequential Spelling material. Plaintiff says that defendants did so in order to coerce plaintiff to re-negotiate the Settlement Agreement and to extend the time-period for defendants to make 50%, rather than 6%, from the sale of the Level 1 Teacher Guides. In support, plaintiff submits a series of emails, including an email from Mr. McCabe to Mr. Morrow wherein Mr. McCabe says that "AVKO will NOT approve [plaintiff's] student workbooks" but "permission would almost certainly be granted, if [plaintiff] would simply agree to the slightest of changes in the agreement, that is, non-exclusive." (Dkt. 101-7, p. 3.) "'Good faith' is a compact reference to an implied undertaking not to take opportunistic advantage in a way that could not have been contemplated at the time of drafting, and which therefore was not resolved explicitly by the parties." *Kham & Nate's Shoes No. 2*, 908 F.2d at 1357. These emails support plaintiff's argument that defendants breached the Settlement Agreement and acted in bad faith by unreasonably withholding approval of plaintiff's revised version—that defendants said they would not approve the revised works but would if plaintiff re-negotiated the Settlement Agreement so that plaintiff had a non-exclusive license rather than an exclusive license. Defendants do not directly address this issue in their response and submit no other evidence. Based on this evidence, plaintiff's motion for summary judgment is granted to the extent that defendants abused the approval process in violation of the Settlement Agreement.

**CONCLUSION**

Based on the above, plaintiff's motion for partial summary judgment is granted in that defendants breached the Settlement Agreement when they (1) sold Levels 2-7 of the Sequential Spelling products (Teacher Guides and Response Books) "to individuals and not distributors" after February 24, 2016; (2) sold Level 1 Sequential Spelling Teacher Guides "to individuals and not distributors" after April 15, 2016; (3) failed to remit any royalties from their sale of the Level 1 Sequential Spelling Teacher Guide from February 24, 2016 through April 15, 2016; (4) refused to remit any royalties they have received from JJH Publishing for the sale of Levels 1-7 of the Sequential Spelling DVDs; and (5) unreasonably withheld authorization. The motion is otherwise denied. Status remains set at August 30, 2018 at 9:30 a.m. The parties shall be prepared to discuss the next steps in this case as well as the prove-up of damages and fees in accordance with this decision and paragraph 10.1 of the Settlement Agreement.

**SO ORDERED.**                                                      **ENTERED: August 29, 2018**

_____
**HON. JORGE ALONSO**
**United States District Judge**