UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| WAVE 3 LEARNING, INC., a Nevada corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 16-cv-5643 |
| AVKO EDUCATIONAL RESEARCH FOUNDATION, INC., a Michigan corporation, | ) ) ) ) | Hon. Jorge L. Alonso |
| Defendant. | ) | |

### MOTION FOR DEFENDANTS' FINANCIAL RECORDS

Plaintiff, by and through its undersigned counsel, hereby move the Court to compel Defendants to disclose their financial records due since 2015 in conjunction with Plaintiff's continued Motions to Show Cause. *See* ECF Nos. 125, 136. Specifically, Defendant Avko Research Foundation, Inc. ("Defendant Avko") and Defendant Don McCabe ("Defendant McCabe") committed fraudulent transfers of assets during the pendency of the above-captioned litigation and have misrepresented their income to the Court in order to evade the Court's Orders to pay Plaintiff's costs and attorneys' fees. Plaintiff moves to figure out where certain valuable assets (Plaintiff Avko Educational Research Foundation, Inc's copyrights) were fraudulently transferred and for what.

### ARGUMENT

1. The Court awarded Plaintiff its reasonable costs and attorneys' fees related to bringing Motions to Show Cause, for which Defendants McCabe and Avko were held in contempt.

2. Specifically, on December 19, 2017 and January 19, 2018, the Court issued Orders

mandating that Defendants (jointly and severally) pay costs and attorneys' fees to Plaintiff, in the amount of $9,752 and $3,580.50 respectfully.

3. Defendants have yet to comply with the Court's Orders.

4. Additionally, Defendants will be soon be ordered to pay Plaintiff's reasonable costs and attorneys' fees in accordance with the Parties' February 24, 2016 settlement agreement because Plaintiff prevailed on the merits (on summary judgment) on Counts I, II, IX, and X.

5. Defendants have not declared bankruptcy or have otherwise filed documents with the Court that establishes their inability to pay the Court-mandated costs and attorney's fees (and soon-to-be damages award).

6. Instead, during the course of the litigation, Defendants have filed documents with the Court showing that Defendant Avko transferred all of its copyrighted material (material that it stated was worth approximately $1 million) to Defendant McCabe (former President and still an officer of Defendant Avko) and Robert McCabe (another Officer of Defendant Avko).

7. Defendant McCabe represented that the transfers of copyrights from Defendant Avko to himself and his son paid back loans that he and his son allegedly at one point provided to Defendant Avko.

8. However, there is no evidence that Defendant McCabe or his son loaned Defendant Avko approximately $1 million—or any money whatsoever.

9. Additionally, there is no evidence that Defendants McCabe and his son had credit priority regarding Defendant Avko's assets.

10. Indeed, it is clear that Defendants have conspired together to engage in a series of

fraudulent transfers in order to represent to the Plaintiff that they own little assets and have little money or income so they will not have to pay the Court-mandated costs and attorneys' fees or damages award—and they won't have to sell the copyrighted works to an unwanted third party, such as Plaintiff.

**Procedural History of Motion**

11. On February 22, 2018, Plaintiff filed a Motion with the Court to bring to the Court's attention that Plaintiff has not complied with the Court's December 19, 2017 Order and the Court's January 19, 2018 Order.

12. On March 1, 2018, the Court held a hearing on Plaintiff's Motion and explicitly told Defendants that the Court's Orders are in effect and that Defendants must comply with the Court's Orders.

13. At the March 1, 2018 hearing, Defendants attempted to deflect or otherwise disavow their responsibility to comply with the Courts' Orders while blaming Plaintiff for not providing an offer of a payment plan—even though it is Defendants' responsibility to comply with Court Order and even though Plaintiff had provided such an offer months earlier.

14. Moreover, on March 1, 2018 (right after the scheduled hearing before the Court), Plaintiff's counsel emailed Defendants' counsel and offered yet another payment plan.

15. After several weeks, Defendants' counsel did not respond.

16. On March 20, 2018, Plaintiff filed another Motion for Rule to Show Cause because Defendants still had not paid a penny of the Court-Ordered costs and attorneys' fees or attempted to set up a reasonable and good-faith payment plan.

17. In response, Defendants' counsel moved to withdraw from the case.

18. On April 18, 2018, the Court granted Defendants' counsel motion for leave to withdraw from the case, recognizing ethical concerns. *See* ECF No. 122.

19. Defendants were thereafter given until June 12, 2018 to find new counsel. *See* ECF No. 127.

20. Four months later, Defendants have not found new counsel and have still not even begun to try to comply with the Court's Orders.

21. In anticipation of losing in litigation and having to pay Court-ordered costs and attorneys' fees, Defendants fraudulently transferred all of their valuable assets to third parties in exchange for what Defendants falsely describe as "loan repayments."

## CONCLUSION

Defendants are attempting to "outsmart" the Court by fraudulently transferred Defendants Avko's copyright assets to third parties so they can claim they do no have any income or assets and, therefore, cannot comply with the Court's Orders to pay costs and attorneys fees or damages. Relying on its supervisory authority, the Court should Order Defendants to turn over to Plaintiff all financial documents related to transfers of rights or property of any kind that has occurred over the last three years, as set forth in the proposed order attached to this Motion.

Respectfully Submitted,

/s/ Matthew R. Grothouse
Matthew R. Grothouse
Saper Law Offices, LLC
505 N. LaSalle, Suite 350
Chicago, IL 60654
Office: 312.527.4100
matt@saperlaw.com

*Attorneys for Plaintiff*

The undersigned hereby certifies that on October 1, 2018 the foregoing

**<u>PLAINTIFF'S MOTION FOR DEFENDANTS' FINANCIAL RECORDS</u>**

was filed with the Clerk of Court using the CM/ECF system and emailed to Don McCabe at donmccabe1@gmail.com and Robert McCabe at RobertM195@aol.com.

<u>/s/ Matthew R. Grothouse</u>
Matthew R. Grothouse
Saper Law Offices, LLC
505 N. LaSalle, Suite 350
Chicago, Illinois 60654
ds@saperlaw.com
(312) 527-4100

*Attorneys for Plaintiff.*

**PROPOSED ORDER TO DISLOSE FINANCIAL INFORMATION AND DOCUMENTS**

This matter having come before the Court upon Plaintiff's written and oral motions; due and proper notice of the motions having been provided; and, after due deliberation and sufficient cause appearing;

WHEREFORE, IT IS HEREBY ORDERED that Defendants Avko Educational Research Foundation, Inc., and its officers Don McCabe and Robert McCabe, produce the following information and documents by 5:00 p.m. September 10, 2018:

1. A list of assets (including physical goods, chattels, copyrights, trademarks, trade secrets, and real estate) that Avko Educational Research Foundation, Inc. transferred or received on or after January 1, 2015;

2. A list of assets (including physical goods, chattels, copyrights, trademarks, trade secrets, and real estate) that Don McCabe transferred or received on or after January 1, 2015 that pertain in any way to Avko Educational Research Foundation, Inc.;

3. A list of assets (including physical goods, chattels, real property, copyrights, trademarks, trade secrets, and real estate) that Robert McCabe has transferred or received since January 1, 2015 that pertain in any way to Avko Educational Research Foundation, Inc.;

4. A complete copy of all sales agreements, assignment, licenses, and loan documents made between Avko Educational Research Foundation, Inc. and any other party;

5. A complete copy of all sales agreements, assignment, licenses, and loan documents made between Don McCabe and any other party that in any way pertain to Avko Research Foundation, Inc., including the company's current or former assets;

6. A complete copy of all sales agreements, assignment, licenses, and loan documents made between Robert McCabe and any other party that in any way pertain to Avko Research Foundation, Inc., including the company's current or former assets;

7. All state and federal tax filings for Avko Educational Research Foundation, Inc. since 2014;

8. All state and federal tax filings for Don McCabe since January 2015.

          **ENTERED:** _____
                    **Judge Jorge L. Alonso**
                      **United States District Judge**

**Dated: October 9, 2018**
**Time: _____**